UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED

2004 APR -6  A 10: 40

PATRICIA WILSON-COKER ET AL, )
)
Plaintiffs, )
)
COMMUNITY VISITING NURSE AND HOME )
CARE AGENCY, INC., ET AL. )
)
v. ) Case No. 3:00CV1312 (CFD)
)
TOMMY G. THOMPSON, Secretary, United )
States Department of Health and Human Services, )
*et al.*, )
)

## JOINT STATUS REPORT

On February 4, 2004, the Court ordered the parties to file a joint status report on April 6, 2004, setting forth certain information requested in the Court's order. The parties jointly respond as follows:

A. **Nature of the Case**

1. The case began as a challenge by the State of Connecticut Department of Social Services ("DSS") and a class of dually-eligible (*i.e.*, Medicaid and Medicare-eligible) beneficiaries to the Westmoreland letter (the "Letter") issued by defendant the Centers for Medicare and Medicaid Services ("CMS"). DSS claimed the Letter limited the ability of states to recoup Medicaid payments made to home health care providers. DSS sought to have the Letter and the policy it claimed was contained in it rescinded.

   Plaintiff-Intervenors are home health-care providers that are subject to recoupments; they intervened to challenge recoupments of payments previously made by DSS to the Plaintiff-Intervenors. Plaintiff-Intervenors seek a declaration of their rights with respect to federal recoupment protocols as well as mandamus to compel CMS to process certain claims that gave rise to the DSS recoupments. Defendants contend that plaintiff-intervenors are not entitled to have the claims to which they refer processed because they were either not filed timely or not filed at

        all, and that defendants have also not been ordered to process any such claims. This dispute relates to ALJ decisions that the parties interpret differently.

    2.    No motions are currently pending. The Court previously denied defendants' and plaintiff-intervenors' motions for summary judgment "without prejudice to re-filing on a fuller administrative record in accordance with the Court's September 24, 2002, ruling on the motions to dismiss."

    3.    The parties anticipate that this case will be resolved on the papers and that no trial will be necessary.

B.    **Discovery**

    1.    No discovery has been conducted related to the plaintiff-intervenors' claims, nor do the parties anticipate that any discovery will be necessary to resolve those claims.

C.    **Settlement**

    1.    No settlement conference has been conducted between the plaintiff-intervenors and defendants, but the parties have been engaged in ongoing settlement discussions.

    2.    No.

    3.    The parties intend to continue ongoing settlement discussions and respectfully propose that the Court require that the parties file a joint status report on June 6, 2004, to update the Court on the parties' progress in resolving the case, or alternatively, schedule a telephone status conference in or about 60 days on a date to be set by the Court.

D.    **Trial Preparation**

    1.    Not applicable because the parties do not anticipate that a trial will be required.

    2.    Not applicable.

    3.    If the parties are unable to settle the dispute, they anticipate re-filing cross-motions for summary judgment.

    4.    Not applicable.

Respectfully submitted,

*/s/ for*

_____
CONNIE A. RAFFA
DAVID N. WYNN

ARENT FOX KINTER PLOTKIN &
KAHN, PLLC
1675 Broadway, 25th Floor
New York, New York 10019-5874

Attorneys for Plaintiff-Intervenors


PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
United States Attorney

PATRICK F. CARUSO
Assistant United States Attorney

SHEILA M. LIEBER
Deputy Branch Director

*/s/*

_____
SAMUEL C. KAPLAN
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., Suite 7302
Washington, DC 20001
(202) 514-4686

Attorneys for Defendants

OF COUNSEL:

DONALD H. ROMANO
Attorney, U.S. Department of Health
and Human Services

3