UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED
2004 AUG 30 A 11: 00
U.S. DISTRICT COURT
HARTFORD, CT

| | |
|---|---|
| PATRICIA WILSON-COKER ET AL, )<br>)<br>Plaintiffs, )<br>)<br>COMMUNITY VISITING NURSE AND HOME )<br>CARE AGENCY, INC., ET AL. )<br>)<br>v. )<br>)<br>TOMMY G. THOMPSON, Secretary, United )<br>States Department of Health and Human Services, )<br>*et al.*, )<br>)<br>_____) | Case No. 3:00CV1312 (CFD) |

## UNOPPOSED MOTION TO EXTEND TIME FOR PRODUCTION OF ADMINISTRATIVE RECORD

On August 13, 2004, the Court conducted a telephonic status conference with counsel for plaintiff-intervenor MedCenter Home Health Care and counsel for defendants. The parties informed the Court at the status conference that despite good faith negotiations, the parties were unable to reach agreement for settling the case, and that both parties wished to renew their previously submitted summary judgment motions. As a result, the Court determined that the parties should work in good faith to come to an agreement as to what documents should make up the administrative record that the parties will submit with their renewed summary judgment motions, and that the Court would then determine whether any additional documents were necessary. To accomplish this goal, the Court stated that defendants should produce the administrative record to plaintiff-intervenor by August 27, 2004, and scheduled a Telephonic Status Conference with the parties for September 10, 2004. The Court also subsequently issued a notice confirming the date of the teleconference.

With this motion, defendants are requesting that the Court allow defendant an additional two weeks to produce the administrative record to plaintiff-intervenor. Counsel for plaintiff-intervenor has advised counsel for defendants that plaintiff-intervenor does not oppose this motion. Such motion is made for good cause as set forth below.

Since the date of the status conference, defendants have worked diligently to locate and assemble the records of the various claims at issue, but were unable to do so by the date set by the Court. As an initial matter, it proved difficult to confirm the location of the records because most of the claims at issue are more than 10 years old. Defendants eventually determined that the documents relating to the various claims at issue are located at the records warehouse of Associated Hospital Service of Maine (AHS), the fiscal intermediary that originally processed the claims.

Once defendants determined the location of the records and the appropriate contact at AHS, AHS began to search for the records within its warehouse but has itself faced difficulties in locating the records within its system. When AHS receives the records from an administrative proceeding, its practice is to log in the records when they are received from the ALJ and then to send the records to the warehouse after six months if there is no additional action on the claim within that time. The records are stored by the date of the last action on the claim. Because the claims at issue are so old, and because the system regularly purges inactive records from the log, AHS has had difficulty in determining the date of the last action for the claims and therefore, has had difficulty determining the location of the records. AHS is now engaged in the process of estimating the likely last action dates and looking through all boxes for those dates. It hopes to have at least certain of the records by early next week. Because transportation of the records

from the warehouse to AHS takes time, AHS is erring on the side of requesting that boxes from a large date range be sent at the same time, rather than requesting certain dates and then requesting more if those boxes do not contain the relevant records.

It is possible that once some records are found, most if not all of them will be found at the same time because the ALJ decisions were all issued on either August 28, 1997 or September 5, 1997. Because it is not certain that this will be the case, however, and to ensure that there is sufficient time to find and transport the relevant records and provide them to plaintiff, defendant respectfully requests an additional two weeks to complete the task.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
United States Attorney

PATRICK CARUSO
Assistant United States Attorney
Federal Bar No. ct19105

SHEILA M. LIEBER
SAMUEL C. KAPLAN
U.S. Department of Justice, Civil Division
Federal Programs Branch, Room 7302
P.O. Box 883
Washington, DC 20044
(202) 514-4686 (phone)
(202) 616-8202 (fax)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2004, I caused the foregoing Unopposed Motion to Extend Time for Production of Administrative Record to be served by first-class mail, postage prepaid on:

Connie A. Raffa
David N. Wynn
ARENT FOX KINTER PLOTKIN & KAHN, PLLC
1675 Broadway, 25th Floor
New York, New York 10019-5874

Attorneys for Plaintiff-Intervenor

_____
Samuel C. Kaplan