# ATTACHMENT 1

# Program Memorandum Intermediaries

Department of Health and
Human Services (DHHS)
HEALTH CARE FINANCING
ADMINISTRATION (HCFA)

Transmittal A-99-52                                      Date: DECEMBER 1999

CHANGE REQUEST 1072

THIS INSTRUCTION APPLIES TO REGIONAL HOME HEALTH INTERMEDIARIES (RHHIs) ONLY.

SUBJECT: Home Health Agency Instructions for the Provision of Advance Beneficiary Notices and for Mandatory Claims Submission (Demand Bills)

Attached to this program memorandum (PM) are instructions regarding (1) the notices that HHAs must provide to home health beneficiaries in advance of furnishing what HHAs believe to be noncovered care or of reducing or terminating ongoing care, and (2) the process required for submitting demand bills.

Publish the attached instructions, verbatim, in a provider bulletin to home health agencies no later than December 15, 1999. HHA providers must be in compliance with these requirements no later than February 14, 2000. A second PM, which will also include your related instructions, is scheduled to be issued during the week of December 13, 1999.

Attachment

*The effective date of this PM December 8, 1999.*

*The implementation date of this PM is December 15, 1999.*

This PM may be discarded December 8, 2000.

These instructions should be implemented within your current operating budget.

Questions related to this request should be addressed to Mary K. Loane at MLoane@hcfa.gov, telephone number (410) 786-1405.

HCFA-Pub. 60A

## Part I - Home Health Agency Instructions for the Provision of Advance Beneficiary Notices and for Mandatory Claims Submission (Demand Bills)

You are responsible for providing proper Advance Beneficiary Notices (ABNs) and for submitting demand bills to Regional Home Health Intermediaries (RHHIs) when requested to do so by a beneficiary or by a person acting on the beneficiary's behalf. Section 1 of these instructions addresses your responsibility for providing notices to home health beneficiaries prior to furnishing care, or to reducing or terminating ongoing care, that you expect Medicare will not pay for. Section 1 also discusses the model notices, set forth in exhibits 2 to 4, which may provide you a safe harbor, if properly completed and delivered, in the event of enforcement action. Section 2 of these instructions addresses your responsibility to submit demand bills. Section 3 of these instructions addresses the consequences of noncompliance with these instructions. Section 4 of these instructions addresses your responsibility for providing notices to home health beneficiaries prior to reducing or terminating ongoing care in accordance with a physician's order. These instructions apply to beneficiaries covered under Part A & B,

but are not applicable to Part C managed care enrollees.

§I-1 Basic Requirements for ABNs. An ABN is a written notice you give to a Medicare beneficiary before home health care is furnished when you believe that Medicare will not pay for some or all of the home health care a physician ordered for the beneficiary. You must give a Medicare beneficiary an ABN before reducing or terminating home health care the beneficiary already is receiving if the physician's order for such care would still continue the care, but you expect payment for the home health services to be denied by Medicare. If you expect payment for the home health services to be denied by Medicare, advise the beneficiary, orally and in writing, before home health care is initiated or continued that, in your opinion, the beneficiary will be fully and personally responsible for payment. To be "fully and personally responsible for payment" means that the beneficiary will be liable to make payment "out-of-pocket," through other insurance coverage (e.g., employer group health plan coverage), or through Medicaid or other federal or non-federal payment source. You must provide ABNs according to these instructions in every case where a reduction or termination of services is to occur, or where services are to be denied before being initiated, if there is a physician's order for such care. (For situations in which a physician concurs in the reduction, termination, or denial of services, see §I-4.) You must issue notices each time, and as soon as, you make the assessment that you believe Medicare payment will not be made. If you fail to provide a proper ABN in situations where a physician has ordered the care, you may be held liable under the provisions on Limitation on Liability (LOL) (see § I-3), where such provisions apply. You may also be sanctioned for violating the conditions of participation regarding beneficiary rights.

 A. Form of ABNs.--You may replicate an ABN from a model or you may design your own ABN.

  i. Local Production of ABNs. -- If you design your own ABN, you must ensure that the design and readability of your ABN facilitate beneficiary understanding. No body text or heading should use a font size less than 12 point font. Italics or any typeface that is difficult to read should not be used. The beneficiary's options, including the option to continue to receive care and request that you submit a demand bill, should be clearly apparent. It must be clear and obvious to the beneficiary that you, rather than the Medicare program, issued the ABN.

