IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| PATRICIA WILSON-COKER,<br>Commissioner of Social Services, *et al.*,<br><br>   Plaintiffs,<br><br>COMMUNITY VISITING NURSE AND HOME<br>CARE AGENCY, INC; MED-CENTER HOME<br>HEALTH CARE, INC; PRIORITY CARE, INC;<br>STAFF BUILDERS HOME HEALTH CARE,<br>INC., and OTHER SIMILARLY SITUATED<br>HOME HEALTH AGENCIES,<br><br>   Plaintiff-Intervenors,<br><br>  v.<br><br>TOMMY G. THOMPSON, Secretary, United<br>States Department of Health and Human Services,<br><u>et al.</u>,<br><br>   Defendants, and<br><br>ASSOCIATED HOSPITAL SERVICE; and<br>UNITED GOVERNMENT SERVICES, INC.,<br><br>   Additional Defendants. | Civil Action No. 3:00CV1312 (CFD)<br><br><br><br>December 22, 2004 |

**DEFENDANTS' LOCAL RULE 56(c)**
**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

  Pursuant to Local Rule of Civil Procedure 56(c), defendants submit this Statement of Material Facts Not In Dispute in support of their Motion For Summary Judgment on Plaintiff-Intervenors' Amended Complaint.

  1. Plaintiff-intervenors initially were four home health agencies (HHAs) in the State of Connecticut: (1) Community Visit Nurse and Home Care, Inc. (Community); (2) Med-Center Home Health Care, Inc. (Med-Center); (3) Priority Care, Inc. (Priority Care); and (4) Staff Builders Home Health Care, Inc. (Staff Builders). Amended Intervenor Complaint ("Intervenor Compl.") ¶¶ 10-13. Counsel for plaintiff-intervenors informed counsel for defendants and the Court in a telephonic status conference, however, that only Med-Center continues to pursue its

claims in this litigation. Counsel for plaintiff-intervenors has confirmed in subsequent conversations with counsel for defendants that Med-Center is the only remaining plaintiff-intervenor seeking relief from the Court.

2. Plaintiff-intervenor alleges that Middlesex Hospital Home Care is a "similarly situated home health agency." Intervenor Compl. ¶ 4. Middlesex Hospital Home Care is not one of the named plaintiff-intervenors in this action. Middlesex's claims are not before the Court.

3. Plaintiff-intervenor is or was a "provider of services" as defined under the Medicare statute at 42 U.S.C. § 1395x(u), and have or had agreements under 42 U.S.C. § 1395cc to participate in the Medicare program. Intervenor Compl. ¶ 11. At the time plaintiff-intervenor instituted this action, Med-Center had gone out of business. Id.

4. The State of Connecticut (the "State") has chosen to participate in the Medicaid program, and the single state agency responsible for administering the State's Medicaid program is the Department of Social Services (DSS). Intervenor Compl. ¶ 86.

5. The State makes Medicaid payments to home health agencies (HHAs) for home health services provided to dually-eligible beneficiaries (those beneficiaries entitled to both Medicare and Medicaid). Intervenor Compl. ¶ 85.

6. The Center for Medicare Advocacy (CMA), which represented the class plaintiffs in this case, is a paid contractor of the State. Connecticut DSS works in conjunction with CMA to have home health providers submit claims to Medicare for services provided to individuals eligible for both Medicare and Medicaid ("dual eligibles") that previously were paid for by Connecticut DSS. This is known as a Medicare Maximization or Third Party Liability (TPL) project. Intervenor Compl. ¶ 86.

7. Plaintiff-intervenor alleges that it was first contacted by Connecticut about the TPL project in November of 1993. Intervenor Compl. ¶ 91.

8. From 1993 to the present, the TPL process in the State of Connecticut worked as follows: Connecticut (or CMA, acting as Connecticut's agent) notified HHAs servicing dually-eligible Connecticut beneficiaries that it had identified claims for which Connecticut had made Medicaid payment and for which it desired the HHAs to submit the claims to Medicare fiscal intermediaries, Associated Hospital Service of Maine (AHSM) and United Government Services (UGS), for a determination as to whether Medicare was liable for payment. Intervenor Compl. ¶ 92. Connecticut (or CMA) then filed a Notice of Intent to File Claims (a Statement of Intent), pursuant to 42 C.F.R. § 424.45, with the fiscal intermediaries, indicating the dates of service and other information. Intervenor Compl. ¶ 93. HHAs, including plaintiff-intervenors, then would receive requests from the fiscal intermediaries to submit claims and medical review information within six months of the date of request. Id. ¶ 94.

