IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

PATRICIA WILSON-COKER,                              )
Commissioner of Social Services, *et al.*,          )
                                                     )
            Plaintiffs,                              )
                                                     )
COMMUNITY VISITING NURSE AND HOME                   )
CARE AGENCY, INC; MED-CENTER HOME                   )
HEALTH CARE, INC; PRIORITY CARE, INC;               )
STAFF BUILDERS HOME HEALTH CARE,                    )
INC., and OTHER SIMILARLY SITUATED                  )
HOME HEALTH AGENCIES,                               )
                                                     )
            Plaintiff-Intervenors,                  )
                                                     )
    v.                                              )      Civil Action No. 3:00CV1312 (CFD)
                                                     )
MIKE LEAVITT, Secretary, United                     )
States Department of Health and Human Services,     )      January 28, 2005
*et al.*,                                           )
                                                     )
            Defendants, and                         )
                                                     )
ASSOCIATED HOSPITAL SERVICE; and                    )
UNITED GOVERNMENT SERVICES, INC.,                   )
                                                     )
            Additional Defendants.                  )
_____            )

## DEFENDANTS' LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Local Rule of Civil Procedure 56(a)(2), defendants submit this Statement.

1-3.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants deny that the Court has subject matter jurisdiction over the plaintiff-intervenor's claims against defendants for the reasons set forth in the instant opposition, defendants' motion for summary judgment and memorandum in support, and defendants' motion to dismiss for lack of jurisdiction and memorandum in support (Docket Number 92).

4-13.  Defendants admit, on information and belief.

14-17.  Admit.

18-28.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

29.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it is overstated, as not all the regulations promulgated by the Secretary "have the force of law."

30.  Defendants admit that plaintiff-intervenor makes this allegation in its complaint, but cites no evidence for this allegation.  The term "claims" is also ambiguous inasmuch as plaintiff-intervenor does not explain whether it is referring to claims filed with the State or claims filed with Medicare.  Defendants deny that the claims at issue have been filed with Medicare.  See Letter from Sandra A. Trionfini to Hon. Bruce H. Zwecker, July 7, 1997, A.R. HHS 0007; Letter from Paul D. Duplinsky to Bruce H. Zwecker, September 26, 1997, A.R. HHS 0016-17.  Because the claims have never been filed, defendants lack knowledge of the precise dates of service.

31-39.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

40.  Admit, on information and belief.

41.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that if the claim was not timely filed, the fiscal intermediary does not have to determine if the items and services are covered by Medicare.

42-43.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants generally admit the allegations these paragraphs, except if the claim was not timely filed, the fiscal intermediary does not have to issue an initial determination, but add that the regulatory citation following the second sentence is incorrect due to what appears to be a typographical error, and that the citation appears to be reflective of the Part A appeals process only, but intermediaries issue notices of initial determinations on claims for Part B services as well.

44.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that the regulations in 20 C.F.R. subpart J are also applicable in some instances.

45.  This paragraph contains conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer may be deemed to be required, defendants generally admit the allegations in this paragraph, but add that an initial determination may be rendered

non-final even in the absence of a request for reconsideration, if the initial determination is reopened in accordance with regulation 42 C.F.R. § 405.750.

46.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

47.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer may be deemed to be required, defendants generally admit the allegation in this paragraph, but add that a reconsideration may be rendered non-final even in the absence of a request for a hearing, if the reconsideration is reopened in accordance with regulation 42 C.F.R. § 405.750.

48.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer may be deemed to be required, defendants generally admit the allegation in this paragraph, but add that the time for requesting a hearing may be extended under 20 C.F.R. § 404.933(c).

49-50.   These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer may be deemed to be required, defendants admit.

51.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it also must meet time limits.

52-57.   These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

58.   This paragraph contains conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it would be  more accurate to say Medicaid is "generally" the payor of last resort.

59-60.   These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

61.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it would be more accurate to say that liable third parties are entities legally responsible for services rendered to a Medicaid recipient, and the citation is inaccurate.

62.  Admit.

63-64.   These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

3

65.  Admit, except that the provided citations do not directly support that stated factual allegation.

66.  This paragraph contains conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except to the extent that it states that Connecticut can submit claims.  Connecticut only can request providers (without having a beneficiary's signature) to submit claims.

67.  This paragraph contains conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that "and Title XVIII of the Social Security Act" does not make sense.

68-71.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

72.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it would be more accurate to state "any probable liability" rather than "the probable liability."

73.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

74.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it is overstated in that it assumes that a probable third-party payor has been identified.

75.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it is an incomplete statement as liability can be established over the objection of the third party in some instances (e.g., administrative or court reversal).

76.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

77.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it is overstated because, even under cost avoidance, claims could be identified wrongly as belonging to Medicaid (e.g., beneficiary not entitled to Medicare at the time but subsequently adjudged, retroactively, entitled to Medicare).  Defendants deny that the citation provided supports the allegation in the paragraph.

78-79.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

4

80. This paragraph contains conclusions of law, not allegations of fact, to which no answer is required. To the extent an answer is required, defendants deny that plaintiff-intervenor has correctly interpreted the regulation.

81. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit, except as it implies that Medicaid payment is always incorrect and that reimbursement is always sought.

82. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit.

83. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit, except that the citation should be 42 C.F.R. § 433.139(d)(2), not (a)(2).

84. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit, except that the citation should be 42 C.F.R. § 433.139(e).

85-88. These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required. To the extent an answer is required, defendants admit.

89. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer may be deemed to be required, defendants deny the allegations in this paragraph, except to admit that a state agency that has not obtained a waiver of the cost avoidance requirements of 42 C.F.R. § 433.139 and pursues a "pay and chase" method is in violation of its State Plan to the extent that the state is not required by the Medicaid statute to pay first and recover later (see 42 U.S.C. §§1396a(a)(25)(E) and (F)).

90. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit.

91. Admit.

92. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. Plaintiff-intervenor cites no evidence for this proposition. To the extent an answer is required, deny because there has been no determination by the Secretary that Connecticut is in violation of its State plan.

93-94. Admit.

95. This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required. To the extent an answer is required, defendants admit.

96.  Admit.

97.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit, except that it does not apply only to statements of intents submitted by providers, but to statements of intents submitted by others as well.

98-99.  Admit

100.  Admit, except the statement would be more accurate if it stated that it was addressing an intermediary's responsibility after accepting a statement of intent.

101.  Admit.

102.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants deny, because the PM was applicable for a set period; however, the policy contained in PM AB-99-88 represents current policy, as expressed in later PMs.

103-104.  Admit.

105.  Admit, except the quote is inaccurate.  In the fourth line, "pay and chase" should be "pay and recover" (and should have single quotes); in the third line from the bottom, "furnished such" should be "furnishes such;" the last sentence of the quote should be set off to indicate that it appears in a separate paragraph in the original.

106.  Admit, except defendants do not agree with the characterization of "cautioned."

107.  This paragraph contains conclusions of law, not allegations of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

Second 104.  (Misnumbered).  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

108.  Admit, on information and belief.

109.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph, and plaintiff-intervenor cites no evidence in support of the allegation.

110-114.  Admit, on information and belief.

115.  Admit, but defendants are without knowledge sufficient to form a belief as to whether it was the first contact.

116.  Admit, but defendants are without knowledge sufficient to form a belief as to whether it was the "first TPL project."

117.  Admit.

118-122.  Admit, on information and belief.

123.  The term "good faith effort" is ambiguous, and so defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

124.  Deny because while it is unclear what plaintiff-intervenor means by "never refused to submit the claims" and "claims information," plaintiff-intervenor never submitted the claims at issue.  Letter from Sandra A. Trionfini to Hon. Bruce H. Zwecker, July 7, 1997, A.R. HHS 0007; Letter from Paul D. Duplinsky to Bruce H. Zwecker, September 26, 1997, A.R. HHS 0016-17.

125-129.  Plaintiff-intervenor lacks knowledge or information submitted to form a belief as to the truth of the allegations in these paragraphs.

130.  Admit, on information and belief with respect to AHS.

131.  This is a duplicate of "104" (i.e., the second 104).

132.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit.

133.  Deny.  Fiscal intermediaries do not rule on requests for hearing, and the citation provided for this allegation does not support the allegation that the "fiscal intermediary denied these requests."

134.  Admit.

135.  This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, deny that the ALJ "remanded the claims that were the basis of the Time Reject Notices" for a "decision on Medicare coverage  and reimbursement."  The ALJ decisions speak for themselves and are addressed in defendants' opposition.  The ALJ dismissed the request for hearing for lack of jurisdiction and to the extent that he purported to order anything, stated that the fiscal intermediary "shall treat the request for hearing as a request for reconsideration, with good cause existing for its untimely filing."

7

137.  Admit, on information and belief.

138.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit that it accurately quotes from the dismissal order attached to the Amended Intervenor Complaint as Exhibit 8, but denies the characterization that introduces the quote.  Judge Zwecker ordered the FI to "treat the request for hearing as a request for reconsideration, with good cause existing for its untimely filing."  The ALJ decisions speak for themselves and are addressed in defendants' opposition.

139.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants deny that the ALJ "held" that the matter was remanded.  The ALJ dismissed the claims for lack of jurisdiction.  The ALJ decisions speak for themselves and are addressed in defendants' opposition.

140-142.  These paragraphs contain conclusions of law, not allegations of fact, to which no answer is required.  To the extent that an answer is required, deny.  The ALJ decisions speak for themselves and are addressed in defendants' opposition.  Judge Zwecker found that he lacked jurisdiction, and so the ALJ's dismissals were not final decisions, and any language related to remand was dicta.  Judge Zwecker also did not purport to order defendants to "process the claims."

143.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required.  To the extent an answer is required, defendants admit that this is an accurate quote from the dismissal attached to the Amended Intervenor Complaint as Exhibit 3.

144-145  Defendants cite no evidence for these propositions, and defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

146.   Admit to the extent that this assertion refers to a waiver under 42 C.F.R. § 433.139 with respect to home health services.

147.   This paragraph contains a conclusion of law, not an allegation of fact, to which no answer is required, and the assertion is vague and ambiguous.  In addition, no citation is provided for the proposition.  To the extent an answer is required, deny.  There is no support in the law for the proposition that a provider need not submit any claims to CMS for processing when a provider has not received a waiver.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

8

KEVIN J. O'CONNOR
United States Attorney

PATRICK F. CARUSO
Assistant United States Attorney

CAROLYN A. AKARI
Assistant United States Attorney

SHEILA M. LIEBER
Deputy Branch Director

Of Counsel:                          _____
DONALD H. ROMANO                     SAMUEL C. KAPLAN
Attorney                             Trial Attorney
Office of the General Counsel        U.S. Department of Justice
Department of Health and             Civil Division
Human Services                       Federal Programs Branch,
                                     P.O. Box 883
                                     Washington, DC  20044
                                     (202) 514-4686 (phone)
                                     (202) 616-8202 (fax)
                                     Federal Bar No. CT26054

                                     Attorneys for Defendants

Dated: January 28, 2005