UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------x
COMMUNITY VISITING NURSE AND HOME :
CARE AGENCY, INC.; MED-CENTER HOME :
HEALTH CARE, INC.; PRIORITY CARE, INC.; :
STAFF BUILDERS HOME HEALTH CARE, INC. :
and OTHER SIMILARLY SITUATED HOME :
HEALTH AGENCIES, :
 :
       Plaintiffs and Intervenors, : Civil Action No.
 : 3:00 CV-1312 (CFD)
PATRICIA WILSON-COKER, Commissioner of Social :
Services, and CONNECTICUT STATE DEPARTMENT :
OF SOCIAL SERVICES; and ELLEN JOHNSON, :
IRMA YOXALL, and JESSIE VEREEN, on behalf : **LOCAL RULE 56(a)(2)**
of themselves and all others similarly situated, : **STATEMENT**
 :
       Plaintiffs, :
 :
  v. :
 :
TOMMY THOMPSON, et al., :
 :
       Defendants, :
 :
ASSOCIATED HOSPITAL SERVICE; and :
UNITED GOVERNMENT SERVICES, INC., :
 :
       Additional Defendants. :
-----------------------------------------------------------------------x

  Pursuant to Local Rule of Civil Procedure 56(a)(2) of the District of Connecticut, Plaintiff-Intervenor Med-Center Home Health Care, Inc. ("Med-Center") responds to the Defendants' Local Rule 56 Statement as follows:

1. Paragraph 1 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

2. Paragraph 2 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

3. Paragraph 3 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

4. Paragraph 4 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

NYC/166890.1

5.  Paragraph 5 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

6.  Paragraph 6 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

7.  Paragraph 7 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

8.  Paragraph 8 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

9.  Paragraph 9 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied. Med-Center also submits that Paragraph 9 contains legal conclusions to which no response is required.

10. Med-Center submits that paragraph 10 contains a legal conclusion to which no response is required.

11. Paragraph 11 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied.

12. Paragraph 12 is denied to the extent it characterizes the Time Reject Notices by suggesting that the claims at issue were never filed. Med-Center submits that the Time Reject Notices speak for themselves. See the Joint Administrative Record ("A.R.") at HHS 0035.

13. Paragraph 13 is denied, except Med-Center admits that the Trionfini and Duplinsky correspondence were sent to Administrative Law Judge Bruce Zwecker ("ALJ Zwecker"), and submits that those documents speak for themselves. A.R. HHS 007; 0016-17. Med-Center avers that one cannot reasonably infer the facts alleged in Paragraph 13 from the Trionfini correspondence. A.R. HHS 0007-0009.

14. The first sentence of Paragraph 14 is admitted. The balance of Paragraph 14 is denied, except Med-Center refers to ALJ Zwecker's decisions, which speak for themselves.

15. Paragraph 15 is admitted to the extent it tracks the Amended Intervenor Complaint, but is otherwise denied. Med-Center submits that the documents referenced in Paragraph 15 speak for themselves.

16. Paragraph 16 is admitted.

17. Med-Center denies the characterization of ALJ Zwecker's decisions in Paragraph 17, submits that Paragraph 17 contains a legal conclusion to which no response is

required, and avers that ALJ Zwecker's decisions speak for themselves. See A.R. HHS 0061-0090.

18.     Med-Center denies the characterization of ALJ Zwecker's decisions in Paragraph 18, submits that Paragraph 18 contains legal conclusions to which no response is required, and avers that ALJ Zwecker's decisions speak for themselves. See A.R. HHS 0061-0090.

19.     Med-Center submits that Paragraph 19 contains legal conclusions to which no response is required, and avers that the regulations and case cited therein speak for themselves.

20.     Med-Center submits that Paragraph 20 contains legal conclusions to which no response is required, and avers that the cases cited therein speak for themselves.

21.     Med-Center admits it did not appeal ALJ Zwecker's decisions, and avers that ALJ Zwecker's decisions speak for themselves. See A.R. HHS 0061-0090.

22.     Med-Center submits that Paragraph 22 contains legal conclusions to which no response is required, except admits that there have not been Medicare coverage determinations for the claims that are subject to the Time Reject Notices; that is the relief Med-Center seeks via an order of mandamus.

23.     Med-Center submits that Paragraph 23 contains legal conclusions to which no response is required, and avers that ALJ Zwecker's decisions speak for themselves. See A.R. HHS 0061-0090.

24.     Med-Center submits that Paragraph 24 contains legal conclusions to which no response is required, and avers that ALJ Zwecker's decisions speak for themselves. See A.R. HHS 0061-0090.

Dated:  January 31, 2005
      New York, New York

                                          Respectfully submitted,

                                          _____
                                          Connie A. Raffa, admitted *pro hac vice*
                                          David N. Wynn, admitted *pro hac vice*
                                          Eric S. Lent, admitted in New York only

                                          *Attorneys for Plaintiff-Intervenor*
                                          *Med-Center Home Health Care Agency, Inc.*

                                          Arent Fox PLLC
                                          1675 Broadway
                                          New York, New York 10019
                                          Tel. (212) 484-3900
                                          Fax. (212) 484-3990

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2005, I caused to be served a true and correct copy of Plaintiff-Intervenor's Local Rule 56(a)(2) Statement by Federal Express and facsimile upon:

Sam Kaplan
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 2001

      EXECUTED on January 31, 2005

                                                      Eric S. Lent

NYC/166921.1