UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x
COMMUNITY VISITING NURSE AND HOME :
CARE AGENCY, INC.; MED-CENTER HOME :
HEALTH CARE, INC.; PRIORITY CARE, INC.; :
STAFF BUILDERS HOME HEALTH CARE, INC. :
and OTHER SIMILARLY SITUATED HOME :
HEALTH AGENCIES, :
  :
                Plaintiffs and Intervenors, :   Civil Action No.
  :   3:00 CV-1312 (CFD)
PATRICIA WILSON-COKER, Commissioner of Social :
Services, and CONNECTICUT STATE DEPARTMENT :
OF SOCIAL SERVICES; and ELLEN JOHNSON, :
IRMA YOXALL, and JESSIE VEREEN, on behalf :
of themselves and all others similarly situated, :
  :
                Plaintiffs, :
  :   **REPLY**
v. :   **MEMORANDUM OF LAW**
  :
TOMMY THOMPSON, et al., :
  :
                Defendants, :
  :
ASSOCIATED HOSPITAL SERVICE and :
UNITED GOVERNMENT SERVICES, INC., :
  :
                Additional Defendants. :
------------------------------------------------------------------------x

Plaintiff-intervenor Med-Center Home Health Care, Inc. ("Med-Center") submits this Reply Memorandum in further support of its motion for summary judgment against defendants Tommy Thompson, et al. (the "Federal Defendants"), and in response to the Federal Defendants' opposition memorandum filed January 28, 2005 ("Def. Opp. Mem.").

NYC/167236.1

## SUMMARY OF ARGUMENT

The record on this motion demonstrates that under Count II of the Amended Intervenor Complaint, Med-Center is entitled to summary judgment granting an order of mandamus compelling the Federal Defendants to process the 37 provider claims that Administrative Law Judge Zwecker ("ALJ Zwecker") remanded to the fiscal intermediaries for Medicare coverage determinations. Alternatively, Med-Center is entitled to summary judgment declaring the rights among the parties pertaining to 42 C.F.R. §§ 433.138 and 433.139 and concerning the propriety of providers such as Med-Center being subject to pay-and-chase recoupment when the Federal Defendants have not issued a waiver to the State.

Med-Center is being "whipsawed" by the Federal Defendants' failure to follow federal law. In the first scenario (Count II), it is being required to submit claims to the fiscal intermediaries years after services were rendered in order to get Medicare coverage determinations. After going through the laborious process enumerated in the Fanning Affidavit to comply with belated requests, certain limited claims were not timely received. Med-Center obtained ALJ decisions expressly finding "good cause" for the late filings. Notwithstanding the ALJ finding, the ALJ directed the claims to be reconsidered. Since the Federal Defendants ignored this direction, mandamus is an appropriate remedy.

In the second alternative scenario (Count III), Med-Center seeks a declaration that it should never have been required to submit claims that resulted in the initial Time Reject Notices. In fact, had the Federal Defendants enforced the State Plan requirements involving waiver and pay-and-chase, the disputed claims ultimately giving rise to the Time Reject Notice never would have been generated in the first place. There is no

dispute that the Federal Defendants did not issue a waiver to the Connecticut Department of Social Services. Therefore, pay-and-chase-based recoupments are the product of violations of federal law.

Irrespective of which claim the Court examines, the simple undisputed factual and legal conclusion that must be drawn from the record is that Med-Center is being subjected to unlawful pay-and-chase recoupments. These recoupments resulted in the 37 claims that are now before this Court, which the fiscal intermediaries refused to process. The Court should, therefore, either direct the fiscal intermediaries to process the claims or, alternatively, hold that the Federal Defendants acted in violation of law for allowing them to be generated in the first place.

## MED-CENTER IS ENTITLED TO SUMMARY JUDGMENT

In order to avoid further burdening the Court, Med-Center will limit this Reply to addressing the mischaracterizations of the record contained in the Def. Opp. Mem. and responding to the most erroneous arguments contained therein.

