IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA WILSON-COKER, Commissioner of Social Services, *et al.*, )<br><br>Plaintiffs, )<br><br>COMMUNITY VISITING NURSE AND HOME CARE AGENCY, INC; MED-CENTER HOME HEALTH CARE, INC; PRIORITY CARE, INC; STAFF BUILDERS HOME HEALTH CARE, INC., and OTHER SIMILARLY SITUATED HOME HEALTH AGENCIES, )<br><br>Plaintiff-Intervenors, )<br><br>v. )<br><br>TOMMY G. THOMPSON, Secretary, United States Department of Health and Human Services, *et al.*, )<br><br>Defendants, and )<br><br>ASSOCIATED HOSPITAL SERVICE; and UNITED GOVERNMENT SERVICES, INC., )<br><br>Additional Defendants. ) | Civil Action No. 3:00CV1312 (CFD)<br><br>December 16, 2004 |

## JOINT ADMINISTRATIVE RECORD

# TABLE OF CONTENTS

| DOCUMENT | PAGE NUMBERS |
|---|---|
| Letter from Catherine E. Jordan To Paul D. Duplinsky, May 12, 1997 | HHS 0001-0002 |
| Letter from Paul D. Duplinsky to Catherine E. Jordan, June 10, 1997 | HHS 0003-0004 |
| Letter from Cathleen McCarthy to Catherine E. Jordan, June 20, 1997 | HHS 0005-0006 |
| Letter from Sandra A. Trionfini to Hon. Bruce H. Zwecker, July 7, 1997 | HHS 0007-0010 |
| Letter from Bruce H. Zwecker to Associated Hospital Service of Maine, August 8, 1997 | HHS 0011-0015 |
| Letter from Paul D. Duplinsky to Bruce H. Zwecker, Administrative Law Judge, September 26, 1997 | HHS 0016-0017 |
| Letter from Bruce H. Zwecker, Administrative Law Judge to Sandra A. Trionfini, July 14, 1997 | HHS 0018 |
| Letter from Sandra A. Trionfini to Hon. Bruce H. Zwecker, July 31, 1997 | HHS 0019-0026 |
| Letter from Paul D. Duplinsky to Bruce H. Zwecker, September 26, 1997 | HHS 0027-0028 |
| Letter from Sandra A. Trionfini to Nancy Ann Min DeParle, January 12, 1998 | HHS 0029 |
| Letter from Peter C. Toland to Catherine E. Jordan, March 3, 1998 | HHS 0030-0032 |
| Sample of Time-Reject Notices and Requests for Hearing | HHS 0033-0060 |
| Sample of Notices and Orders of Dismissal and Remand | HHS 0061-0090 |

# MED-CENTER
# HOME HEALTH CARE
### A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*04-9999*
*45 TRN*

**SERVICES**
- Skilled Nursing
- Home Health Aides
- Homemakers
- Medical Social Work
- Occupational Therapy
- Physical Therapy
- Speech Therapy

**PROGRAMS**
- Maternal/Child
- Pediatric
- Adult & Geriatric
- Post-Operative
- Home Infusion
- Rehabilitation

**FEATURES**
- Available 24 Hours 7 Days a Week
- State Licensed
- Medicare Certified
- JAHO Accredited

**ADMINISTRATIVE OFFICES**

72 Gray's Bridge Road
Brookfield, CT 06804
Tel: (203) 740-5100
1-888-8-MEDCTR
Fax: (203) 740-7334

**BRANCH OFFICES**

Danbury, CT
Tel: (203) 748-9223
Fax: (203) 748-9193

Middletown, CT
Tel: (203) 598-3466
Fax: (203) 598-3464

New Milford, CT
Tel: (860) 354-8864
Fax: (860) 355-5098

Brewster, NY
Tel: (914) 279-1102
Fax: (914) 279-1104

**EXECUTIVE DIRECTOR**

Catherine E. Jordan,
R.N., M.S.A.

May  12, 1997


Paul D. Duplinsky
Manager
Medicare Medical Review and Appeals
Associated Hospital Service of Maine
2 Gannett Drive
South Portland, Maine  04106

Dear Mr. Duplinsky:

Pursuant to your conversations with Jamie Hanley, R.N., and Raymond Peach, C.P.A., regarding time expired TPL cases, I am appealing to you to reopen and review these claims which primarily are in the same batch and total approximately $180,000.  I am also making the same appeal to Michelle McCarthy in the HCFA Regional Office.

Med-Center has, since the initiation of the Medicare Maximization Project, made a diligent effort to respond to the overwhelming number of requests for documentation.  In fact, prior to and subsequent to the cases in question, we submitted nearly $700,000 in claims.  We are now in the process of compiling an additional $500,000 in claims for submission, and have implemented policies and procedures to ensure that all future responses to TPL requests are timely and accurate.

