Throughout this third party liability project, Administrative Law Judges have often

consolidated claims where there are different periods of service involving the same beneficiary

(See attached decision of Administrative Law Judge Charles A. Stark dated August 27, 1996)  In

this present matter, the issue is an alleged "time limit reject" under 42 CFR Sections 424.32 and

424.45. The issue is the same for each requested hearing. The beneficiaries will not be affected

by any outcome since they will never be held personally liable for any service provided. The

decision will not be prejudicial to any beneficiary. The provider therefore requests one hearing on

this issue. In the alternative, it is requested that one hearing be held for each beneficiary,

irrespective of the number of periods of service for each or that 47 separate hearings be allowed

B.  **WHETHER, IN LIGHT OF 42 CFR SECTION 405.720(a), AN ADMINISTRATIVE**

**LAW JUDGE HAS THE AUTHORITY TO CONDUCT A HEARING AND ISSUE A**

**DECISION, IF THERE HAS BEEN NO RECONSIDERATION DETERMINATION.**

42 CFR Section 405.702 states the requirement of a Notice of initial determination. This

section falls under Subpart G of the Regulations which is the part discussing Reconsiderations and

Appeals under Medicare Part A.  It states:

> "After a <u>request</u> for payment under part A of title XVIII of the Act is filed with the
> intermediary by or on behalf of the individual who received ...home health services, and
> the intermediary has ascertained whether the items and services furnished are covered
> under part A of title XVIII, the individual <u>will be notified in writing of the initial deter-</u>
> <u>mination in such individual's case. ...These notices shall be mailed to the individual</u>
> <u>and the provider of services... and shall state in detail the basis for the determination.</u>
> <u>Such written notices shall also inform the individual and the provider of services of</u>
> <u>their right to reconsideration of the determination if they are dissatisfied with the</u>
> <u>determination.</u>" [emphasis added].

HHS 0022

The Center for Medicare Advocacy, acting as representative for the beneficiaries within this matter, clearly requested Medicare payment for services. It was incumbent upon the fiscal intermediary to issue an appropriate Notice of claim determination and to inform the parties of the right to a reconsideration determination. The intermediary failed to issue such a determination and halted the process mandated under this regulation. The intermediary instead issued something which it termed "time limit rejects" which seem to have no basis at all in the regulations or statutes. These rejects were a violation of the cited regulation.

42 CFR Section 405.704 lists actions which are initial determinations as including, under subsection (2) "[a] disallowance of an individual's application for entitlement to hospital or supplementary medical insurance, if the individual fails to submit evidence requested by SSA to support the application...." Under this regulation, the "time limit reject" could be found an initial determination which should have tolled the review process. As such, it is defective in not informing the parties of their right to appeal and in denying further process to the beneficiary and provider.

42 CFR Section 404.946(a) states that "[t]he issues before the Administrative Law Judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor." It also allows the ALJ to revisit issues which were determined favorably. Under this Regulation, an ALJ has the authority to change an initial determination as well as a reconsidered determination. Any issue raised can be appealed. Under 42 CFR Section 404.948(c)(1) an ALJ may also remand a case for a revised determination.

Within the present matters, it is the intermediary's claim that no initial determination or reconsidered determination was made. There is nothing within the regulations or statutes which

HHS 0023

allow the intermediary to do this. In fact, it may be found that the so called "time limit rejects" were initial determinations which were improperly issued and improperly noticed. The ALJ, within the regulations, has full authority to review any issue which arises at any step during the process. To allow the intermediary the ability to forfeit process by simply stating that it will not issue a determination or a reconsidered determination, is not an option within the regulations. The opposite, rather, can be argued. The determination and reconsidered determination is clearly mandated as stated above. The intermediary (and HCFA) cannot escape process required under 42 CFR Section 405.720(a) by simply refusing to reconsider a determination. Under 42 CFR Section 404.9ll, the Regulations define good cause for missing the deadline to request review as including an intermediary's actions which misled the party appealing. The provider was misled by the intermediary's failure to issue appropriate claim determinations and by its failure to allow the provider continued due process. The provider now seeks remand for appropriate process, either through appropriate claim determination or through a reconsidered determination.

The ALJ has the ability, through regulation, to remand for appropriate process. This ability has been employed throughout this third party liability process, for example, where inappropriate documentation has been submitted to the intermediary for review. It is now requested that the ALJ remand the cases at issue for an appropriate determination and reconsidered determination consistent with 42 CFR Section 405.702. The ALJ may also change the initial determination (so called "time limit reject") to comply with 42 CFR 405.702 by giving the provider an appropriate denial or notice of appeal process.

