DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO 0938-0466

# REQUEST FOR PART A MEDICARE HEARING BY AN ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY ACT NOTICE ON REVERSE SIDE OF FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*
MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

Address:

City:     State:     Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant:*

Address:

City:     State:     Zip Code:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*
ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE
Address: 2 GANNETT DRIVE
City: SOUTH PORTLAND, MAINE 04106     State:     Zip Code:

5. Period in Question
From: 10/1/91
To: 1/31/92

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:
*The fiscal intermediary has Refused to process the claim*

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

8. Check Only One     ☒ **wish** to appear in person.
☐ **do not wish** to appear and I request that a decision be made on the basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check Only One     ☒ I **have** additional evidence to submit.
☐ I **have no** additional evidence to submit.

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature)

Address:

City:     State:     Zip Code:

Date: 5/19/97     Telephone Number: (

12. (Representative's Signature/Name)
Sandy Trionfini
Address: 14 Case Street     ☒ Attorney ☐ Non-Attorney
City: North Canton, CT     State:     Zip Code 06059
Date: 5/19/97     Telephone Number: ( 203 ) 693-0639

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed? ☐ Yes ☐ No     If "No" is checked:
(1) Attach appellant's explanation for delay.
(2) Attach any pertinent letter, material, or information in the Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service or organizations provided

16. ACKNOWLEDGMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at _____. The Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By _____
(Signature/Title)
_____
(Street)
_____
(City/State/ZipCode)  Servicing Social Security Office Code _____

18. HEARING OFFICE COPY
TO:
☐ OHA Hearing Office _____
(location)
☐ Other

19. CLAIM FILE COPY
TO: ☐ Intermediary
☐ PRO     ☐ HMO/CMP
☐ Other

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.
CLAIM FILE

HHS 0050

**Associated Hospital Service of Maine**
**Part A Fiscal Intermediary**

Gannett Drive
uth Portland, Maine 04106-6911

INTERMEDIARY NUMBER
00180

207-822-7462

### TIME LIMIT REJECT

BENEFICIARY (OR REP)                                    DATE
CTR MEDICARE ADVOCACY                                03/11/96
P.O. BOX 350
WILLIMANTIC CT 06226

                                        SERVICES PROVIDED BY:
                                        MED CENTER HHC
                                        72 GRAY'S BRIDGE ROAD
        RE: ▓▓▓▓▓▓▓▓▓▓                  BROOKFIELD, CT 06804-2632
                                        PROVIDER NUMBER: 07-7171

    HEALTH INSURANCE CLAIM NUMBER        DATES OF SERVICE
        ▓▓▓▓▓▓▓▓▓▓▓                      10/01/91-01/31/92
------------------------------------------------------------------------
    WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION.  WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
    THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED.  THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
    THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.

                            PROVIDER COPY

L00041 R1/95

HHS 0051

# MED-CENTER
# HOME HEALTH CARE
A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

May 20, 1997                              Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

*PROGRAMS*

      Re:    Provider #:    07-7171
               Provider:     Med-Center Home Health Care
               Beneficiary#: 
               Beneficiary:

*FEATURES*

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary. Pursuant to this time-limit rejected claim, a copy of which is attached, we are requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*Catherine E. Jordan* (signature)

Catherine E. Jordan
Vice President
Executive Director

*ADMINISTRATIVE OFFICES*

*BRANCH OFFICES*

Enclosure

cc:    Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

*EXECUTIVE DIRECTOR*
Catherine E. Jordan,
R.N., M.S.A.