  ii. Recommended Use of Model Notices (HHABNs).-- Exhibits 2, 3 and 4 (Forms No. HCFA-R-296-T, -I & -R, OMB Approval No. 0938-0781) to this PM are recommended model notices (HHABNs) designed to ensure that beneficiaries receive in writing, in a timely fashion, notice about changes to their home health care, the fact that they may have to pay for care themselves if Medicare does not pay, the process they must follow in order to obtain an initial determination by Medicare and, if payment is denied, that they have the right to file an appeal, and the fact that they waive those rights if they refuse to allow their medical information to be sent to Medicare. You may, but are not required to, use the model HHABNs. Use of the model HHABNs is recommended pending publication of a uniform notice, which may differ in substance and form from the model HHABNs, after approval pursuant to the Paperwork Reduction Act. Although the use of the model HHABNs is not mandatory, it may provide you with a "safe harbor" in the event of an enforcement action regarding the quality and completeness of your ABNs.

   a. Local Production of HHABNs.--If you choose to use the model HHABNs (Exhibits 2, 3, & 4), they may be photocopied or replicated, in which case you should ensure that the replicated HHABN meets the direction for local production set forth in §I-1-A-i above.

   b. Completion of Model HHABNs (Exhibits 2-4).--Model Notice Exhibit 1 is for instructional purposes only and includes guidance on the notice form. Model HHABNs, Exhibits 2-4, serve as notice to the beneficiary that you believe that home health services, which have been ordered by a physician, are not covered in different situations. Specific instructions for completing the model HHABNs are set forth in the Appendix to this PM.

3/23/2002 9:03 PM

B. <u>Delivery of ABN</u>.--Delivery of an ABN occurs when the beneficiary (or authorized representative, viz., the person acting on the beneficiary's behalf) both has received the notice and can comprehend its contents. All notices must be written in lay language with a detailed explanation as to why services either are no longer medically necessary, or why you believe the services will otherwise be noncovered. Notices must be in a readable format and meet HCFA's standards for cultural competency. An incomprehensible notice, or a notice which the individual beneficiary or his or her authorized representative is incapable of understanding due to the particular circumstances (even if others may understand), is not sufficient notice. Notices also must convey that the beneficiary has the right to seek an official Medicare determination regarding the proposed discontinuation of Medicare covered services, and must specify the date that services will discontinue.

    i. You should hand-deliver the ABN to the beneficiary or authorized representative. Delivery is your responsibility and non-receipt of notice probably will protect the beneficiary from liability and may result in your being held liable under the LOL provisions. For this reason, it is in your own best interest (as well as being in the beneficiary's best interest) for you to hand-deliver ABNs to beneficiaries.

    ii. A telephone notice to a beneficiary, or authorized representative, will not constitute sufficient evidence of proper notice for purposes of limiting any potential liability because the content of the telephone contact usually cannot be verified. A telephone notice must be followed up immediately with a mailed notice or a personal visit at which written notice is delivered in person. Giving notice timely means that your assessment regarding Medicare coverage that requires beneficiary notification should be communicated to the beneficiary immediately. In practice, you are expected to notify beneficiaries no later than the end of the business day following the day on which you made an assessment. You must be able to justify any longer delay in notification.

    iii. A requirement for delivery of a notice is that the beneficiary, or authorized representative, must be able to comprehend the notice (viz., they must be capable of receiving notice). A comatose person, a confused person (for example, someone who is experiencing confusion due to senility, dementia, Alzheimer's disease, etc.), a legally incompetent person, a person under great duress (for example, in a medical emergency) is not able to understand and act on his or her rights, therefore necessitating the presence of an authorized representative for purposes of notice. A person who does not read the language in which the notice is written, a person who is not able to read at all or who is functionally illiterate to read any notice, a blind person or otherwise visually impaired person who cannot see the words on the printed page, or a deaf person who cannot hear an oral notice being given by phone, or could not ask questions about the printed word without aid of a translator, is a person for whom receipt of the usual written notice in English may not constitute having received notice at all (*this is not an exclusive list*). This may be remedied when an authorized representative has no such barrier to receiving notice. However, in the absence of an authorized representative, other steps must be taken to overcome the difficulty of notification. These may include providing notice in the language of the beneficiary (or authorized representative), in Braille, in extra large print, or by getting an interpreter to translate the notice, in accordance with the needs of the beneficiary or authorized representative to act in an informed manner. If the beneficiary is not capable of receiving the notice, then the beneficiary has not received proper notice and cannot be held liable where the LOL provisions apply and you may be held liable. Failure to provide a comprehensible notice is also a violation of the conditions of participation and may result in enforcement action.

    iv. You also must timely answer inquiries from a beneficiary, or authorized representative, who requests further information and/or assistance in understanding and responding to the notice. You must answer inquiries from a beneficiary, or authorized representative, regarding the basis for your assessment that services may not be covered and, if requested

by the beneficiary, or authorized representative, you must provide the beneficiary, or authorized representative, access to medical record information or other documents upon which you base your assessment, to the extent permissible or required under applicable State law. Where State law prohibits such direct disclosure, you must advise a beneficiary, or authorized representative, who has requested access to such information how to obtain that information from the RHHI once a demand bill has been submitted. You must respond timely, accurately, and completely to a beneficiary, or authorized representative, who requests information about the extent of the beneficiary's personal financial liability for home health care for which you expect that Medicare may not, or may no longer, pay. If a beneficiary, or authorized representative, or a physician, provides additional evidence with respect to Medicare coverage of the subject home health services, you must timely submit that additional evidence to the RHHI.