9. Plaintiff-intervenor alleges that in March of 1996, it was asked to submit information on claims dating back to fiscal year 1988 because Connecticut had won a court decision permitting the single state agency to be the "subrogee of . . . dually eligible beneficiaries." Intervenor Compl. ¶ 96. CMS originally had taken the position that states could not file Statements of Intent, and thus when Connecticut attempted to do so, the intermediary refused to treat the filings as such. Connecticut sued and established that it could request providers to file claims without the necessity of a beneficiary's signature on the claims. See State of Conn. Dept. of Income Maintenance v. Shalala, No. 2:91CV546 (AHN) (D Conn., Recommended Ruling, June 24, 1994, approved Aug. 25, 1994). Because of the ruling that Connecticut had the right to file the Statements of Intent, the intermediary accepted the Statements of Intent and notified plaintiff-intervenor of the need to file claims.

10. Claims for Medicare payment must be filed in a timely manner with the appropriate fiscal intermediary. 42 C.F.R. §§ 424.32, 424.44.

11. Plaintiff-intervenor alleges that it submitted the information requested by the fiscal intermediaries within the six month time frame for most of the claims requested by the TPL project for dates of service covering October 1, 1988, to September 30, 1997. Intervenor Compl. ¶ 97 (emphasis added).

12. For the time period in question, if a provider failed to file a claim within the regulatory time limits, the provider received a "Time Limit Reject" Notice from fiscal intermediary AHSM. See Time Limit Reject, Intervenor Complaint (Attachment 7) at 3; Sample of Time Limit Reject Notices ("Time Limit Reject Notices"), Administrative Record ("A.R."), HHS 0035, 0041, 0048, 0051, 0054. This Notice informed the providers that no claim was received within six months of the intermediary's request for a claim, and rejected the case, based on 42 C.F.R. § 424.45(c). In addition, this Notice informed the provider that the beneficiary could not be charged for any related service for which no timely claim was submitted. See id. and 42 C.F.R. § 489.21(b)(2).

13. Plaintiff-intervenor received "Time Limit Reject" Notices from the fiscal intermediary for those services for which claims were not submitted within the six month time frame. Intervenor Compl. ¶ 98; Time Limit Reject Notices, A.R., HHS 0035, 0041, 0048, 0052, 0058; Intervenor Compl. (Attachment 7) at 3. The intermediary sent the Time Limit Reject Notices to plaintiff-intervenor Med-Center because the claims for services had not been filed timely. See Time Limit Reject (Attachment 7 to Intervenor Complaint); Time Limit Reject Notices, A.R., HHS 0035, 0041, 0048, 0052, 0058; Intervenor Compl. ¶ 98. The record further demonstrates that plaintiff-intervenor never filed these claims at all. See Letter from Sandra A. Trionfini to Hon. Bruce H. Zwecker, July 7, 1997, A.R. HHS 0007; Letter from Paul D. Duplinsky to Bruce H. Zwecker, September 26, 1997, A.R., HHS 0016-17.

14. Plaintiff-intervenor attempted to pursue administrative review of the Time Limit Reject Notices. Intervenor Compl. ¶ 100. Plaintiff-intervenor did not obtain a reconsideration

determination from an intermediary, which is a prerequisite to obtaining an administrative law judge (ALJ) hearing under 42 C.F.R. § 405.720.  See Sample of Orders of Dismissal and Remand ("ALJ Orders"), HHS 0063, HHS 0069, HHS 0075, HHS 0081, HHS 0087; August 28, 1997 Notice of Dismissal and Remand, Intervenor Compl. (Attachment 8) at 1.

15. Plaintiff-intervenor Med-Center contacted the Office of Hearings and Appeals of the Social Security Administration and requested ALJ appeals of the Time Limit Reject notices. Intervenor Compl. ¶ 101; Intervenor Compl., Attachment 7; Sample of Requests for Hearing, A.R. HHS 0033, 0039, 0045, 0052, 0058.

16. In response to plaintiff-intervenor's requests for hearings, ALJ Bruce H. Zwecker issued multiple orders, a representative sample of which is set forth as Attachment 8 to the Intervenor Complaint and in the decisions submitted with the joint administrative record at HHS 0061-0090.

17. ALJ Zwecker dismissed plaintiff-intervenor's appeals for lack of jurisdiction.  See ALJ Orders, HHS 0063, 0069, 0075, 0081, 0087; August 28, 1997 Notice of Dismissal and Remand, Interv. Compl. (Attachment 8) at 1.

18. The first line of the ALJ Orders states that "[e]nclosed is an order of the Administrative Law Judge dismissing your Request for Hearing." ALJ Orders, HHS 0061, 0067, 0073, 0079, 0085. ALJ Zwecker found that "[t]here has not been a reconsideration determination on this claim" and "[t]herefore the appellant does not have a right to a hearing." Id. at 0063, 0069, 0075, 0081, 0087. ALJ Zwecker also stated, "Therefore, the appellant's request for a hearing is dismissed." Id. ALJ Zwecker further stated, "In summary, the appellant's request for hearing is dismissed." Id. at 0066, 0078, 0084, 0090.  See also Interv. Compl. (Attachment 8) at 1, 3, and 6.