1.  The ALJ Decisions Should Be Enforced By an Order of Mandamus.

First, despite the plain language of ALJ Zwecker's decisions, the Federal Defendants again maintain the decisions were dismissals and that the remand language therein was somehow mere dicta ordering reconsiderations of the Time Reject Notices by the fiscal intermediaries. Med-Center submits that the ALJ decisions were not dismissals, but instead were remands to the fiscal intermediaries directing *processing* of the provider claims. Med-Center urges the Court to evaluate the decisions for itself rather than rely on the Federal Defendants' mischaracterizations of them. (See Sample

ALJ decisions, part of the Administrative Record filed with the Court on December 22, 2004 ("A.R.") HHS 0061-0090).

Second, the Federal Defendants contend that the 37 claims at issue in this litigation were never filed at all. (See, e.g., Def. Opp. Mem. at 10-11). This argument is designed to distract the Court from the overriding fact that the ALJ intended the claims be processed. In fact, the record support cited for this proposition, letters from Sandra Trionfini and Paul Duplinsky, respectively, to ALJ Zwecker, do not even support the Federal Defendants' position. (See id. (citing A.R. HHS 0007 and 0016-0017)).[1] In contrast, the Trionfini letter merely reflects that certain medical records may not yet have been provided, not that the claims themselves were never submitted – indeed, the entire letter is premised on the fact that the claims *were* submitted. (See A.R. HHS 0007). The Duplinsky letter, for its part, is a self-serving statement to ALJ Zwecker that attempts to justify the intermediaries' failure to obey the ALJ's orders, and in any event unilaterally deems the claims unsubmitted simply based on their lateness. (See A.R. HHS 00016-17).

Moreover, the record demonstrates that the claims were filed, albeit belatedly. The Time Reject Notices state that the fiscal intermediary "did not receive a claim for the above-mentioned third party liability case within six (6) months of our request for Medicare bill(s) and supporting documentation ... This case is rejected *because the time limit to submit a Medicare bill has expired.*" (A.R. HHS 0035) (emphasis added). The late filing of the claims is precisely why the Time Reject Notices were issued; the fiscal intermediaries simply would not have sent Time Reject Notices for claims that were not submitted at all for processing.

---

[1] Med-Center urges the Court to review these documents for itself as well.

In any event, even if the underlying medical records were not "filed", that would be irrelevant. The fact is that the provider had collected all of the historical claim data, provided the corresponding information to the fiscal intermediary, and the fiscal intermediary analyzed them to the point that 37 Time Reject Notices were issued. By all accounts, Med-Center was ready, willing and able to file the records in accordance with the ALJ decision. Filings of the claims, assuming they were not made, would only have been an exercise of futility since the Federal Defendants openly acknowledged that they had no intent of processing them. See A.R. HHS 00016-17 (Letter from Paul Duplinsky to ALJ Zwecker).

2.   Med-Center Is Entitled to Declaratory Relief.

In a last ditch attempt to avoid compliance with the law, the Federal Defendants argue that no private right of action exists for Med-Center to obtain a declaratory judgment regarding the Federal Defendants' violations of the Connecticut State Medicaid Plan. (See Def. Opp. Mem. at 12-16). The Def. Opp. Mem., however, ignores this Court's ruling on the dismissal motion, wherein the Court declined to adopt the Federal Defendants' jurisdictional arguments and upheld Count III of the Amended Intervenor Complaint against the Federal Defendants.

The Def. Opp. Mem. nonetheless insists that Med-Center is barred from seeking the requested declaratory relief for three reasons. First, it claims that Med-Center has failed to exhaust administrative remedies, and thus cannot bring suit in Federal court. (See Def. Opp. Mem. at 13). However, Med-Center prevailed before the ALJ (see A.R. HHS 0061-0090), and had no reason to seek any further administrative action on appeal. It is the Federal Defendants who, dissatisfied with the ALJ rulings (see A.R. HHS 00016-

17, Letter from Paul Duplinsky to ALJ Zwecker) should have appealed those decisions. Because the Federal Defendants have refused to comply with the ALJ's remand orders, and because the entire illegal protocol condoned by the Federal Defendants necessitated those decisions, Med-Center seeks mandamus and a declaration that the Federal Defendants are in violation of federal law for allowing states to "pay and chase" without a waiver. See 42 C.F.R. §§ 433.138 and 433.139.[2]