We understand that it was our responsibility to submit all requested material within the designated time period and recognize our culpability for this very costly oversight; however, we did legitimately provide the services in good faith.  We are very frustrated by the fact that we have been placed squarely in the middle of a bureaucratic dispute, yet are essentially a powerless party in the process.  While the TPL project may be saving the state significant dollars, it is costing providers dearly, both financially and qualitatively by diverting attention away from service delivery.

The recent recoupment by Medicaid on time limit rejected claims triggered our investigation and audit of our TPL activities.  The service provision periods in the batch rejected correlate with the agency's relocation and billing system conversion.

**MEDICARE**
**MEDICAL REVIEW**    **MAY 1 3 1997**

HHS 0001

Paul D. Duplinsky
May 12, 1997
Page 2

This was a factor in our inability to retrieve necessary documentation.  In retrospect, it is evident that we should have continued our attempts to locate and work with your office to submit this material; instead we chose to concentrate on those claims with which we could keep current.

Med-Center is a non-profit organization whose primary mission is to serve individuals in the community.  Our annual budget is approximately $5,000,000 and we have no fund raising revenue or financial reserves.  The impact of the loss of $180,000 in operating income would place a severe hardship on our business and would, in fact, jeopardize our viability as a home care provider.

It is my understanding that there is latitude within your system to reopen claims, and that you have done so when cause exists on either the provider side or the payor side.

Due to the unprecedented nature of the TPL project, the extreme penalty and hardship as compared to the infraction and our unblemished history as a Medicare provider, I respectfully seek your favorable ruling on our request to reopen and make a determination on the time limit rejected claims in question.

Thank you for your consideration.


Sincerely,

*Catherine E. Jordan*

Catherine E. Jordan
Vice President
Executive Director




G:\HOME\SANDY\CJ5997

# Medicare

(Title XVIII, Social Security Act)
Associated Hospital Service of Maine
Part A Fiscal Intermediary

2 Gannett Drive
South Portland, Maine 04106
207-822-7000
Fax: 207-822-7375

June 10, 1997

Catherine E. Jordan
Executive Director
Med- Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

re:     Third Party Liability (TPL) Time Limit Rejects

Dear Ms. Jordan:

This is in response to your May 12, 1997 letter to me on the above topic and the enclosed
May 20, 1997 Administrative Law Judge requests.

As noted in your letter, it is clear to you that the responsibility for a timely response to a
Medicare request for a bill and related documents rests with you, the home health agency
who provided the service. TPL time limit rejections have created issues for both Medicare
and Medicaid. Our concern is that providers required to maintain orderly records as part of
the Medicare Conditions of Participation have not responded to our request for bills and
supporting documentation. The Connecticut State Medicaid Office has taken the approach
that our rejection notice is a basis for recoupment of previous payments without confirmation
that the services were payable under the Medicare Program.

While I understand your issue and frustrations, I am unable to extend the time limit for filing
the bills we requested from Med-Center. As Fiscal Intermediary we were instructed in a May
23, 1995 letter from our HCFA Regional Office to follow the regulations for timely
submission of requested bills (42 Code of Federal Regulations, Section 485.45). We have
only extended the time limit for filing in the very specific situation where we determined that
adequate notice had not been given or where we mishandled the case. We have not extended
the time frame beyond 10 days based on a provider request made well in advance of the due
date.

To detail the scope of the issue I have enclosed the pages of our report of TPL time limit
rejects issued to Med-Center. For your reference, I have also enclosed a copy of our June
1995 MediMessage and a copy of the Federal Regulation.

June 10, 1997
Catherine E. Jordan
Page 2

As noted above I am returning the ALJ request we received from you on May 27, 1997. ALJ hearings are utilized to appeal a Medicare Claims Determination subsequent to a Reconsideration by the Fiscal Intermediary. The TPL time limit rejections do not represent a claims determination. The rejects bring to closure the intent to claim benefits whereby we requested a claim from the provider. Since no claims were filed, a claim determination was not issued and therefore, appeal rights do not exist.

I regret I could not provide you with an extension to the claims filing deadline. I am aware that you are pursuing this issue with the HCFA Regional Office. If there are any new developments that alter this situation please let me know. If you have any questions regarding this letter you may contact me at (207) 822-7661.