## C  WHETHER AN ADMINISTRATIVE LAW JUDGE HAS THE AUTHORITY TO ORDER AN INTERMEDIARY TO PROCESS CLAIMS FOR PAYMENT.

42 CFR Section 404.946(a) states that any and all issues brought out during any time in the process are available for review before an Administrative Law Judge  Specifically, it is stated that this includes "all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor."  Should it be found that the "time limit rejects" were initial determinations (as may be argued under 42  CFR Section 405.704, which lists actions which are initial determinations as including a disallowance of the application if there is a failure of documentation to support the application), the intermediary is in violation of regulations by failing to give notice and due process rights to the provider. This is an issue that the Administrative Law Judge has jurisdiction over under 42 CFR Section 404.946(a)

Even if it is found that the "time limit rejects" were not initial determinations under that regulation, then it is clear from 42 CFR Section 405.704 that initial determinations should have been issued.  A Notice of Medicare Claim Determination denying the claims for lack of proper documentation appears to be the proper determination which should have been issued.  This would have triggered the appeal process for the provider.  The ALJ can consider any issue, including defects within claim determinations and reconsidered determinations.  Any issue would include the authority to order an intermediary to process claims for payment.  Irrespective of that authority, however, the ALJ clearly has the authority to order an appropriate initial determination which either denies or approves a claim and which tolls appeal process.  This is what is presently being requested by the provider and is the issue within all claims being submitted for hearing

HHS 0025

The intermediary, within its "time limit rejects," found the provider liable for the services provided to the beneficiary. Within the rejects is stated "[t]he beneficiary may not be charged for any related services." The intermediary based this liability upon 42 CFR Section 424.45(c) of the regulations. That section imposes time limit restrictions upon the claimant. The claimant in these matters was the beneficiary and not the provider. The claimant, in fact, was either the beneficiary and/ or its subrogee, the Connecticut Department of Social Services, which administers the Medicaid, Title XIX, program. DSS had access to billing for all matters in contest, as it was the intitial payor source. It could have submitted these billings to the intermediary, just as well as the provider. 42 CFR Section 424.45(c), in fact, directs this obligation to the claimant. It is the provider's position that the services rendered were appropriately billed to the Medicaid, Title XIX, program. That program paid for the services shortly following the dates of service. For the intermediary to now impose liability upon the provider using 42 CFR Section 424.45(c) is in contravention of this regulation, which does not specifically mandate a sanction. Rather, 42 CFR Section 405.702 states that a determination should have been issued, perhaps a denial if documentation was not appropriate to support a claim, but certainly not a "time limit reject" which halted mandated process. This is an issue which may be considered by the ALJ under 42 CFR Section 946(a). The provider requests that a hearing, or hearings, be conducted to consider this issue.

Respectfully submitted,

_____

Sandra Trionfini

Attorney at Law

HHS 0026

# Medicare
(Title XVIII, Social Security Act)
## Associated Hospital Service of Maine
Part A Fiscal Intermediary

| Post-it® Fax Note | 7671 | Date 10/1/97 | # of pages ► 2 |
|---|---|---|---|
| To Jaimie Hanley | | From Sandy Trionfini | |
| Co./Dept. | | Co. | |
| Phone # | | Phone # | |
| Fax # | | Fax # | |

September 26, 1997

Bruce H. Zwecker, Administrative Law Judge
Office of Hearings and Appeals
Social Security Administration Office
22nd Floor Connecticut Financial Center
157 Church Street
New Haven, CT 06510

Dear Judge Zwecker:

It has just come to my attention that we received an inquiry from you on August 12, 1997 regarding a number of Administrative Law Judge (ALJ) Hearing requests related to our time limit rejects on Third Party Liability cases for Med-Center Health Care. We apologize for the delay in responding to your questions. Unfortunately your correspondence was not referred to the appropriate individual for a response. These ALJ requests involve a list of 37 beneficiaries that were appealed on Med-Center's behalf by their attorney Sandra Trionfini, on July 7, 1997.

On July 8, 1997 your office was in contact with us to obtain the claims folder for each of these cases. Shortly thereafter we indicated via telephone that we did not have a claims folder to send because the provider did not submit a Medicare claim corresponding to these cases. Indeed, the reason for the rejection of these cases was the providers failure to submit the requested bills and medical records so that we could perform an initial claims determination.

We issued the time limit rejection based on the attached instruction of May 1995 from our HCFA Regional Office. The usual process for a Third Party Liability case consists of a request by a Medicare advocate working on behalf of the State Medicaid Office for a Medicare coverage determination on paid Medicaid claims for patients who are eligible for both Medicaid and Medicare. As the Fiscal Intermediary, we request the bill and records from the provider and notify them that they must submit the requested information within six months. The bills and records received are reviewed to determine if Medicare coverage criteria are met. A Notice of Medicare Claims Determination is sent communicating the findings of our review. Failure to submit the bill within six months results in a rejection. The time limit rejection is not a claims determination, it is simply a notice indicating that the time limit to submit a claim has expired which thereby closes the Third Party Liability case.

The statement in our reject notice that "the beneficiary may not be charged" is in accordance with 42 Code of Federal Regulations, Section 489.21, which states that "--- the provider agrees not to charge a

| 2 Gannett Drive | 1515 Hancock Street | 50 Salem Street |
|---|---|---|
| So. Portland, ME 04106-6911 | Quincy, MA 02169-5228 | Lynnfield, MA 01940-2694 |
| 207-822-8585 | 617-689-2600 | 617-689-2600 |
| Fax: 207-822-7926 | Fax: 617-689-2602 | Fax: 617-689-2850 |

HHS 0027

September 26, 1997
Judge Bruce H. Zwecker
Page 2

beneficiary for --- services for which the beneficiary would be entitled to have payment made if the provider --- had furnished the information required by the intermediary in order to determine the amount due the provider ---." A limitation on liability determination was not made. In fact no such decision could be made without first making a decision on the coverage of services.