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO. 0938-0468

## REQUEST FOR <u>PART A</u> MEDICARE HEARING BY AN
## ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

| 2. Beneficiary: *(Leave blank if same as the appellant.)* | 3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant.)* |
|---|---|
| Address: | Address: |
| City:                State:        Zip Code: | City:          State:          Zip Code: |
| Area Code/Telephone Number: | |
| Health Insurance (Medicare) Claim Number: | |

| 4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)* | 5. Period in Question |
|---|---|
| ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE | From: 8/1/93 |
| Address: 2 GANNETT DRIVE | |
| City:          State:        Zip Code: SOUTH PORTLAND, MAINE 04106 | To: 9/30/93 |

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:

*the Fiscal intermediary has Refused to process the claim*

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

Check ☒ I **wish** to appear in person.
Only One ☐ I **do not wish** to appear and I request that a decision be made on the
Statement:  basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check ☒ I **have** additional evidence to submit.
Only One ☐ I **have no** additional evidence to submit.
Statement:

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

| 11. (Appellant's Signature) | 12. (Representative's Signature/Name) |
|---|---|
| | Sandy Trionfini |
| Address: | Address: 14 Case Street          ☒ Attorney / ☐ Non-Attorney |
| City:          State:        Zip Code | City:          State:   Zip Code North Canton, CT   06059 |
| Date: 5/19/97  Telephone Number: ( | Date: 5/19/97  Telephone Number: ( 203 ) 693-0639 |

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

| 13. Is this request timely filed? ☐ Yes ☐ No   If "No" is checked: | 14. Interpreter Needed: *(Language, including sign language)* |
|---|---|
| (1) Attach appellant's explanation for delay. (2) Attach any pertinent letter, material, or information in the Social Security office. | 15. Appellant not represented - ☐ List of legal referral and service or organizations provided |

| 16. ACKNOWLEDGMENT OF REQUEST FOR HEARING | 17. For the Social Security Administration |
|---|---|
| This request for hearing was filed on_____. The Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing. at _____ | By _____ (Signature/Title) (Street) (City/State/ZipCode) Servicing Social Security Office Code _____ |

| 18. HEARING OFFICE COPY | TO: ☐ OHA Hearing Office _____ (location) ☐ Other _____ | 19. CLAIM FILE COPY | TO: ☐ Intermediary ☐ PRO   ☐ HMO/CMP ☐ Other |
|---|---|---|---|

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.
CLAIM FILE

HHS 0053

**Medicare A**
(Title XVIII, Social Security Act)
**Associated Hospital Service of Maine**
**Part A Fiscal Intermediary**
.hett Drive
.ín Portland, Maine 04106-6911
INTERMEDIARY NUMBER                                     207-822-7462
     00180

                            TIME LIMIT REJECT

          BENEFICIARY (OR REP)                           DATE
          CTR MEDICARE ADVOCACY                        03/05/96
          P.O. BOX 350
          WILLIMANTIC CT 06226


                              SERVICES PROVIDED BY:
                              MED CENTER HHC
                              72 GRAY'S BRIDGE ROAD
                              BROOKFIELD, CT 06804-2632
     RE:                      PROVIDER NUMBER: 07-7171


       HEALTH INSURANCE CLAIM NUMBER        DATES OF SERVICE
                                            10/01/92-09/30/93
--------------------------------------------------------------------
    WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION.  WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
    THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED.  THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.


                            PROVIDER COPY



# MED-CENTER
# HOME HEALTH CARE
A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

May 20, 1997                              Certified Mail #P264 776 223

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

*PROGRAMS*

    Re:    Provider #:    07-7171
           Provider:     Med-Center Home Health Care
           Beneficiary#:  
           Beneficiary:

*FEATURES*

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary.
Pursuant to this time-limit rejected claim, a copy of which is attached, we are
requesting an administrative fair hearing.

Thank you for your attention to this matter.

Sincerely,

*ADMINISTRATIVE
OFFICES*

Catherine E. Jordan
Vice President
Executive Director

*BRANCH
OFFICES*

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

*EXECUTIVE
DIRECTOR*
*Catherine E. Jordan,
R.N., M.S.A.*

HHS 0055

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO. 0938-0468

## REQUEST FOR <u>PART A</u> MEDICARE HEARING BY AN ADMINISTRATIVE LAW JUDGE
*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

Address:

City:        State:        Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant.)*

Address:

City:        State:        Zip Code:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*

ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE
Address:
2 GANNETT DRIVE
City:        State:        Zip Code:
SOUTH PORTLAND, MAINE 04106

5. Period in Question
From: 10\1\92

To: 4\30\93

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:
The local intermediary has Refused to process the claim