C. <u>Signature of Beneficiary</u>.--

i. The generally applicable rules of the Medicare program with respect to who may sign for a beneficiary apply to signing notices, including ABNs. Whenever you furnish services to a beneficiary who is incapable of signing a notice, his or her representative who signs for other matters in accordance with Medicare rules also may sign a notice.

ii. You must obtain the signed ABN from the beneficiary, either in person, or where this is not possible, via return mail from the beneficiary or person acting on the beneficiary's behalf, as soon as possible after it is signed. The ABN should be annotated with the date of your receipt from the beneficiary. Return a copy of the ABN, including the date of your receipt, within 30 calendar days to the beneficiary for his or her records. You must also retain a copy of the ABN. These copies will be relevant in the case of any future appeal.

iii. If the beneficiary or the person acting on the beneficiary's behalf refuses to sign the ABN, annotate your copy of the ABN, indicating the circumstances and persons involved. If this occurs, you may decide not to furnish services to the beneficiary because the beneficiary has not agreed to be fully and personally responsible for payment for services that are not covered by Medicare.

D. <u>Effect of ABN on Beneficiary</u>.--Under the statutory provision on LOL, a beneficiary who has received a proper ABN and who has agreed to pay for the specified services will be fully and personally responsible for payment to you for those services in the case that Medicare denies payment for them. To be "fully and personally responsible for payment" means that the beneficiary will be liable to make payment "out-of-pocket," through other insurance coverage (e.g., employer group health plan coverage), or through Medicaid or other federal or non-federal payment sources. A beneficiary who does not receive an ABN, or who receives a defective ABN (i.e., one which does not meet the requirements of these instructions), generally may not be held liable when the LOL provisions apply. You may use a proper ABN to meet the requirements of the HHA Manual § 266, Establishing When Beneficiary is on Notice of Noncoverage.

§I-2. <u>Basic Requirements for Mandatory Claims Submission (Demand Bills)</u>.--

A. <u>Claim Submission</u>.--When a beneficiary agrees to be fully and personally responsible for payment for the services if Medicare does not pay and has requested that a claim be submitted to Medicare, the beneficiary's "demand" for submission of a claim and for an initial determination has been made; no further demand is required of the beneficiary. Any time a beneficiary receives home health care services for which you expect Medicare will deny payment, and agrees to be fully and personally responsible for payment if Medicare does not pay, and requests that a claim be submitted to Medicare, you must promptly* submit a claim to the RHHI and report, on the claim submitted, condition code 20** (demand-beneficiary requested billing) to indicate the beneficiary believes the services are covered. You must give the beneficiary, or person acting on the beneficiary's behalf, a copy of the claim or a written statement that you have submitted it and the date on which it was submitted. You must timely furnish any additional evidence the RHHI

http://...ia.gov/pub/on...'s transmit A99>260.ntm

requires and you must gi... ...e beneficiary a reasonable amount o. ...e to provide additional documentation for the adjudication of the claim, which you must forward, with the RHHI-requested information and proper identifying information, to the RHHI. However, all documentation must be received by the RHHI within 35 days of the date of the additional documentation request (ADR).

[*Note: The requirement in §I-2.A. to "promptly" submit a demand bill is that you must submit a demand bill in accordance with your normal billing cycle and not delay longer.]

[**Note: Although previously stipulated in PM A-99-38, your additional use of occurrence code 22 and occurrence dates on such demand bills will not be required and should not be used.]

B. Beneficiary Billing & Refunds.--You may bill the beneficiary or other third-party payers for charges for services you believe are not covered by Medicare and for which you have submitted a demand bill, pending Medicare's decision, if that is permissible under applicable State law. Should the RHHI decide that the services are covered, you will be required to refund any amounts which were collected from the beneficiary or from third-party payers (public or private) that paid on the beneficiary's behalf.

C. Medical Review of Demand Bills.- All demand bills (100%) you submit involving medical issues shall be subject to complex medical review by RHHIs. Your RHHI will inform you of the requirements relevant to complex medical review.

D. Payment Action on Demand Bill.--When your RHHI receives a demand bill, that claim will receive an initial determination with respect to coverage and, if the services are in fact denied payment, a determination under LOL when such provision applies. In such a denial case, the RHHI will advise you and the beneficiary of its decision.

§I-3. Consequences of Noncompliance.--If you fail to comply with these instructions, you may risk financial liability and/or sanctions. Limitation on Liability shall apply as required by law, regulations, rulings and program instructions thereunder. Sanctions under the Conditions of Participation (COPs) may be imposed for violations.