19. Regulation 42 C.F.R. 405.701(c) states that "[s]ubparts J and R of 20 C.F.R., part 404 . . . are also applicable to matters arising under paragraph (a) of this section, except to the extent that specific provisions are contained in this subpart.  The regulations at 20 C.F.R., part 404, subpart J, make a clear distinction between a hearing decision and the dismissal of a hearing request." Compare 20 C.F.R. §§ 404.953, 404.955 (hearing decision) with 20 C.F.R. §§ 404.957 - 404.960 (hearing dismissal).  The court in Cleaton v. Bowen, 632 F. Supp. 291, 293 n.4 (E.D. Va. 1986), stated that the regulations at 20 C.F.R., part 404, subpart J, make a "clear distinction between the dismissal of a hearing request . . . and a [hearing] decision."

20. The Supreme Court held in Califano v. Sanders, 430 U.S. 99, 108 (1977), that, absent a constitutional claim, a court does not have jurisdiction to review a dismissal of a hearing request.  The court in Himes v. Secretary of HHS, 983 F.2d 67, 70 (6th Cir. 1993), stated that there have been a "plethora" of cases that have recognized that a dismissal of a hearing request is not reviewable by a court.

21. Pursuant to 42 C.F.R. § 405.724 and 20 C.F.R. § 404.967, plaintiff-intervenor Med-Center could have appealed to the Secretary's Departmental Appeals Board any of the ALJ's Order[s] of Dismissal and Remand that it received. The Notice of Dismissal attached to the Intervenor Complaint states that if plaintiff-intervenor "wish[ed] to appeal the dismissal," it could do so. Intervenor Compl. (Attachment 8) at 1; ALJ Orders at HHS 0061, 0067, 0073, 0079, 0085. Plaintiff-intervenor does not allege that it appealed any of the ALJ's Orders of Dismissal and Remand, and the Complaint indicates that it did not file any such appeal. Intervenor Compl. ¶ 103.

22. A timely filed claim is a prerequisite for obtaining an initial determination as to whether services rendered are covered by Medicare. 42 C.F.R. §§ 405.702, 424.32(a). A notice of a coverage determination must be sent to the beneficiary and to the provider and must indicate whether the item or service was covered, and if covered, the amount paid for each item or service. 42 C.F.R. § 405.702. Plaintiff-intervenor does not allege that an intermediary made any initial determination as to whether the items or services that were the subject of the Time Limit Reject Notices were covered by Medicare, and does not allege that it received notice of any such initial determination.

23. After finding that he lacked jurisdiction, ALJ Zwecker stated in dicta that "[i]t was the last sentence of" the Time Reject Notice "that prompted the appellant to try to appeal the 'Time Limit Reject.'" ALJ Orders, HHS 0064, 0070, 0076, 0082, 0088; Intervenor Compl. (Attachment 8) at 4. That sentence stated that the "beneficiary may not be charged for any related services." Id. ALJ Zwecker found that the Time Limit Reject notice "did not state its reason for finding that the beneficiary could not be charged for the services at issue," and further found that the "determination that the provider could not charge the beneficiary for the services at issue" was an initial determination. Id. at 0065, 0071, 0077, 0083, 0089; Intervenor Compl. (Attachment 8) at 5. Because he determined it was an initial determination, ALJ Zwecker concluded that Med-Center had the right to a reconsideration of the determination. Id.

24. Judge Zwecker found that there was good cause for plaintiff-intervenor's failure to file a request for reconsideration within the 60-day period. Id. at 0065-66, 0071-72, 0077-78, 0083-84, 0089-90; Intervenor Compl. (Attachment 8) at 5-6. After dismissing Med-Center's request for a hearing, ALJ Zwecker stated, "The matter is remanded to the intermediary, which shall treat the request for hearing as a request for reconsideration, with good cause existing for its untimely filing." Id. at 0066, 0078, 0084, 0090; Intervenor Compl. (Attachment 8) at 6.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
United States Attorney

|  |  |
|---|---|
|  | PATRICK F. CARUSO<br>Assistant United States Attorney |
|  | CAROLYN A. IKARI<br>Assistant United States Attorney |
| Of Counsel<br>DONALD H. ROMANO<br>Attorney<br>Office of the General Counsel<br>Department of Health<br>and Human Services | SHEILA M. LIEBER<br>Deputy Branch Director<br><br>_____<br>SAMUEL C. KAPLAN<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch,<br>P.O. Box 883<br>Washington, DC  20044<br>(202) 514-4686 (phone)<br>(202) 616-8202 (fax)<br>Federal Bar No. CT26054<br><br>Attorneys for Defendants |

Dated: December 22, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2004, copies of the foregoing Defendants' Motion for Summary Judgment on Plaintiff-Intervenor's Amended Complaint, Memorandum of Law in Support of Defendants' Motion for Summary Judgment, and Defendants' Local Rule 9(c)(1) Statement of Material Facts Not in Dispute were served, by Federal Express, addressed to the following:

>David Wynn
>Arent Fox
>1675 Broadway, 25th Floor
>New York, New York  10019-5820

_____
Samuel C. Kaplan