Second, the Def. Opp. Mem. asserts that no live controversy exists between the parties despite this Court having already found -- on two occasions -- that such a controversy exists.[3] The claim that "declaratory relief would not redress any asserted injury attributable to the federal government" (Def. Opp. Mem. at 13) belies the fact that it was the Federal Defendants' abdication of their governmental responsibilities to oversee and enforce federal Medicaid and Medicare protocols that directly and indisputably led to the injury suffered, i.e., the recoupments directed against Med-Center.

Third, the Def. Opp. Mem. claims it is within the Federal Defendants' discretion whether to take action against a state, such as Connecticut, that violates federal regulations and its State Medicaid Plan. (See Def. Opp. Mem. at 14-15). Significantly, the Def. Opp. Mem. does **not** contest that there has been a breach of federal law by Connecticut in connection with the claims at issue here. Nor does it contest that it is the Federal Defendants' obligation to enforce Connecticut's compliance with the "pay and chase" regulations and its State Medicaid Plan. (See Def. Opp. Mem. at 14) (noting that

---

[2] Shalala v. Illinois Council on Long Term Care, 529 U.S. 1 (2000), relied on by the Federal Defendants for the proposition that no federal jurisdiction exists under 42 U.S.C. § 405(g) due to Med-Center's alleged failure to exhaust administrative remedies, is inapplicable here. First, the Federal Defendants were the party failing to appeal. Second, federal jurisdiction here is premised on 28 U.S.C. §§ 1331 and 1361, not 42 U.S.C. § 405(g), as in Shalala. (See Amended Intervenor Complaint ¶ 7).
[3] This first occurred when the Court granted the motion to intervene and again when it denied the motion to realign the parties. (See Ruling on Pending Motions dated Sept. 24, 2002, at 7).

the federal government can withhold payments to states as a means of "enforcing compliance").

Instead, the Federal Defendants try to deflect the Court's attention to hide their behavior of allowing states like Connecticut to "pay and chase" without a waiver by insisting that it is within their discretion whether or not to sanction states who illegally "pay and chase". The federal regulations are clear, however: "pay and chase" without a waiver is impermissible. See 42 C.F.R. §433.138 and 433.139.[4] The Federal Defendants simply want their conduct to be above the law.

---

[4] The Federal Defendants' claim here is particularly dubious because it is a complete reversal of their earlier legal position in this litigation. The Federal Defendants previously stood behind the regulations at 42 C.F.R. §§ 433.135 to 433.154 (federal regulations on Third Party Liability), as well as HCFA Program Memorandum AB-99-88 (Amended Intervenor Complaint, Exhibit 1) and the HCFA State Director letter dated Nov. 19, 1996 (Id., Exhibit 2), which reiterate the regulatory requirements that claims should not be submitted to the fiscal intermediaries pursuant to "pay and chase."

## **CONCLUSION**

For the foregoing reasons and those set forth in Med-Center's memorandum of law in support of summary judgment, Med-Center's motion for summary judgment should be granted.

Dated: February 15, 2005
      New York, New York

                                              Respectfully submitted,

                                              _[signature]_

                                              Connie A. Raffa, admitted *pro hac vice*
                                              David N. Wynn, admitted *pro hac vice*
                                              Eric S. Lent, admitted in New York only

                                              *Attorneys for Plaintiff-Intervenor*
                                              *Med-Center Home Health Care Agency, Inc.*

                                              Arent Fox PLLC
                                              1675 Broadway
                                              New York, New York 10019
                                              Tel. (212) 484-3900
                                              Fax. (212) 484-3990

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2005, I caused to be served a true and correct copy of Plaintiff-Intervenor's Reply Memorandum of Law in further support of it's Motion for Summary Judgment by Federal Express.

Sam Kaplan, Esq.,
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 2001

EXECUTED on February 15, 2005

_____
Eric S. Lent

NYC/166921.1