Sincerely,

Paul D. Duplinsky
Manager of Administration
Medical Review & Appeals

Enclosures

HHS 0004

SEP-18-1997 15:54    HCFA-DIV OF MEDICARE        617 565 3856    P.01/02

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**HEALTH CARE FINANCING ADMINISTRATION**

Division of Medicare

June 20, 1997

Region 1
John F. Kennedy Federal Bldg.
Government Center
Boston, MA 02203

Catherine E. Jordan
Vice President/Executive Director
Med-Center Home Health Care
72 Gray-Bridge Road
Brookfield, CT 06804

Dear Ms. Jordan:

PTAB 85

This is in response to your May 12, 1997 letter requesting that the Regional Office authorize Associated Hospital Service of Maine, the Regional Home Health Intermediary (RHHI), to reopen and review claims which have exceeded the time limits for filing claims.

The 'claims' in question relate to services which were billed to Medicaid. We understand that on the beneficiary's behalf and within the time limits for filing claims, Medicaid submitted documentation that constituted an "intent to file" Medicare claims. In response to this submission, the RHHI instructed your agency to submit claims and pertinent medical documentation within six months of the RHHI's request. Although not required by regulation to do so, the RHHI also sent a 'second' request, which specified that the claims and documentation must be submitted within six months of the original request. Since the RHHI did not receive the requested claims and related medical documentation within the specified time frame, written notification that the time limit had expired was issued.

Your letter indicates that you were aware that you were required to submit all requested material within the designated time period. You state that the service periods correlate with the agency's relocation and billing conversion and that this was a factor in your inability to retrieve necessary documentation. No indication that the RHHI was at fault was provided. In addition, the letter discusses your understanding that the Regional Office has the authority to instruct the RHHI to 'reopen' the claims in question, and that this has occurred previously in cases where the provider was at fault.

While the Regional Office does have authority to instruct contractors to take action on claims, the authority is limited to situations which are consistent with Federal Regulations. Federal Regulations at 42CFR 424.45 indicate that a written statement of intent to claim Medicare benefits constitutes a claim if: (a) the statement is filed with HCFA or any carrier or intermediary within the time limits specified in §424.44; (b) the statement indicates the intent to claim Medicare payment for specified services furnished to an identified beneficiary; and (c) a claim that meets the requirements of §424.32(a) is filed within 6 months after the month in which the intermediary or carrier, as appropriate, advises the claimant to file that claim. Section 424.44

OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL** # of pages ► 1

To Paul Duplensky  Dept./Agency
From Cathleen McCarthy  Phone #
Fax #
Fax # 617-565-3856

NSN 7540-01-317-7368    5099-101    GENERAL SERVICES ADMINISTRATION

HHS 0005

Page 2

provides for an extension of the filing time; however, an extension is limited to cases of error or misrepresentation of an employee, intermediary, carrier, or agent of the Department that was performing Medicare functions and acting within the scope of its authority.

We reviewed the RHHI's requests for the submission of claims within the required time frame and noted that the RHHI's time limit rejections were consistent with Federal Regulations. For example,

10/1/92 - 6/30/93

On 12/23/94, the RHHI issued the initial request for the submission of the bill and medical documentation. Since the initial request did not specify that the claim would be rejected if submitted beyond six months after the notification, the Regional Office instructed the RHHI to extend the time for an additional six months.

Therefore, on 6/15/95, the RHHI issued a request for the bill and medical documentation, which specified that the requested information must be submitted within six months of the date of the request. It clearly stated that, under Federal Regulations (42CFR424.45), claims submitted beyond this time limit may be rejected without processing.

On 9/21/95, the RHHI issued a third request for the bill and medical information. This notification restated that the requested information must be submitted within six months of the June 15, 1995 letter.

On January 18, 1996 (one year after the initial request), the RHHI issued notification that the case had been rejected because the time limit to submit the claim had expired.

In conclusion, we have determined that your agency's failure to meet the time limit for filing claims was not due to error or misrepresentation of an employee, intermediary, carrier, or agent of the Department. Since the failure to meet the time limit for filing appears to be due to error on the part of the home health agency, we have no basis for authorizing the RHHI to accept claims submitted after the filing time.

We regret that our response could not be more favorable. If you have any further questions concerning the above, please feel free to contact me at (617) 565-1265.

Sincerely yours,

Cathleen McCarthy

Cathleen McCarthy
Health Insurance Specialist

cc:     P. Duplinsky

HHS 0006

SANDRA A. TRIONFINI
ATTORNEY AT LAW
14 CASE STREET
NORTH CANTON, CONNECTICUT 06059

(860) 693-0639

July 7, 1997

Hon. Bruce H. Zwecker
Chief Administrative Law Judge
Social Security Administration
Office of Hearings and Appeals
157 Church Street, 22nd Floor
New Haven, Connecticut   06510



RE. Our Client: Med-Center Home Health Care-
    Administrative Appeals

Dear Judge Zwecker:

    Our office represents Med-Center Home Health Care with regard to a request for an
Administrative Law Judge hearing to challenge the refusal of the Associated Hospital Services of
Maine (AHSM), the Medicare fiscal intermediary for home health care, to process Medicare
claims. We have previously requested Administrative Law Judge hearings with the fiscal
intermediary, AHSM. Those requests are appended to this letter, as is a list of the Medicare
beneficiaries and dates of service at issue. AHSM has denied our requests for hearing.