In reference to your late August dismissal and instruction to perform a reconsideration on these cases, since we have not made a decision concerning the coverage of any services, we have no basis for conducting a reconsideration. Because we did not receive a claim, we have not actually issued an Initial Determination. Under section 405.704(c) of 42 Code of Federal Regulations, an Initial Determination must be made on the basis of a request for payment filed by the provider. Our decision and notice were based solely on the fact that we had not received a request for payment within the prescribed time limits.

For your information I have enclosed correspondence we have had with this provider on this subject as well as correspondence from the State of Connecticut and the HCFA Regional and Central Offices.

Once again we apologize for the delay in responding to your inquiry. If we can be of any further assistance please do not hesitate to contact me at (207) 822-7661.

Sincerely,

Paul D. Duplinsky
Manager of Administration
Medical Review & Appeals


Enclosures

SANDRA A. TRIONFINI
ATTORNEY AT LAW
14 CASE STREET
NORTH CANTON, CONNECTICUT 06059

(860) 693-0639
January 12, 1998

Ms. Nancy Ann Min DeParle
Administrator
Health Care Financing Administration
200 Independence Avenue S.W.
Room 314G- HHH
Washington, D.C.  20201

| Post-it® Fax Note | 7671 | Date 1-8-98 | # of pages ▶ 1 |
|---|---|---|---|
| To Cathy Jordan | | From Sandy TRIONFINI | |
| Co./Dept. | | Co. | |
| Phone # | | Phone # | |
| Fax # | | Fax # | |

RE:  Med-Center Home Health Care-
     Claims for Medicare benefits

Dear Administrator Min DeParle:

   Our office represents Med-Center Home Health Care, Inc., which is a non-profit home health agency providing services within Danbury, Connecticut and the surrounding towns.  Some time ago, appeals were presented before an Administrative Law Judge (ALJ) at the New Haven, Connecticut Office of Hearings and Appeals.  These appeals involved home health services provided by Med-Center to dually eligible Medicare and Medicaid beneficiaries during various periods of service from 1991 through 1995.  The issues presented before the ALJ were identical for each beneficiary.  Enclosed is a list of Beneficiaries, HIC Numbers and periods of service at issue.

   The ALJ issued identical decisions for each period of service.  I enclose a copy of one of the decisions issued.  The decisions were favorable to our client in that they remanded the claims back to the intermediary and instructed the intermediary to issue a reconsiderations determinations.

   To date, we have not received reconsiderations determinations for any of the matters at issue. Would you kindly inform my office as to the status of these matters and to HCFA's intention regarding the ALJ orders.  I have contacted the Appeals Council and was told, by telephone, that HCFA has not requested any appeal for any of the matters at issue.

                         Very truly yours,


                         Sandra A. Trionfini
                         Attorney at Law


SAT/ps
Encs.

HHS 0029



DEPARTMENT OF HEALTH & HUMAN SERVICES

HEALTH CARE FINANCING
ADMINISTRATION

Division of Beneficiaries,
Health Plans and Providers

Region 1
J.F.K. Federal Building
Government Center
Boston, MA 02203



MAR 3 1998

Catherine E. Jordan
Vice President/Executive Director
Med-Center Home Health Care
72 Gray-Bridge Road
Brookfield, Connecticut 06804

    Re:   Time Limit Rejects Issued By Associated Hospital Service of Maine

Dear Ms. Jordan:

This letter is in response to the decisions issued by Administrative Law Judge Bruce H. Zwecker pertaining to the home health services provided by Med-Center Home Health Care ("Med-Center") in a total of 40 cases. These decisions were issued by Judge Zwecker between the period from August 28 to September 10, 1997. In each of the 40 cases, Associated Hospital Service of Maine ("AHS"), the regional home health intermediary, had denied Medicare payment for the services provided the beneficiary on the basis that Med-Center had failed to file a claim for Medicare payment within the time limits established by 42 C.F.R. §§ 424.44 and 424.45. We understand that all of the services at issue in these 40 cases have been covered under the Title XIX Medicaid program by the Connecticut Department of Social Services.

In each of his decisions, Judge Zwecker directed AHS to reconsider its denial of Medicare payment for the services at issue in the case. Contrary to Judge Zwecker's opinion, however, AHS' decision to reject Med-Center's claim for payment as untimely was not an appealable "initial determination" with respect to Med-Center. Accordingly, Med-Center is not entitled under the Medicare appeals regulations to a formal reconsideration of AHS' decision.

The regulations governing Part A Medicare appeals provide that an individual who is dissatisfied with an "initial determination" may, in certain instances, appeal that

determination. However, the regulations distinguish between the types of actions that constitute appealable initial determinations with respect to providers and with respect to individuals. 42 C.F.R. § 405.704. For purposes of appeals by individuals, the regulations set forth a wide range of determinations made on the basis of a request for payment that constitute initial determinations. 42 C.F.R. § 405.704(b).

However, with respect to a provider of services, the regulations provide that a determination made on the basis of a request for payment will be considered an initial determination only if the determination involves a finding that the items or services rendered were excluded from coverage by reason of § 411.15(g) or § 411.15(k), and a finding that either the individual or the provider, or both, knew or should have known that the items or services were excluded from coverage. 42 C.F.R. § 405.704(c). See also 42 C.F.R. § 405.710(b). In the 40 cases at issue here, AHS did not make either of the findings described by § 405.704(c). Rather, in each of the cases, AHS denied payment because Med-Center had not filed the claim for payment within the time limits established by §§ 424.44 and 424.45.