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

8. Check
Only One
Statement:
☑ I **wish** to appear in person.
☐ I **do not wish** to appear and I request that a decision be made on the basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*

9. Check
Only One
Statement:
☑ I **have** additional evidence to submit.
☐ I **have no** additional evidence to submit.

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature)

Address:

City:        State:        Zip Code:

Date: 5/19/97  Telephone Number: (

12. (Representative's Signature/Name)
Sandy Trionfini
Address: 14 Case Street
City:        State:        Zip Code
North Canton, CT    06059
☑ Attorney
☐ Non-Attorney

Date: 5/19/97  Telephone Number: ( 203 ) 693-0639

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed? ☐ Yes ☐ No   If "No" is checked:
    (1) Attach appellant's explanation for delay.
    (2) Attach any pertinent letter, material, or information in the Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service or organizations provided

16. ACKNOWLEDGMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at_____. The
Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By_____
(Signature/Title)
_____
(Street)
_____
(City/State/ZipCode)  Servicing Social Security Office Code _____

18. HEARING OFFICE COPY
TO:
☐ OHA Hearing Office _____
☐ Other _____ (location)

19. CLAIM FILE COPY
TO: ☐ Intermediary
☐ PRO    ☐ HMO/CMP
☐ Other

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.
CLAIM FILE

HHS 0056

**Medicare A**
(Title XVIII, Social Security Act)
Associated Hospital Service of Maine
Part A Fiscal Intermediary
__nett Drive
South Portland, Maine 04106-6911

INTERMEDIARY NUMBER
00180

207-822-7462

TIME LIMIT REJECT

BENEFICIARY (OR REP)
CTR MEDICARE ADVOCACY                    DATE
P.O. BOX 350                             03/05/96
WILLIMANTIC CT 06226

SERVICES PROVIDED BY:
MED CENTER HHC
72 GRAY'S BRIDGE ROAD
BROOKFIELD, CT 06804-2632
RE                   PROVIDER NUMBER: 07-7171

HEALTH INSURANCE CLAIM NUMBER            DATES OF SERVICE
                                         10/01/92-09/30/93

-------------------------------------------------------------------------
WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION. WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED. THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.

PROVIDER COPY

HHS 0057



**MED-CENTER**
**HOME HEALTH CARE**
A DATAHR REHABILITATION INSTITUTE SUBSIDIARY

*SERVICES*

May 20, 1997                          Certified Mail #P264 776 223

*PROGRAMS*

Associated Hospital Services of Maine
Medicare Medical Review and Appeals
3 Gannet Drive
South Portland, Maine 04106

          Re:.   Provider #:      07-7171
                 Provider:        Med-Center Home Health Care
                 Beneficiary#:    
                 Beneficiary:

*FEATURES*

To Whom It May Concern:

We have received a denial for services provided to the above named beneficiary. Pursuant to this time-limit rejected claim, a copy of which is attached, we are requesting an administrative fair hearing.

Thank you for your attention to this matter.

*ADMINISTRATIVE*
*OFFICES*

Sincerely,

Catherine E. Jordan
Vice President
Executive Director

*BRANCH*
*OFFICES*

Enclosure

cc:   Sandra A. Trionfini, Esq.

G:\HOME\SANDY\CJ520B

*EXECUTIVE*
*DIRECTOR*
Catherine E. Jordan,
R.N., M.S.A.

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH CARE FINANCING ADMINISTRATION

FORM APPROVED
OMB NO 0938-0468

## REQUEST FOR PART A MEDICARE HEARING BY AN ADMINISTRATIVE LAW JUDGE

*(Amount in controversy must be $100 or more, PRO-$200 or more)*
Take or mail original and all copies to your local Social Security office.

SEE PRIVACY
ACT NOTICE
ON REVERSE
SIDE OF
FORM.

1. Appellant: *(The party appealing the reconsidered determination.)*

MED-CENTER HOME HEALTH CARE, INC.