A. Limitation on Liability.--Failure to provide notice, or provision of a defective notice, to a beneficiary in a particular case, to which the Limitation on Liability provision (§1879 of the Act) applies,* may cause you to be held liable under the LOL provision, unless you can demonstrate that you did not know, and could not reasonably have been expected to know, or there is clear and obvious evidence that the beneficiary knew, that Medicare would not make payment. If you advise a beneficiary that, in your view, Medicare probably will not pay, but you do so in a defective manner such that the beneficiary cannot fully exercise his or her rights and protections (e.g., when you did not execute and deliver a notice properly), that constitutes prima facie evidence that you knew that Medicare would not make payment and will not be sufficient to shift liability to the beneficiary. When you are held liable under the LOL provision, you cannot collect from either the Medicare program or the beneficiary.

[*NOTE: The Limitation on Liability provision applies whenever Medicare payment is denied on any one of the following statutory bases: not medically necessary and reasonable (under §1862(a)(1) of the Act); custodial care exclusion (under §1862(a)(9) of the Act); and failure to meet the HHA services homebound and intermittent care requirements (under §1879(g)(1) of the Act). Other applicable statutory bases for denial (e.g., for hospice care) are not relevant to these instructions.]

B. Failure to Promptly Submit Demand Bills.--When a beneficiary requests that a claim be submitted to Medicare, you must promptly* submit such a demand bill to Medicare. If you fail to do so, you will be prohibited from charging the beneficiary or other third-party payers that might otherwise make payment on behalf of the beneficiary. You must submit a demand bill in response to a beneficiary's request because this is a prerequisite for an initial determination by Medicare on

that claim, from which the beneficiary's appeal rights under §1869 of the Act arise.

[*NOTE: The requirement in §I-3.B. to "promptly" submit a demand bill is that you must submit a demand bill in accordance with your normal billing cycle and not delay longer.]

C. Sanctions under the Conditions of Participation. -- Sanctions under the Conditions of Participation may be imposed for violations.

§I-4. Requirements for Notice When Home Health Care Is Not Ordered By a Physician.--Medicare never pays for home health care that is not ordered by a physician. The instructions in this §I-4 apply to situations where care is reduced or terminated in accordance with a physician's order; that is, where the services at issue are not ordered by a physician or where the physician agrees with your assessment that the services are not necessary. The provisions on Limitation on Liability (addressed in § I-3 of these instructions) do not apply in these situations, but certain beneficiary protections under the Conditions of Participation do apply.

A. Regulatory Requirements.--

i. Under 42 CFR §484.10(c) Condition of participation: Patient rights; Standard: Right to be informed and to participate in planning care and treatment: the patient has the right to be informed, in advance, about the care to be furnished, and of any changes in the care to be furnished.

ii. Under 42 CFR §484.10(e) Condition of participation: Patient rights; Standard: Patient liability for payment: (1) the patient has the right to be advised, orally and in writing, before care is initiated, of the extent to which payment may be expected from Medicare or other sources, and of the extent to which payment may be required from the patient; and (2) the patient has the right to be advised, orally and in writing, of any changes in the information provided pursuant to subsection (1).

B. Standards.--These instructions make no changes in these requirements. In order to fulfill the requirements of 42 C.F.R. §484.10(c) and (e), you must give a notice to the beneficiary before care is initiated; and the notice must be in writing and also be orally explained to the beneficiary, and must specify the care to be furnished or any changes in the care to be furnished, as may be applicable, and the extent of the beneficiary's financial liability if he or she receives the proposed home health care. If you do not notify beneficiaries, or are not timely with such notices, or give defective notices, you may be found to be in violation of the COPs.

## APPENDIX

Completing and Providing Model Home Health Advance Beneficiary Notices (HHABNs) (Exhibits 2-4), and Effectuating Beneficiary Choices

A. Completing and Providing Model Home Health Advance Beneficiary Notices (HHABNs).--Model Notice Exhibit 1 is for instructional purposes only and includes guidance on the notice form. Model HHABNs, Exhibits 2-4, serve as notice to the beneficiary that you believe that home health services, which have been ordered by a physician, are not covered in different situations. HHABN-T, Termination, is used when all home health services will be terminated because you expect that Medicare will not pay. HHABN-I, Initiation, is used when you expect that Medicare will not pay, even before services have been initiated. HHABN-R, Reduction, is used when ongoing home health services will be reduced (e.g., reduced in number, frequency, or for a particular subset of services, or otherwise) because you expect that Medicare will not pay. These HHABNs should not be used in situations where a physician has not ordered care, or has changed or ended the care plan. For any particular HHABN, you should make an original and two copies. (If your RHHI requires a copy, make one more.) Give the original to the beneficiary (or the person