    Pursuant to 20 C.F.R. Section 404.952, we are requesting a consolidated hearing. That
Regulation allows consolidated hearings when, as in the present matter, an appeal involves a
single, legal issue. As detailed below, we are requesting that all claims be remanded to the fiscal
intermediary with instructions to issue initial Medicare claim determinations and/or to process the
claims in question. The provider will make all the medical records necessary to process these
claims available to AHSM.

    The cases at issue involve home health services provided by our agency to dually eligible
Medicare and Medicaid beneficiaries during various periods of service from 1991 through 1995. All
services now at issue were initially determined by our agency not to be eligible for Medicare
coverage. Most of the beneficiaries, when initially assessed by the provider, did not meet
Medicare criteria for homebound status or medical eligibility requirements. As they did not meet
these threshold requirements, services were billed to and paid by the Medicaid, Title XIX,
program. There is no allegation that the care Med-Center provided to the beneficiaries listed was
anything other than reasonable and necessary.

HHS 0007

Several years later, acting under a contract with the Connecticut Department of Social Services, the Center for Medicare Advocacy (CMA) made claims for payment to the Medicare program for all services provided to the beneficiaries by the agency. These claims were part of CMA's Medicare Maximization Program which sought to have home health services which were previously covered by Medicaid now to be submitted to Medicare for claim under that program.

AHSM refused to process the claims at issue, basing its refusal exclusively on 42 C.F.R. Section 424.45. In its letter to the provider denying Administrative Law Judge hearings, AHSM stated that the matters, and the provider, was subject to "time limit rejects" in accordance with the above-cited regulation. That section provides, in part, that :

"A written statement of intent to claim Medicare benefits constitutes a claim if-
...(c) A claim that meets the requirements of Section 424.32(a) is filed within 6 months after the month in which the intermediary or carrier, as appropriate, advises the claimant to file a claim."

The relevant parts of Section 424.32(a) state:

"(a) A claim must meet the following requirements:
(l) A claim must be filed with the appropriate intermediary or carrier on a form prescribed by HCFA in accordance with HCFA instructions....
(3) A claim must be signed by the beneficiary or the beneficiary's representative...
(4) A claim must be filed within the time limited specified in Section 424.44."

The above-cited regulations solely refer to the obligations of the claimant, which in this matter would be the Center for Medicare Advocacy. Nowhere within the cited and relied upon regulations are there requirements for the provider of services and nowhere are there cited sanctions for the provider's failure to file information with the intermediary. There are no allegations that the Center for Medicare Advocacy failed to comply with the time limits above cited. The regulations cited also require notice to the claimant, rather than the provider of services. The fiscal intermediary did not provide the requisite notice to the claimant, as required under 42 C.F.R. Section 424.45(c). The Department of Social Services, as administrator of the Medicaid program, has ready access to all medical records relating to services provided under that program, including the claims presently at issue here. DSS would be able to complete the claim process in accordance with the notice requirements of the cited regulations.

It is the position of the provider that the Center for Medicare Advocacy, representing the interests of the Department of Social Services, filed a claim for Medicare benefits. In the event documentation was incomplete, a denial should have been issued by the intermediary. A denial would have allowed utilization of the available appeal process and appropriate documentation could have been reviewed upon appeal. There is no statutory or regulatory basis for a "time limit reject" which simply denied due process to the provider.

Based on AHSM's refusal to process the claims at issue, the Department of Social Services has advised the provider that it seeks to recoup all monies in Medicaid benefits which previously paid for the home health services. It is the provider's position that since the regulations relied upon by AHSM to refuse to process the claims refer to the claimant's responsibilities, any liability should be specifically held by the beneficiary. Such a finding would simply continue to attach the Medicaid payor source which correctly paid for the services provided to the beneficiaries.

It may also be found that AHSM's refusal to process these claims is clearly a determination made in response to CMA's claim for payment. CMA's claims for payment constitute a "request for payment" for purposes of 42 C.F.R. Sections 404.702 and 404.704(b). Under 42 CFR Section 405.704(b):

> "An initial determination with respect to an individual includes <u>any determination</u> made on the basis of a request for payment...(emphasis added)."

AHSM's refusal to process the claims may be found a determination made in response to CMA's claim for Medicare payment. As such, the refusals act as denials and are subject to the standard Medicare appeal process. 42 C.F.R. Section 405.708 <u>et seq</u>. Though AHSM has made a determination not to process these claims, it has refused requests for an Administrative Law Judge to challenge the determinations. There is no legal authority for the refusal to issue notice of Medicare claim determinations in those cases. Similarly, there is no legal basis for denying the provider the right to appeal the fiscal intermediary's determination.