The Medicare Intermediary Manual provides guidance concerning the appealability of a determination that a Part A claim was not timely filed. Section 3311 of the manual states that -

> Where the beneficiary does not agree with the determination that the claim was not filed timely or with the assignment to him of the responsibility for the late filing, the usual appeal rights are available to him, i.e., reconsideration, hearing.... Where the provider is protesting the denial of payment or the assignment of responsibility, no formal channels of appeal are available. However, the intermediary may, at the request of the provider, informally review its initial determination.

In the instant matter, the regulations and the manual establish that an intermediary finding that a provider's claim was not timely filed is not an initial determination with respect to the provider. Therefore, Med-Center is not entitled to a reconsideration of the time limit rejects issued by AHS.

Although Med-Center is not entitled under the regulations to a formal reconsideration of the time limit rejects, neither HCFA nor AHS is precluded from informally reviewing the payment denials. However, in a letter to you dated June 20, 1997 (copy enclosed), we reviewed the facts and circumstances surrounding the time limit rejects, and concluded that the decision made by AHS in each of the 40 cases was consistent with

the Federal regulations which govern the time limits for filing Medicare claims for payment. We have not been made aware of any additional information that would cause us to reach a different conclusion.

Sincerely yours,

Peter C. Toland
Associate Regional Administrator

Enclosure
cc:

    Sandra A. Trionfini, Esq.
    14 Case Street
    North Canton, CT  06059

    Center for Medicare Advocacy
    P.O. Box 350
    Willimantic, CT  06226

    Paul Duplinsky
    Associated Hospital Service of Maine

    Clifford Pierce
    Office of General Counsel, HHS

HHS 0032



**MED-CENTER**
**HOME HEALTH CARE**
A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

May 20, 1997                          Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

*PROGRAMS*

      Re:    Provider #:    07-7171
              Provider:     Med-Center Home Health Care
              Beneficiary#: 
              Beneficiary:

*FEATURES*

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary.
Pursuant to this time-limit rejected claim, a copy of which is attached, we are
requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*ADMINISTRATIVE*
*OFFICES*

Catherine E. Jordan
Vice President
Executive Director

*BRANCH*
*OFFICES*

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

*EXECUTIVE*
*DIRECTOR*
*Catherine E. Jordan,*
*R.N., M.S.A.*

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO. 0938-0468

## REQUEST FOR <u>PART A</u> MEDICARE HEARING BY AN ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

Address:

City:                State:        Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant:)*

Address:

City:                State:        Zip Code:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*

ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE

Address:
  2 GANNETT DRIVE

City:                State:        Zip Code:
SOUTH PORTLAND, MAINE 04106

5. Period in Question
From:

1/1/93

To:

9/30/93

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:

the Fiscal intermediary has Refused to process this claim

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

8. Check
Only One
Statement:
☒ I wish to appear in person.
☐ I do not wish to appear and I request that a decision be made on the basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check
Only One
Statement:
☒ I have additional evidence to submit.
☐ I have no additional evidence to submit.

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature)

Address:

City:                State:

Date: 5/19/97 Telephone Number: (         )

12. (Representative's Signature/Name)
Sandy Trionfini

Address: 14 Case Street
☒ Attorney
☐ Non-Attorney

City:                State:        Zip Code
North Canton, CT    06059

Date: 5/19/97 Telephone Number: ( 203 ) 693-0639

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed? ☐ Yes ☐ No   If "No" is checked:
(1) Attach appellant's explanation for delay.
(2) Attach any pertinent letter, material, or information in the Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service
                                or organizations provided

16. ACKNOWLEDGMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at_____. The
Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By_____
  (Signature/Title)

  (Street)

  (City/State/ZipCode) Servicing Social Security Office Code

18.
HEARING
OFFICE
COPY

TO:
☐ OHA Hearing Office _____

☐ Other _____ (location)

19. CLAIM
FILE
COPY

TO: ☐ Intermediary

☐ PRO    ☐ HMO/CMP

☐ Other

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.
CLAIM FILE

HHS 0034

**Medicare A**
**(Title XVIII, Social Security Act)**
**Associated Hospital Service of Maine**
**Part A Fiscal Intermediary**
nnett Drive
South Portland, Maine 04106-6911

INTERMEDIARY NUMBER                              207-822-7462
          00180

TIME LIMIT REJECT

BENEFICIARY (OR REP)                          DATE
CTR MEDICARE ADVOCACY                          03/05/96
P.O. BOX 350
WILLIMANTIC CT 06226


                                    SERVICES PROVIDED BY:
                                    MED CENTER HHC
                                    72 GRAY'S BRIDGE ROAD
                                    BROOKFIELD, CT 06804-2632
RE:                                 PROVIDER NUMBER: 07-7171


HEALTH INSURANCE CLAIM NUMBER          DATES OF SERVICE
                                       01/01/93-09/30/93
-----------------------------------------------------------------
   WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION.  WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
   THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED.  THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45.(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.