2. Beneficiary: *(Leave blank if same as the appellant.)*

Address:

City:               State:          Zip Code:

Area Code/Telephone Number:

Health Insurance (Medicare) Claim Number:

3. Provider, Practitioner or Supplier: *(Leave blank if same as the appellant.)*

Address:

City:               State:          Zip Code:

4. Insurance Company *(or Peer Review Organization which made determination on your Medicare claim)*

ASSOCIATED HOSPITAL SERVICES OF MAINE/MEDICARE

Address:
2 GANNETT DRIVE

City:               State:          Zip Code:
SOUTH PORTLAND, MAINE 04106

5. Period in Question
From:
10/1/93

To:
2/28/94

6. I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I disagree with the determination made on my claim because:

The local intermediary has refused to process the claim

7. You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security office will give you a list of legal referral and service organizations. *(If you are represented, complete form SSA-1696.)*

8. Check ☒ I wish to appear in person.
Only One ☐ I do not wish to appear and I request that a decision be made on the basis of the evidence in my case. *(Complete Waiver Form HA-4608.)*
Statement:

9. Check ☒ I have additional evidence to submit.
Only One ☐ I have no additional evidence to submit.
Statement:

10. The appellant should complete No. 11 and the representative, if any, should complete No.12. If a representative is not present to sign, print his or her name in No. 12. Where applicable, check to indicate if appellant will accompany the representative at the hearing. ☐ Yes ☐ No

11. (Appellant's Signature)

Address:

City:          State:          Zip Code:

Date: 5/19/97   Telephone Number: (

12. (Representative's Signature/Name)
Sandy Trionfini

Address: 14 Case Street

City:          State:          Zip Code
North Canton, CT    06059

Date: 5/19/97   Telephone Number: ( 203 ) 693-0639

☒ Attorney
☐ Non-Attorney

### TO BE COMPLETED BY SOCIAL SECURITY ADMINISTRATION

13. Is this request timely filed? ☐ Yes ☐ No   If "No" is checked:
(1) Attach appellant's explanation for delay.
(2) Attach any pertinent letter, material, or information in the Social Security office.

14. Interpreter Needed: *(Language, including sign language)*

15. Appellant not represented - ☐ List of legal referral and service or organizations provided

16. ACKNOWLEDGMENT OF REQUEST FOR HEARING
This request for hearing was filed on_____
at _____. The
Administrative Law Judge will notify you of the time and place of the hearing at least 20 days in advance of the hearing.

17. For the Social Security Administration
By _____
(Signature/Title)
_____
(Street)
_____
(City/State/ZipCode)  Servicing Social Security Office Code _____

18. HEARING OFFICE COPY
TO:
☐ OHA Hearing Office _____
                                    (location)
☐ Other _____

19. CLAIM FILE COPY
TO: ☐ Intermediary
☐ PRO   ☐ HMO/CMP
☐ Other

FORM HCFA-5011A U6 (6-91)

ATTACH A COPY OF THE RECONSIDERED DETERMINATION
(IF AVAILABLE) TO THIS COPY.

CLAIM FILE

**Medicare A**
**(Title XVIII, Social Security Act)**
**Associated Hospital Service of Maine**
Part A Fiscal Intermediary
Jarrett Drive
South Portland, Maine 04106-6911

INTERMEDIARY NUMBER
00180

207-822-7462

TIME LIMIT REJECT

BENEFICIARY (OR REP)

DATE
10/09/96

SERVICES PROVIDED BY:
MED CENTER HHC
72 GRAY'S BRIDGE ROAD
BROOKFIELD, CT 06804-2632
PROVIDER NUMBER: 07-7171

HEALTH INSURANCE CLAIM NUMBER

DATES OF SERVICE
10/01/93-02/28/94

WE DID NOT RECEIVE A CLAIM FOR THE ABOVE-MENTIONED THIRD PARTY LIABILITY
CASE WITHIN SIX (6) MONTHS OF OUR REQUEST FOR MEDICARE BILL(S) AND SUPPORTING
DOCUMENTATION. WE ARE THEREFORE NOT ABLE TO MAKE A COVERAGE DECISION FOR
SERVICES RENDERED BY THE HOME HEALTH AGENCY FOR THE REQUESTED SERVICE PERIOD.
THIS CASE IS REJECTED BECAUSE THE TIME LIMIT TO SUBMIT A MEDICARE BILL HAS
EXPIRED. THIS REJECTION IS BASED ON THE CODE OF FEDERAL REGULATIONS 424.45(C).
THE BENEFICIARY MAY NOT BE CHARGED FOR ANY RELATED SERVICES.