In conclusion, the provider requests a hearing before an Administrative Law Judge to seek an order compelling the fiscal intermediary to process the claims at issue. Would you kindly contact this office at your earliest convenience to schedule a hearing.

Very truly yours,


Sandra A. Trionfini
Attorney at Law



| Beneficiary | HIC Number | Period of Service |
|---|---|---|
| | | 1/1/93 - 9/30/93 |
| | | 10/1/93 - 12/1/93 |
| | | 5/1/93 - 6/30/93 |
| | | 3/1/92 - 9/30/92 |
| | | 10/1/91 - 6/30/92 |
| | | 4/1/94 - 5/30/94 |
| | | 12/1/91 - 9/30/92 |
| | | 10/1/91 - 6/30/92 |
| | | 10/1/93 - 9/30/94 |
| | | 3/1/94 - 5/31/94 |
| | | 11/1/93 - 2/28/94 |
| | | 10/1/91 - 1/31/92 |
| | | 6/1/92 - 9/30/92 |
| | | 10/1/93 - 2/28/94 |
| | | 10/1/92 - 4/30/93 |
| | | 8/1/93 - 9/30/93 |
| | | 10/1/93 - 9/30/94 |
| | | 10/1/93 - 9/30/94 |
| | | 6/1/92 - 8/31/92 |
| | | 10/1/92 - 3/31/93 |
| | | 6/1/93 - 9/30/93 |

## SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

August 8, 1997

Associated Hospital Service of Maine
2 Gannett Drive
South Portland, ME 04106-6911


RE:    Med-Center Health Care, multiple beneficiaries


Our office has received a series of requests for hearing before an Administrative Law Judge, which are described in the enclosed copy of a letter from the provider's attorney, Sandra A. Trionfini. I must act upon each request with either a hearing decision or a dismissal. In order to know the proper dispositions for these hearing requests, I need to be certain of the procedural history of each claim. I note that after each "Time Limit Reject", Med-Center Health Care requested your office to reconsider your determinations that the provider may not charge the beneficiary for services related to each of these claims. Please inform me whether any reconsideration determination or dismissal was issued in each of these claims as the result of provider's request. If not, is your office planning to take any further determination or dismissal action in each of these claims? Please furnish copies of any notice or correspondence that you sent to the provider after the initial "time limit reject" in each of these claims. I want to be absolutely certain that no action is still pending in your office on any of these claims before I decide what action I must take in response to the requests for hearing.

Also, please clarify the meaning of the last sentence of each "Time Limit Reject". Since each of these claims was originally billed to and paid by Medicaid, did you intend the sentence "The beneficiary may not be charged for any related service." to mean only that the beneficiary may not be charged personally for the related services, or that the beneficiary and any other third party payor, for example Medicaid, may not be charged. It seems to be the provider's concern that the Medicaid program may seek the provider to pay back any reimbursement for these services made by the Medicaid program.

Finally, I note that no rationale was given and no authority was cited for your finding that the beneficiary may not be charged for the related service. If you relied on any statue, regulation, or other authority for this finding, please identify what it is.

OPTIONAL FORM 99 (7-90)

| FAX TRANSMITTAL | # of pages ▶ 8 |
|---|---|
| To *Alana Duclos* | From *Laura Gonzalez* |
| Dept./Agency | Phone 203-787-7771 |
| Fax # | Fax # 203-787-7777 |
| NSN 7540-01-317-7368    5099-101 | GENERAL SERVICES ADMINISTRATION |

22nd Floor, Connecticut Financial Center
157 Church St., New Haven, CT  06510

HHS 0011

2

Thank you for your help in resolving this matter.

Sincerely,

Bruce H. Zwecker
Administrative Law Judge

Enclosures: Copy of letter of July 7, 1997 from Sandra Trionfini
Copy of sample of one of many "Time Limit Rejects"

cc:
Sandra A. Trionfini
Attorney at Law
14 Case Street
North Canton, CT

HHS 0012

SANDRA A. TRIONFINI
ATTORNEY AT LAW
14 CASE STREET
NORTH CANTON, CONNECTICUT 06059
————
(203) 693-0639

July 7, 1997

Hon. Bruce H. Zwecker
Chief Administrative Law Judge
Social Security Administration
Office of Hearings and Appeals
157 Church Street, 22nd Floor
New Haven, Connecticut  06510

**RECEIVED**

JUL 0 7 1997
O H A
NEW HAVEN, CT 06510

RE:  Our Client:  Med-Center Home Health Care-
     Administrative Appeals

Dear Judge Zwecker:

   Our office represents Med-Center Home Health Care with regard to a request for an
Administrative Law Judge hearing to challenge the refusal of the Associated Hospital Services of
Maine (AHSM), the Medicare fiscal intermediary for home health care, to process Medicare
claims. We have previously requested Administrative Law Judge hearings with the fiscal
intermediary, AHSM. Those requests are appended to this letter, as is a list of the Medicare
beneficiaries and dates of service at issue. AHSM has denied our requests for hearing.