PROVIDER COPY



# MED-CENTER
# HOME HEALTH CARE
### A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

**SERVICES**

■ *Skilled Nursing*
■ *Home Health Aides*
■ *IV Technicians*
■ *Medical Social Work*
■ *Occupational Therapy*
■ *Physical Therapy*
■ *Speech Therapy*

**PROGRAMS**

■ *Maternal/Child*
■ *Pediatric*
■ *Adult & Geriatric*
■ *Post-Operative*
■ *Home Infusion*
■ *Rehabilitation*

**FEATURES**

■ *Available 24 Hours 7 Days a Week*
■ *State Licensed*
■ *Medicare Certified*
■ *JCAHO Accredited*

**ADMINISTRATIVE OFFICES**

*72 Grand Bridge Road*
*Brookfield, CT 06804*
*Tel: (203) 740-5100*
*1-888-34MEDCTR*
*Fax: (203) 740-7334*

**BRANCH OFFICES**

*Danbury, CT*
*Tel: (203) 748-9223*
*Fax: (203) 748-9193*

*Middlebury, CT*
*Tel: (203) 598-3466*
*Fax: (203) 598-3464*

*New Milford, CT*
*Tel: (860) 354-8864*
*Fax: (860) 355-5098*

*Brewster, NY*
*Tel: (914) 279-1102*
*Fax: (914) 279-1104*

**EXECUTIVE DIRECTOR**

*Catherine E. Jordan,*
*R.N., M.S.A.*

May 14, 1997                         Certified Mail #Z 264 011 375


Connecticut Department of Social Services
Office of Administrative Hearing and Appeals
55 West Main Street
Meridan, CT  06451-4117

Re:  Provider #4069753          Provider Name: Med-Center Home
                                                Health Care
      Beneficiary █████████   Beneficiary Name: ███████████

To Whom It May Concern:

Pursuant to the undated form letter received from your office and the Medicare
Proof of Non-Duplication of Payment (PONDOP) letter dated 5/1/97 regarding
recoupment monies from the Medicaid remittance advice for services provided to
the above named beneficiary, we are requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*Catherine E. Jordan*

Catherine E. Jordan
**Vice President**
**Executive Director**


Encl:    Dept of Social Services form letter
          PONDOP letter

cc:    Sandra A. Trionfini, Esq.


G:\HOME\SANDY\CJ5597



# STATE OF CONNECTICUT
*DEPARTMENT OF SOCIAL SERVICES*

25 SIGOURNEY STREET • HARTFORD, CONNECTICUT 06106-5033

Attention Home Health Provider:

As a result of the Department's Home Health Medicare Maximization Project, some of your patients now have received retroactive Medicare coverage for Medicaid paid services. These recipients are individually identified on the enclosed Medicare "Proof of Non-Duplication of Payment" (PONDOP) letter(s). <u>Please do not attempt to refund these Medicaid payments to the Department via a check or paid claims adjustment request (PCAR).</u> This may cause a duplicate recovery to occur. In about two months from the date of the PONDOP, the Department through its fiscal contractor (EDS) will <u>AUTOMATICALLY</u> recover your Medicaid paid claims. A computer generated worksheet is enclosed identifying these Medicaid claims which will be adjusted from your <u>future</u> remittance advice.

Previously, you received a Medicare favorable decision letter (either for an Initial Determination, Reconsideration, or ALJ Hearing) for these recipients. Blue Cross of Maine will be processing this Medicare reimbursement directly to you. Blue Cross of Maine advises that it will not routinely require submission of any other documentation in order for you to receive your Medicare payment resulting from this project.

Any questions regarding these procedures should be directed to either Department of Social Services Quality Assurance - Fraud and Recoveries: Eric Lecko at 424-5977, EDS at 832-9259, or BC of Maine, John Raeke at 1-207-822-7000.

Sincerely,

Vaira Paegle
Vaira Paegle
Manager

VP/el/1

An Equal Opportunity / Affirmative Action Employer
Printed on Recycled or Recovered Paper

HHS 0037

# STATE OF CONNECTICUT

### DEPARTMENT OF SOCIAL SERVICES

25 SIGOURNEY STREET • HARTFORD, CONNECTICUT 06106-5033

MEDICARE PROOF OF NON-DUPLICATION OF PAYMENT (PONDOP) LETTER

PROVIDER NUMBER  _4069753_          DATE _5/1/97_

PROVIDER NAME/ADDRESS  _Med. Center Home Health Care._

_72 Grays Bridge Road_

_Brookfield, CT 06804_

RECIPIENT NAME  ████████    ████████

MEDICAID ID NUMBER  ████████          HIC NUMBER _____

The above recipient has had a favorable Home Health Medicare decision resulting in additional Medicare Home Health coverage now becoming available.  The Department of Social Services has authorized EDS to recoup from your remittance advice the following Medicaid paid services for the period of Medicare coverage.  As indicated below, some of these services may be recouped due to a Medicare Provider Liable decision (B = agency failed to bill for appealed services, D = agency failed to provide documentation for appealed services, O = other)

| Procedure Code | From | Through | T19 Units* | Provider Liable (B,D,O) | Start of Care | Month |
|---|---|---|---|---|---|---|
| 1800Z | 1-6-93 | 6-28-93 | 22 | O | | |
| ↓ | 7-13-93 | 9-27-93 | 12 | ↓ | | |
| ___ | ___ | ___ | ___ | ___ | ___ | ___ |
| ___ | ___ | ___ | ___ | ___ | ___ | ___ |
| ___ | ___ | ___ | ___ | ___ | ___ | ___ |
| ___ | ___ | ___ | ___ | ___ | ___ | ___ |

*If the service is a visit or hour procedure code, then the "Units" are expressed in the number of visits or hours.  If the service is for home health aide, then the "Units" are expressed in a multiple of 15 minute increments.   You may contact EDS Provider Relations Unit at 1-800-842-8440 or (860)832-9259 regarding any questions on these adjustments.