PROVIDER COPY

HHS 0060



**SOCIAL SECURITY ADMINISTRATION**

Refer to: ████████████
████████████

**Office of Hearings and Appeals**
157 Church St., 22nd Floor
New Haven, CT  06510
Telephone: (203) 787-7771
Date: AUG 2 8 1997

## NOTICE OF DISMISSAL AND REMAND

Med-Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

Enclosed is an order of the Administrative Law Judge dismissing your Request for Hearing.  Please read this notice and the Order of Dismissal carefully.

**If You Disagree With The Order of Dismissal**

If you do not agree with the Administrative Law Judge's order, you may file an appeal requesting the Appeals Council to review and vacate the order.

**How To File An Appeal**

To file an appeal, you or your representative must request the Appeals Council to review the order of dismissal in writing.  You may use our Request for Review form (HA-520) or write a letter. You may file a request at any local Social Security office, Health Care Financing Administration office, or hearing office, or mail it to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA  22041-3255. Please include the Health Insurance Claim Number (HICN) (or Medicare Part B Docket Number, if applicable) shown above on any appeal you file.

**Time to File An Appeal**

If you wish to appeal the dismissal, you must file your request for review **within 60 days** from the date you receive this notice. The Appeals Council will assume that you received the notice within five days after the date shown above unless you show you received it later.  If you file a request for review after the 60-day period, the Appeals Council will dismiss the request unless you show you had a good reason for not filing it on time.

**Time To Submit Any Additional Evidence**

You may submit evidence to show why you believe the Administrative Law Judge should not have dismissed your request for hearing.  Social Security Administration regulation 20 CFR §404.968 specifies that you should submit any evidence you wish the Appeals Council to consider with your request for review.

**Appeals Council Action On Your Appeal**

The Appeals Council may deny or grant your request for review. The Appeals Council will review an order of dismissal for the reasons listed in regulation 20 CFR §404.970.  The Appeals Council issues a notice when it decides whether to deny or grant review.

**If No Appeal And No Review On The Appeals Council's Own Motion**

The Appeals Council may decide to review the dismissal order on its own motion within 60 days of the date of this notice.  If the Appeals Council does not review the order on its own motion and you do not appeal the order within the time permitted, the action or determination upon which you requested a hearing will be subject to change, at your request or our initiative, only in certain circumstances.

**Disclosure and Privacy Act Notice**

Any identifying information (including the name, address, Health Insurance Claim Number (HICN) or any other personal identifiers) relating to the named beneficiary(ies) in this decision is protected from disclosure to anyone other than the appellant or the named beneficiary(ies) by the Social Security Act and the Privacy Act.  Disclosure of such identifying information without the express written consent of the named beneficiary(ies) is a violation of section 1106(a) of the Social Security Act, punishable by a $1,000 fine and/or one year imprisonment.

**Do You Have Any Questions?**

If you have any questions, please contact your local Social Security office.  If you visit the office, please bring this notice and order with you.

Enclosure

cc:  Sandra A. Trionfini
     Attorney at Law
     14 Case Street
     North Canton, CT 06059

     Center for Medicare Advocacy
     P.O. Box 350
     Willimantic, CT 06226

     HCFA Regional Office
     HCFA ALJ-AC disposition copies

HHS 0062

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals


ORDER OF DISMISSAL AND REMAND


IN THE CASE OF                          CLAIM FOR

                                        Hospital
Med-Center Home Health Care             Insurance Benefits
     (Appellant)

████████████████
     (Beneficiary)                      ████████████████
                                             (HICN)

Associated Hospital Service of
Maine
     (Intermediary)


This case is before the Administrative Law Judge on a request for
hearing filed by Med-Center Home Health Care, on May 19, 1997,
regarding services the appellant provided the beneficiary during
the period from January 1, 1993 to September 30, 1993.  There has
not been a reconsideration determination on this claim.  Health
Care Financing Administration regulation 42 CFR §405.720 provides
that a person has a right to a hearing regarding any initial
determination (as defined in Health Care Financing Administration
regulation 42 CFR §405.704) only if such initial determination
has been reconsidered by the Health Care Financing
Administration.  Therefore, the appellant does not have a right
to a hearing.