   Pursuant to 20 C.F.R. Section 404.952, we are requesting a consolidated hearing. That
Regulation allows consolidated hearings when, as in the present matter, an appeal involves a
single, legal issue. As detailed below, we are requesting that all claims be remanded to the fiscal
intermediary with instructions to issue initial Medicare claim determinations and/or to process the
claims in question. The provider will make all the medical records necessary to process these
claims available to AHSM.

   The cases at issue involve home health services provided by our agency to dually eligible
Medicare and Medicaid beneficiaries during various periods of service from 1991 through 1995. All
services now at issue were initially determined by our agency not to be eligible for Medicare
coverage. Most of the beneficiaries, when initially assessed by the provider, did not meet
Medicare criteria for homebound status or medical eligibility requirements. As they did not meet
these threshold requirements, services were billed to and paid by the Medicaid, Title XIX,
program. There is no allegation that the care Med-Center provided to the beneficiaries listed was
anything other than reasonable and necessary.

Several years later, acting under a contract with the Connecticut Department of Social Services, the Center for Medicare Advocacy (CMA) made claims for payment to the Medicare program for all services provided to the beneficiaries by the agency. These claims were part of CMA's Medicare Maximization Program which sought to have home health services which were previously covered by Medicaid now to be submitted to Medicare for claim under that program.

AHSM refused to process the claims at issue, basing its refusal exclusively on 42 C.F.R. Section 424.45. In its letter to the provider denying Administrative Law Judge hearings, AHSM stated that the matters, and the provider, was subject to "time limit rejects" in accordance with the above-cited regulation. That section provides, in part, that :

"A written statement of intent to claim Medicare benefits constitutes a claim if-
...(c) A claim that meets the requirements of Section 424.32(a) is filed within 6 months after the month in which the intermediary or carrier, as appropriate, advises the claimant to file a claim."

The relevant parts of Section 424.32(a) state:

"(a) A claim must meet the following requirements:
(1) A claim must be filed with the appropriate intermediary or carrier on a form prescribed by HCFA in accordance with HCFA instructions....
(3) A claim must be signed by the beneficiary or the beneficiary's representative...
(4) A claim must be filed within the time limited specified in Section 424.44."

The above-cited regulations solely refer to the obligations of the claimant, which in this matter would be the Center for Medicare Advocacy. Nowhere within the cited and relied upon regulations are there requirements for the provider of services and nowhere are there cited sanctions for the provider's failure to file information with the intermediary. There are no allegations that the Center for Medicare Advocacy failed to comply with the time limits above cited. The regulations cited also require notice to the claimant, rather than the provider of services. The fiscal intermediary did not provide the requisite notice to the claimant, as required under 42 C.F.R. Section 424.45(c). The Department of Social Services, as administrator of the Medicaid program, has ready access to all medical records relating to services provided under that program, including the claims presently at issue here. DSS would be able to complete the claim process in accordance with the notice requirements of the cited regulations.

It is the position of the provider that the Center for Medicare Advocacy, representing the interests of the Department of Social Services, filed a claim for Medicare benefits. In the event documentation was incomplete, a denial should have been issued by the intermediary. A denial would have allowed utilization of the available appeal process and appropriate documentation could have been reviewed upon appeal. There is no statutory or regulatory basis for a "time limit reject" which simply denied due process to the provider.

Based on AHSM's refusal to process the claims at issue, the Department of Social Services has advised the provider that it seeks to recoup all monies in Medicaid benefits which previously paid for the home health services. It is the provider's position that since the regulations relied upon by AHSM to refuse to process the claims refer to the claimant's responsibilities, any liability should be specifically held by the beneficiary. Such a finding would simply continue to attach the Medicaid payor source which correctly paid for the services provided to the beneficiaries.

It may also be found that AHSM's refusal to process these claims is clearly a determination made in response to CMA's claim for payment. CMA's claims for payment constitute a "request for payment" for purposes of 42 C.F.R. Sections 404.702 and 404.704(b). Under 42 CFR Section 405.704(b):

> "An initial determination with respect to an individual includes any determination made on the basis of a request for payment...(emphasis added)."