Sincerely,
Electronic Data Systems Corporation

An Equal Opportunity / Affirmative Action Employer
Printed on Recycled or Recovered Paper



# MED-CENTER
# HOME HEALTH CARE
A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

May 20, 1997                    Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

*PROGRAMS*

Re:    Provider #:    07-7171
       Provider:      Med-Center Home Health Care
       Beneficiary#:  
       Beneficiary:

*FEATURES*

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary.
Pursuant to this time-limit rejected claim, a copy of which is attached, we are
requesting an administrative fair hearing.

Thank you for your attention to this matter.

*ADMINISTRATIVE*
*OFFICES*

Sincerely,

Catherine E. Jordan
Vice President
Executive Director

*BRANCH*
*OFFICES*

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

*EXECUTIVE*
*DIRECTOR*
Catherine E. Jordan,
R.N., M.S.A.

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO. 0938-0468

## REQUEST FOR PART A MEDICARE HEARING BY AN
## ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-S200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant.)*

Address:

Address:

City:                    State:        Zip Code:

City:                State:        Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*

ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE

Address:
2 GANNETT DRIVE

City:               State:        Zip Code:
SOUTH PORTLAND, MAINE 04106

5. Period in Question
From:

4/1/94

To:

5/30/94

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:

the Fiscal intermediary has Refused to process the claim

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you
a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

8. Check
Only One
Statement:
☒ I wish to appear in person.
☐ I do not wish to appear and I request that a decision be made on the
basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check
Only One
Statement:
☒ I have additional evidence to submit.
☐ I have no additional evidence to submit.

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print
his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature)

Address:

City:              State:      Zip Code

Date: 5/19/97  Telephone Number: (          )

12. (Representative's Signature/Name)
Sandy Trionfini

Address: 14 Case Street

☒ Attorney
☐ Non-Attorney

City:            State:      Zip Code
North Canton, CT    06059

Date: 5/19/97  Telephone Number: ( 203 ) 693-0639

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed?  ☐ Yes ☐ No    If "No" is checked:
(1) Attach appellant's explanation for delay.
(2) Attach any pertinent letter, material, or information in the
Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service
or organizations provided

16. ACKNOWLEDGMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at _____. The
Administrative Law Judge will notify you of the time and place of the
hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By _____
(Signature/Title)

(Street)

(City/State/ZipCode)  Servicing Social Security Office Code _____

18.
HEARING
OFFICE
COPY

TO:
☐ OHA Hearing Office _____
                                (location)
☐ Other _____

19. CLAIM
FILE
COPY

TO: ☐ Intermediary
☐ PRO
☐ Other
☐ HMO/CMP

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.
CLAIM FILE

HHS 0040

**Medicare A**

Title XVIII, Social Security Act)
**Associated Hospital Service of Maine**
rt A Fiscal Intermediary
nnett Drive
uth Portland, Maine 04106-6911

INTERMEDIARY NUMBER
    00180

207-822-7462

TIME LIMIT REJECT

BENEFICIARY (OR REP)
CTR MEDICARE ADVOCACY
P.O. BOX 350
WILLIMANTIC CT 06226

DATE
03/05/96

SERVICES PROVIDED BY:
MED CENTER HHC
72 GRAY'S BRIDGE ROAD
BROOKFIELD, CT 06804-2632
PROVIDER NUMBER: 07-7171

RE: ████████

HEALTH INSURANCE CLAIM NUMBER
████████████

DATES OF SERVICE
01/01/93-09/30/93

---

  WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION. WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
  THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED. THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.

PROVIDER COPY

HHS 0041



## MED-CENTER HOME HEALTH CARE
### A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

**SERVICES**
- *Skilled Nursing*
- *Home Health Aides*
- *Homemakers*
- *Medical Social Work*
- *Occupational Therapy*
- *Physical Therapy*
- *Speech Therapy*

**PROGRAMS**
- *Maternal, Child*
- *Pediatric*
- *Adult & Geriatric*
- *Post-Operative*
- *Home Infusion*
- *Rehabilitation*

**FEATURES**
- *Available 24 Hours 7 Days a Week*
- *State Licensed*
- *Medicare Certified*
- *JAHO Accredited*

**ADMINISTRATIVE OFFICES**
72 Grays Bridge Road
Brookfield, CT 06804
Tel: (203) 740-5100
1-888-8-MEDCTR
Fax: (203) 740-7334

**BRANCH OFFICES**
*Danbury, CT*
Tel: (203) 748-9223
Fax: (203) 748-9193

*Middlebury, CT*
Tel: (203) 598-3466
Fax: (203) 598-3464

*New Milford, CT*
Tel: (860) 354-8864
Fax: (860) 355-5098

*Brewster, NY*
Tel: (914) 279-1102
Fax: (914) 279-1104

**EXECUTIVE DIRECTOR**
*Catherine E. Jordan,*
*R.N., M.S.A.*

May 2, 1997                                    Certified Mail #Z 264 011 372


Connecticut Department of Social Services
Office of Administrative Hearing and Appeals
55 West Main Street
Meridan, CT  06451-4117