Pursuant to Health Care Financing Administration regulation (42
CFR §405.701(c)), Subpart J of the Social Security Regulations
(20 CFR §§404.900ff.) is applicable to matters arising in
Medicare Part A (Hospital Insurance Benefits) claims.  In turn,
§404.957(c)(2) of the Social Security Regulations (20 CFR
§404.957(c)(2)) provides that an Administrative Law Judge may
dismiss a request for a hearing when the person requesting a
hearing has no right to it.  Therefore, the appellant's request
for a hearing is dismissed.

Although the appellant's request for hearing is being dismissed,
the unusual circumstances which prompted the appellant to file a
request for a hearing require the Administrative Law Judge to
take further action to prevent the appellant from being denied
due process.  That further action is to remand this case back to
the intermediary with instructions to treat the appellant's

Med-Center Home Health Care

███████████████████

2

request for a hearing as a request for a reconsideration
determination so that the appellant will not be denied the
opportunity to exercise its right to use the administrative
appeals procedure.  The intermediary has made an initial
determination in this case that is adverse to the appellant and
has refused to recognize that it has done so, thus depriving the
appellant of due process through the administrative appeals
procedure.

Specifically, the appellant, a home health agency, provided
services to the beneficiary, which were billed to and paid by the
Medicaid, Title XIX, program.  Several years later, the subrogee,
the Connecticut Department of Social Services (which administers
the state Medicaid program), made claims for payment to the
Medicare program for these services.  The intermediary refused to
process the claim and sent the appellant-provider a notice
entitled "Time Limit Reject" dated March 5, 1996 which states:

> "We did not receive a claim for the above mentioned
> third party liability case within six (6) months of our
> request for Medicare bill(s) and supporting
> documentation.  We are therefore not able to make a
> coverage decision for services rendered by the home
> health agency for the requested service period.
>
> "This case is rejected because the time limit to submit
> a Medicare bill has expired.  This rejection is based
> on the Code of Federal Regulations 424.45(c).
>
> "The beneficiary may not be charged for any related
> services."

It was the last sentence of this notice that prompted the
appellant to try to appeal the "Time Limit Reject."  Although
Medicaid rather than the beneficiary was charged for the services
in the period at issue, the Department of Social Services is now
seeking, as the beneficiary's subrogee, to have the appellant
refund the amounts it was paid for those services, because of the
last sentence in the "time limit reject" notice.  Health Care
Financing Administration regulation 42 CFR §405.704(c) states:

> "An initial determination with respect to a provider of
> services shall be a determination made on the basis of
> a request for payment filed by a provider under Part A
> of Medicare on behalf of an individual who was
> furnished items or services by the provider, but only
> if the determination involves the following:
>     (1)  A finding by the intermediary that such items
> or services are not covered by reason of §411.15(g) or
> §411.15(k); and

HHS 0064

Med-Center Home Health Care



3

> (2)  A finding by the intermediary that either
> such individual or such provider of services, or both,
> knew or could reasonably have been expected to know
> that such items or services were excluded from coverage
> by the program."

The intermediary's "time limit reject" notice did not state its
reason for finding that the beneficiary could not be charged for
the services at issue.  However, a determination that the
provider cannot charge the beneficiary for the services implies
the findings described above.  Incidentally, if the
Administrative Law Judge were to make a hearing decision that did
not state its reasons for deciding an issue against any party,
the Medicare Appeals Council would use that fact alone as a
reason to remand the case for a new hearing.  When an
adjudicative body does not state the reasons for determinations,
another body charged with reviewing the correctness of the
determination has no reasonable basis to decide whether the
determination was correct.