AHSM's refusal to process the claims may be found a determination made in response to CMA's claim for Medicare payment. As such, the refusals act as denials and are subject to the standard Medicare appeal process. 42 C.F.R. Section 405.708 et seq. Though AHSM has made a determination not to process these claims, it has refused requests for an Administrative Law Judge to challenge the determinations. There is no legal authority for the refusal to issue notice of Medicare claim determinations in these cases. Similarly, there is no legal basis for denying the provider the right to appeal the fiscal intermediary's determination.

In conclusion, the provider requests a hearing before an Administrative Law Judge to seek an order compelling the fiscal intermediary to process the claims at issue. Would you kindly contact this office at your earliest convenience to schedule a hearing.

Very truly yours,

Sandra A. Trionfini
Attorney at Law

# Medicare
(Title XVIII, Social Security Act)
## Associated Hospital Service of Maine
Part A Fiscal Intermediary

September 26, 1997

Bruce H. Zwecker, Administrative Law Judge
Office of Hearings and Appeals
Social Security Administration Office
22nd Floor Connecticut Financial Center
157 Church Street
New Haven, CT 06510

Dear Judge Zwecker:

It has just come to my attention that we received an inquiry from you on August 12, 1997 regarding a number of Administrative Law Judge (ALJ) Hearing requests related to our time limit rejects on Third Party Liability cases for Med-Center Health Care. We apologize for the delay in responding to your questions. Unfortunately your correspondence was not referred to the appropriate individual for a response. These ALJ requests involve a list of 37 beneficiaries that were appealed on Med-Center's behalf by their attorney Sandra Trionfini, on July 7, 1997.

On July 8, 1997 your office was in contact with us to obtain the claims folder for each of these cases. Shortly thereafter we indicated via telephone that we did not have a claims folder to send because the provider did not submit a Medicare claim corresponding to these cases. Indeed, the reason for the rejection of these cases was the providers failure to submit the requested bills and medical records so that we could perform an initial claims determination.

We issued the time limit rejection based on the attached instruction of May 1995 from our HCFA Regional Office. The usual process for a Third Party Liability case consists of a request by a Medicare advocate working on behalf of the State Medicaid Office for a Medicare coverage determination on paid Medicaid claims for patients who are eligible for both Medicaid and Medicare. As the Fiscal Intermediary, we request the bill and records from the provider and notify them that they must submit the requested information within six months. The bills and records received are reviewed to determine if Medicare coverage criteria are met. A Notice of Medicare Claims Determination is sent communicating the findings of our review. Failure to submit the bill within six months results in a rejection. The time limit rejection is not a claims determination, it is simply a notice indicating that the time limit to submit a claim has expired which thereby closes the Third Party Liability case.

The statement in our reject notice that "the beneficiary may not be charged" is in accordance with 42 Code of Federal Regulations, Section 489.21, which states that "--- the provider agrees not to charge a

2 Gannett Drive
So. Portland, ME 04106-6911
207-822-8585
Fax: 207-822-7926

1515 Hancock Street
Quincy, MA 02169-5228
617-689-2600
Fax: 617-689-2602

50 Salem Street
Lynnfield, MA 01940-2694
617-689-2600
Fax: 617-689-2850

HHS 0016

September 26, 1997
Judge Bruce H. Zwecker
Page 2

beneficiary for --- services for which the beneficiary would be entitled to have payment made if the provider --- had furnished the information required by the intermediary in order to determine the amount due the provider ---." A limitation on liability determination was not made. In fact no such decision could be made without first making a decision on the coverage of services.

In reference to your late August dismissal and instruction to perform a reconsideration on these cases, since we have not made a decision concerning the coverage of any services, we have no basis for conducting a reconsideration. Because we did not receive a claim, we have not actually issued an Initial Determination. Under section 405.704(c) of 42 Code of Federal Regulations, an Initial Determination must be made on the basis of a request for payment filed by the provider. Our decision and notice were based solely on the fact that we had not received a request for payment within the prescribed time limits.

For your information I have enclosed correspondence we have had with this provider on this subject as well as correspondence from the State of Connecticut and the HCFA Regional and Central Offices.

Once again we apologize for the delay in responding to your inquiry. If we can be of any further assistance please do not hesitate to contact me at (207) 822-7661.

Sincerely,


Paul D. Duplinsky
Manager of Administration
Medical Review & Appeals


Enclosures

JUL 1 4 1997

Post-It® Fax Note    7671    Date 7/14/97  # of pages ► 1
To Cathy Jordan          From Sandy Trionfini
Co./Dept.                Co.
Phone #                  Phone # (760) 693-0635
Fax #                    Fax #

Sandy is a response
preparing

**Social Security Administration**
----------------------------------

Office of Hearings and Appeals
157 Church St., 22nd floor
New Haven, CT 06510
Telephone:(203) 787-7771
July 10, 1997

Sandra A. Trionfini, Esq.
14 Case Street
North Canton, CT  06059

Dear Ms. Trionfini:

I have reviewed your letter of July 7, 1997, concerning the appeals
involving Med-Center Home Health Care.  It is therein indicated
that the fiscal intermediary has refused to process these claims
for payment, on the basis of a "time-limit reject" under 42 CFR
§§424.32 and 424.45.  You consequently request that I schedule a
hearing to seek an order to compel the fiscal intermediary to
process these claims for payment.