Re:  Provider #4069753        Provider Name: Med-Center Home Health Care
     Beneficiary #███████  Beneficiary Name: ███████

To Whom It May Concern:

Pursuant to the undated form letter received from your office, the Medicare Proof
of Non-Duplication of Payment (PONDOP) letter dated 4/18/97, and the
recoupment of $1,666.48 from the Medicaid remittance advice dated 4/29/97 for
services provided to the above named beneficiary, we are requesting an
administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*Catherine E. Jordan*

Catherine E. Jordan
Vice President
Executive Director


Encl:    Dept of Social Services form letter
         PONDOP letter

cc:   Sandra A. Trionfini, Esq.


G:\HOME\SANDY\CJ5597

HHS 0042



# STATE OF CONNECTICUT

*DEPARTMENT OF SOCIAL SERVICES*

25 SIGOURNEY STREET • HARTFORD. CONNECTICUT 06106-5033

Attention Home Health Provider:

As a result of the Department's Home Health Medicare Maximization Project, some of your patients now have received retroactive Medicare coverage for Medicaid paid services. These recipients are individually identified on the enclosed Medicare "Proof of Non-Duplication of Payment" (PONDOP) letter(s). <u>Please do not attempt to refund these Medicaid payments to the Department via a check or paid claims adjustment request (PCAR).</u> This may cause a duplicate recovery to occur. In about two months from the date of the PONDOP, the Department through its fiscal contractor (EDS) will <u>AUTOMATICALLY</u> recover your Medicaid paid claims. A computer generated worksheet is enclosed identifying these Medicaid claims which will be adjusted from your <u>future</u> remittance advice.

Previously, you received a Medicare favorable decision letter (either for an Initial Determination, Reconsideration, or ALJ Hearing) for these recipients. Blue Cross of Maine will be processing this Medicare reimbursement directly to you. Blue Cross of Maine advises that it will not routinely require submission of any other documentation in order for you to receive your Medicare payment resulting from this project.

Any questions regarding these procedures should be directed to either Department of Social Services Quality Assurance - Fraud and Recoveries: Eric Lecko at 424-5977, EDS at 832-9259, or BC of Maine, John Raeke at 1-207-822-7000.

Sincerely,

Vaira Paegle
Manager

VP/el/l

An Equal Opportunity / Affirmative Action Employer
Printed on Recycled or Recovered Paper

HHS 0043



# STATE OF CONNECTICUT
## *DEPARTMENT OF SOCIAL SERVICES*
25 SIGOURNEY STREET • HARTFORD, CONNECTICUT 06106-5033

MEDICARE PROOF OF NON-DUPLICATION OF PAYMENT (PONDOP) LETTER

PROVIDER NUMBER *4069753*                    DATE *4-18-97*

PROVIDER NAME/ADDRESS *Med. Center Home Health Care.*
*72 Grays Bridge Road*
*Brookfield, CT 06804*

RECIPIENT NAME ▇▇▇▇▇▇▇▇▇▇

MEDICAID ID NUMBER ▇▇▇▇▇▇▇▇    HIC NUMBER _____

The above recipient has had a favorable Home Health Medicare decision resulting in additional Medicare Home Health coverage now becoming available. The Department of Social Services has authorized EDS to recoup from your remittance advice the following Medicaid paid services for the period of Medicare coverage. As indicated below, some of these services may be recouped due to a Medicare Provider Liable decision (B = agency failed to bill for appealed services, D = agency failed to provide documentation for appealed services, O = other)

| Procedure Code | From | Through | T19 Units* | Provider Liable (B,D,O) | Start of Care | Month |
|---|---|---|---|---|---|---|
| *1800Z* | *4-5-94* | *5-17-94* | *8* | *O* | | |
| *1910Z* | *4-1-94* | *5-20-94* | *288* | *O* | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*If the service is a visit or hour procedure code, then the "Units" are expressed in the number of visits or hours. If the service is for home health aide, then the "Units" are expressed in a multiple of 15 minute increments. You may contact EDS Provider Relations Unit at 1-800-842-8440 or (860)832-9259 regarding any questions on these adjustments.

Sincerely,
Electronic Data Systems Corporation

An Equal Opportunity / Affirmative Action Employer
Printed on Recycled or Recovered Paper

HHS 0044

SANDRA A. TRIONFINI
ATTORNEY AT LAW
14 CASE STREET
NORTH CANTON. CONNECTICUT 06059

(203) 693-0639


May 13, 1997

Connecticut Department of Social Services
Office of Administrative Hearings and Appeals
55 West Main Street
Meridan, Connecticut   06451-4117

RE:  Provider: Our Client: Med Center Home Health Care
                        #4069753
     Beneficiary: █████████████████████████

Dear Sir or Madam:

    You are advised that I represent Med Center Home Health Care
with regard to their request for an administrative hearing for
services rendered to the above beneficiary.  I am enclosing a
copy of my client's letter to your office dated May 2, 1997.

    Would you kindly contact me at your earliest convenience to
schedule a hearing.