Since the determination that the provider could not charge the
beneficiary for the services at issue was an initial
determination, as defined in Health Care Financing Administration
regulation 42 CFR §405.704(c), the provider has a right to
request a reconsideration under the provisions of Health Care
Financing Administration regulations 42 CFR §§405.710 and
405.712.  Although a party to an initial determination is
expected to file a request for reconsideration within 60 days
after the date of the notice of the initial determination, the
notice of initial determination was defective in this case
because it did not identify the determination that the provider
could not charge the beneficiary for the services at issue as an
initial determination and did not inform the appellant of his
right to request reconsideration.  Health Care Financing
Administration regulation 42 CFR §405.702 states, in relevant
part:

> "... These notices ... shall state in detail the basis
> for the determination.  Such written notices shall also
> inform the individual and the provider of services of
> their right to reconsideration of the determination if
> they are dissatisfied with the determination."

Although the request for hearing (which shall be treated as a
request for reconsideration) was not filed within 60 days after
the date of the notice of the initial determination, the defects
in the notice of the initial determination provide the appellant
with good cause for not filing a request for reconsideration
within the 60 day time period.  As an example of a situation in
which good cause for failure to file a timely request for

Med-Center Home Health Care

~~[redacted]~~

4

reconsideration exists, Social Security Regulation 20 CFR
§404.911(b) includes the following:

> "(6) We gave you incorrect or incomplete information
> about when and how to request administrative review or
> to file a civil suit."

In this case, the intermediary provided incomplete information
about when and how to request administrative review.

In summary, the appellant's request for hearing is dismissed,
pursuant to the preceding discussion.  The matter is remanded to
the intermediary, which shall treat the request for hearing as a
request for reconsideration, with good cause existing for its
untimely filing.  The intermediary will notify the parties about
their rights to a hearing in its notice of the reconsideration
determination.

*Bruce H. Zwecker*

Bruce H. Zwecker
Administrative Law Judge

AUG 2 8 1997

Date



SOCIAL SECURITY ADMINISTRATION

Refer to: ▓▓▓▓▓▓▓▓▓▓▓▓

**Office of Hearings and Appeals**
157 Church St., 22nd Floor
New Haven, CT  06510
Telephone: (203) 787-7771
Date: August 28, 1997

## NOTICE OF DISMISSAL AND REMAND

Med-Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

Enclosed is an order of the Administrative Law Judge dismissing your Request for Hearing.  Please read this notice and the Order of Dismissal carefully.

### If You Disagree With The Order of Dismissal

If you do not agree with the Administrative Law Judge's order, you may file an appeal requesting the Appeals Council to review and vacate the order.

### How To File An Appeal

To file an appeal, you or your representative must request the Appeals Council to review the order of dismissal in writing.  You may use our Request for Review form (HA-520) or write a letter. You may file a request at any local Social Security office, Health Care Financing Administration office, or hearing office, or mail it to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA  22041-3255. Please include the Health Insurance Claim Number (HICN) (or Medicare Part B Docket Number, if applicable) shown above on any appeal you file.

### Time to File An Appeal

If you wish to appeal the dismissal, you must file your request for review **within 60 days** from the date you receive this notice. The Appeals Council will assume that you received the notice within five days after the date shown above unless you show you received it later.  If you file a request for review after the 60-day period, the Appeals Council will dismiss the request unless you show you had a good reason for not filing it on time.

HHS 0067

## Time To Submit Any Additional Evidence

You may submit evidence to show why you believe the Administrative Law Judge should not have dismissed your request for hearing.  Social Security Administration regulation 20 CFR §404.968 specifies that you should submit any evidence you wish the Appeals Council to consider with your request for review.

## Appeals Council Action On Your Appeal

The Appeals Council may deny or grant your request for review. The Appeals Council will review an order of dismissal for the reasons listed in regulation 20 CFR §404.970.  The Appeals Council issues a notice when it decides whether to deny or grant review.

## If No Appeal And No Review On The Appeals Council's Own Motion

The Appeals Council may decide to review the dismissal order on its own motion within 60 days of the date of this notice.  If the Appeals Council does not review the order on its own motion and you do not appeal the order within the time permitted, the action or determination upon which you requested a hearing will be subject to change, at your request or our initiative, only in certain circumstances.