However, before I decide whether to schedule a hearing, I would
like you to submit a memorandum of law, addressing the following
issues:

    whether multiple Medicare claims, all arising under Title
    XVIII of the Social Security Act, may be consolidated for a
    single hearing, pursuant to 20 CFR § 404.952;

    whether, in light of 42 CFR §405.720(a), an administrative law
    judge has the authority to conduct a hearing and issue a
    decision, if there has been no reconsideration determination;
    and

    whether an administrative law judge has the authority to order
    an intermediary to process claims for payment.

Please submit the memorandum within the next thirty days; if
additional time is required, please advise.

Sincerely,

Bruce H. Zwecker
Administrative Law Judge

SANDRA A. TRIONFINI
ATTORNEY AT LAW
14 CASE STREET
NORTH CANTON, CONNECTICUT 06059
(908) 693-0639

July 31, 1997

Hon. Bruce H. Zwecker
Chief Administrative Law Judge
Social Security Administration
Office of Hearings and Appeals
157 Church Street, 22nd Floor
New Haven, Connecticut   06510

RE:  Our Client:  Med-Center Home Health Care
        Administrative Appeals

Dear Judge Zwecker:

   As requested, I am submitting the enclosed Memorandum of Law which discusses the three issues within your letter dated July 10, 1997.

   Thank you for your consideration to this matter.  Please do not hesitate to contact me should you require additional information.

                              Very truly yours,


                              Sandra A. Trionfini


SAT/ps
Enc.
cc:  Med-Center Home Health Care

PROVIDER: MED-CENTER HOME              : OFFICE OF HEARINGS AND APPEALS
          HEALTH CARE                  :

                                       : NEW HAVEN, CONNECTICUT

                                       : JULY 31, 1997

## MEMORANDUM OF LAW

## I  INTRODUCTION

This matter involves claims for Medicare payment for home health services provided to beneficiaries dually eligible under the Medicare and Medicaid programs. All claims were previously paid under Medicaid, Title XIX. Several years following payment, the Center for Medicare Advocacy demanded that the services be billed to the Medicare program. This Memorandum is prepared as requested in a letter from Administrative Law Judge Bruce H Zwecker dated July 10, 1997 wherein Judge Zwecker requests that three issues be addressed.

## II  DISCUSSION

### A. WHETHER MULTIPLE MEDICARE CLAIMS, ALL ARISING UNDER TITLE XVIII OF THE SOCIAL SECURITY ACT, MAY BE CONSOLIDATED FOR A SINGLE HEARING, PURSUANT TO 20 CFR SECTION 404.952.

The provider has requested hearings involving 47 different periods of service for 36 beneficiaries. The requests for these 47 hearings were denied by the fiscal intermediary. Since the denials involve the same issue for each period of service, in the interest of judicial expediency, the

provider requests a single hearing. This request was made pursuant to a letter from the provider's representative to Judge Zwecker dated July 7, 1997. In the alternative, separate hearings continue to be requested.

20 CFR Section 404.952 allows a consolidated hearing in a Title II claim where "one or more of the issues to be considered at the hearing ...are the same issues that are involved in another claim you have pending before us." Although this section appears to apply to Title II claims only, 20 CFR Section 405.701(c) states that "[s]ubparts J and R of 20 CFR 404 (dealing with determinations, the administrative review process and representation of parties) are also applicable to matters arising under paragraph (a) of this section [Title XVIII claims]..." This section can be interpreted as allowing 20 CFR Section 404.952 to apply to Title XVIII claims also. 20 CFR Section 405.701(d) defines the aggregation of claims occurring when "the claims sought to be aggregated are denied or reduced for similar reasons and arise from a similar fact pattern material to the reason the claims are denied." This definitional section applies to claims brought under Title XVIII.

The regulations also allow consolidated hearings for providers under 42 CFR Section 498.54. That regulation, involving suspensions and other issues involving providers, states "[w]hen two or more affected parties have requested hearings and the same or substantially similar matters are at issue, the ALJ may, if all parties agree, fix a single time and place for the ...hearing and conduct all proceedings jointly." There are no regulations which disallow such consolidation. The present matter before the court is unusual in that there are various periods of service involving multiple beneficiaries, however, the beneficiaries will not be financially impacted and the issues are identical within each matter.