                            Very truly yours,



                            Sandra A. Trionfini

SAT/ps
Enc.
cc:  Med Center Home Health Care

# MED-CENTER
# HOME HEALTH CARE
### A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

*PROGRAMS*

*FEATURES*

*ADMINISTRATIVE OFFICES*

*BRANCH OFFICES*

*EXECUTIVE DIRECTOR*
Catherine E. Jordan,
R.N., M.S.A.

May 20, 1997                    Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

Re:    Provider #:    07-7171
       Provider:    Med-Center Home Health Care
       Beneficiary#: 
       Beneficiary:

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary. Pursuant to this time-limit rejected claim, a copy of which is attached, we are requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

Catherine E. Jordan
Vice President
Executive Director

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO 0938-0468

## REQUEST FOR PART A MEDICARE HEARING BY AN ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

Address: ▮▮▮▮▮▮▮▮▮▮▮

City:          State:          Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

3. Provider, Practitioner or Supplier: *(Leave blank if same as appellant.)*

Address:

City:          State:          Zip Code:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*

ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE
Address:
2 GANNETT DRIVE
City:          State:          Zip Code:
SOUTH PORTLAND, MAINE 04106

5. Period in Question
From: 11/1/93
To: 2/28/94

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:
The fiscal intermediary has Refused to process the claim

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

Check  ☒ I **wish** to appear in person.
Only One ☐ I **do not wish** to appear and I request that a decision be made on the
Statement: basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check ☒ I **have** additional evidence to submit.
Only One ☐ I **have no** additional evidence to submit.
Statement:

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature) ▮▮▮▮▮▮▮▮

Address: ▮▮▮▮▮▮▮

City: ▮▮▮▮    State: ▮▮    Zip Code ▮

Date: 5/19/97  Telephone Number: ( ▮▮▮▮▮▮

12. (Representative's Signature/Name)
Sandy Trionfini
Address: 14 Case Street       ☒ Attorney
                                 ☐ Non-Attorney
City:          State:          Zip Code
North Canton, CT    06059
Date: 5/19/97 Telephone Number: ( 203 ) 693-0639

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed?  ☐ Yes ☐ No  If "No" is checked:
   (1) Attach appellant's explanation for delay.
   (2) Attach any pertinent letter, material, or information in the Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service or organizations provided

16. ACKNOWLEDGEMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at_____. The
Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By _____
(Signature/Title)
_____
(Street)
_____
(City/State/ZipCode)  Servicing Social Security Office Code _____

18. HEARING OFFICE COPY
TO:
☐ OHA Hearing Office _____
                          (location)
☐ Other _____

19. CLAIM FILE COPY
TO: ☐ Intermediary
☐ PRO   ☐ HMO/CMP
☐ Other

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.

CLAIM FILE

HHS 0047

**Medicare A**
**(Title XVIII, Social Security Act)**
**Associated Hospital Service of Maine**
**Part A Fiscal Intermediary**

nnett Drive
th Portland, Maine 04106-6911

INTERMEDIARY NUMBER                            207-822-7462
     00180

TIME LIMIT REJECT

BENEFICIARY (OR REP)                                    DATE
                                                    10/09/96

                        SERVICES PROVIDED BY:
                        MED CENTER HHC
                        72 GRAY'S BRIDGE ROAD
                        BROOKFIELD, CT 06804-2632
                        PROVIDER NUMBER: 07-7171


     HEALTH INSURANCE CLAIM NUMBER          DATES OF SERVICE
                                            11/01/93-02/28/94
----------------------------------------------------------------
  WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION.  WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
  THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED.  THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.

PROVIDER COPY



## MED-CENTER
## HOME HEALTH CARE
### A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

**SERVICES**

- *Skilled Nursing*
- *Home Health Aides*
- *Homemakers*
- *Medical Social Work*
- *Occupational Therapy*
- *Physical Therapy*
- *Speech Therapy*

**PROGRAMS**

- *Maternal Child*
- *Pediatric*
- *Mature Geriatric*
- *Post-Operative*
- *Home Infusion*
- *Rehabilitation*

**FEATURES**

- *Available 24 Hours 7 Days a Week*
- *State Licensed*
- *Medicare Certified*
- *JAHO Accredited*

**ADMINISTRATIVE OFFICES**
72 Grays Bridge Road
Brookfield, CT 06804
Tel: (203) 740-5100
1-888-8-MEDCTR
Fax: (203) 740-7354

**BRANCH OFFICES**

Danbury, CT
Tel: (203) 748-9223
Fax: (203) 748-9195

Middlebury, CT
Tel: (203) 598-3400
Fax: (203) 598-3404

New Milford, CT
Tel: (860) 354-8864
Fax: (860) 355-5098

Brewster, NY
Tel: (914) 279-3102
Fax: (914) 279-1104

**EXECUTIVE DIRECTOR**
Catherine Jordan,
R.N., M.S.A.

May 20, 1997                          Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

     Re:    Provider #:   07-7171
            Provider:    Med-Center Home Health Care
            Beneficiary#:  ██████████
            Beneficiary:   ██████████

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary. Pursuant to this time-limit rejected claim, a copy of which is attached, we are requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*Catherine E. Jordan*

Catherine E. Jordan
**Vice President**
**Executive Director**

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B