## Disclosure and Privacy Act Notice

Any identifying information (including the name, address, Health Insurance Claim Number (HICN) or any other personal identifiers) relating to the named beneficiary(ies) in this decision is protected from disclosure to anyone other than the appellant or the named beneficiary(ies) by the Social Security Act and the Privacy Act.  Disclosure of such identifying information without the express written consent of the named beneficiary(ies) is a violation of section 1106(a) of the Social Security Act, punishable by a $1,000 fine and/or one year imprisonment.

## Do You Have Any Questions?

If you have any questions, please contact your local Social Security office.  If you visit the office, please bring this notice and order with you.

Enclosure

cc:   Sandra A. Trionfini
      Attorney at Law
      14 Case Street
      North Canton, CT 06059

      Center for Medicare Advocacy
      P.O. Box 350
      Willimantic, CT 06226

      HCFA Regional Office
      HCFA ALJ-AC disposition copies

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

ORDER OF DISMISSAL AND REMAND

IN THE CASE OF

Med-Center Home Health Care
(Appellant)

████████████
(Beneficiary)

Associated Hospital Service of
Maine
(Intermediary)

CLAIM FOR

Hospital
Insurance Benefits

████████████
(HICN)

This case is before the Administrative Law Judge on a request for hearing filed by Med-Center Home Health Care, on May 19, 1997, regarding services the appellant provided the beneficiary during the period from April 1, 1994 to May 30, 1994. There has not been a reconsideration determination on this claim. Health Care Financing Administration regulation 42 CFR §405.720 provides that a person has a right to a hearing regarding any initial determination (as defined in Health Care Financing Administration regulation 42 CFR §405.704) only if such initial determination has been reconsidered by the Health Care Financing Administration. Therefore, the appellant does not have a right to a hearing.

Health Care Financing Administration regulation 42 CFR §405.701(c) makes Subpart J of the Social Security Regulations (20 CFR §§404.900ff.) applicable to matters arising in Medicare Part A (Hospital Insurance Benefits) claims. In turn, Social Security Regulation 20 CFR §404.957(c)(2) provides that an Administrative Law Judge may dismiss a request for a hearing when the person requesting a hearing has no right to it. Therefore, the appellant's request for a hearing is dismissed.

Although the appellant's request for hearing is being dismissed, the unusual circumstances which prompted the appellant to file a request for a hearing require the Administrative Law Judge to take further action to prevent the appellant from being denied due process. That further action is to remand this case back to the intermediary with instructions to treat the appellant's request for a hearing as a request for a reconsideration

Med-Center Home Health Care

2

determination so that the appellant will not be denied the opportunity to exercise his right to use the administrative appeals procedure.  The intermediary has made an initial determination that in this case that is adverse to the appellant and has refused to recognize that it has done so, thus depriving the appellant of due process through the administrative appeals procedure.

The intermediary sent the appellant-provider a notice entitled "Time Limit Reject" dated March 6, 1996 which states:

"We did not receive a claim for the above mentioned third party liability case within six (6) months of our request for Medicare bill(s) and supporting documentation.  We are therefore not able to make a coverage decision for services rendered by the home health agency for the requested service period.

"This case is rejected because the time limit to submit a Medicare bill has expired.  This rejection is based on the Code of Federal Regulations 424.45(c).

"The beneficiary may not be charged for any related services."

It was the last sentence of this notice that prompted the appellant to try to appeal the "Time Limit Reject."  Although Medicaid rather than the beneficiary was charged for the services in the period at issue, the Medicaid program is seeking, as the beneficiary's subrogee, to have the appellant refund the amounts it was paid for those services, because of the last sentence in the "time limit reject" notice.  Health Care Financing Administration regulation 42 CFR §405.704(c) states:

"An initial determination with respect to a provider of services shall be a determination made on the basis of a request for payment filed by a provider under Part A of Medicare on behalf of an individual who was furnished items or services by the provider, but only if the determination involves the following:
(1)  A finding by the intermediary that such items or services are not covered by reason of §411.15(g) or §411.15(k); and
(2)  A finding by the intermediary that either such individual or such provider of services, or both, knew or could reasonably have been expected to know that such items or services were excluded from coverage by the program."

HHS 0070