Med-Center Home Health Care
████████████████
████████████████

3

The intermediary's "time limit reject" notice did not state its
reason for finding that the beneficiary could not be charged for
the services at issue. However, a determination that the
provider cannot charge the beneficiary for the services implies
the findings described above. Incidentally, if the
Administrative Law Judge were to make a hearing decision that did
not state its reasons for deciding an issue against any party,
the Medicare Appeals Council would use that fact alone as a
reason to remand the case for a new hearing. When an
adjudicative body does not state the reasons for determinations,
another body charged with reviewing the correctness of the
determination has no reasonable basis to decide whether the
determination was correct..

Since the determination that the provider could not charge the
beneficiary for the services at issue was an initial
determination as defined in Health Care Financing Administration
regulation 42 CFR §405.704(c), the provider has a right to
request a reconsideration under the provisions of Health Care
Financing Administration regulation 42 CFR §§405.710 and 405.712.
Although a party to an initial determination is expected to file
a request for reconsideration within 60 days after the date of
the notice of the initial determination, the notice of initial
determination was defective in this case because it did not
identify the determination that the provider could not charge the
beneficiary for the services at issue as an initial determination
and did not inform the appellant of his right to request
reconsideration. Health Care Financing Administration regulation
42 CFR §405.702 states, in relevant part:

> "... These notices ... shall state in detail the basis
> for the determination. Such written notices shall also
> inform the individual and the provider of services of
> their right to reconsideration of the determination if
> they are dissatisfied with the determination."

Although the request for hearing (which shall be treated as a
request for reconsideration) was not filed within 60 days after
the date of the notice of the initial determination, the defects
in the notice of the initial determination provide the appellant
with good cause for not filing a request for reconsideration
within the 60 day time period. Social Security Regulation 20 CFR
§404.911(b) includes among examples situations in which good
cause for failure to file a timely request for reconsideration
exists:

> "(6) We gave you incorrect or incomplete information
> about when and how to request administrative review or
> to file a civil suit."

HHS 0071

Med-Center Home Health Care



4

In this case, the intermediary provided incomplete information about when and how to request administrative review.

The intermediary will notify the parties about their rights to a hearing in its notice of the reconsideration determination.

Bruce H. Zwecker
Administrative Law Judge

August 28, 1997
_____
Date

HHS 0072



SOCIAL SECURITY ADMINISTRATION

Refer to: ▓▓▓▓▓▓▓

**Office of Hearings and Appeals**
157 Church St., 22nd Floor
New Haven, CT  06510
Telephone: (203) 787-7771
Date: SEP 0 4 1997

## NOTICE OF DISMISSAL AND REMAND

Med-Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

Enclosed is an order of the Administrative Law Judge dismissing your Request for Hearing.  Please read this notice and the Order of Dismissal carefully.

### If You Disagree With The Order of Dismissal

If you do not agree with the Administrative Law Judge's order, you may file an appeal requesting the Appeals Council to review and vacate the order.

### How To File An Appeal

To file an appeal, you or your representative must request the Appeals Council to review the order of dismissal in writing.  You may use our Request for Review form (HA-520) or write a letter. You may file a request at any local Social Security office, Health Care Financing Administration office, or hearing office, or mail it to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA  22041-3255. Please include the Health Insurance Claim Number (HICN) (or Medicare Part B Docket Number, if applicable) shown above on any appeal you file.

### Time to File An Appeal

If you wish to appeal the dismissal, you must file your request for review **within 60 days** from the date you receive this notice. The Appeals Council will assume that you received the notice within five days after the date shown above unless you show you received it later.  If you file a request for review after the 60-day period, the Appeals Council will dismiss the request unless you show you had a good reason for not filing it on time.

## Time To Submit Any Additional Evidence

You may submit evidence to show why you believe the Administrative Law Judge should not have dismissed your request for hearing.  Social Security Administration regulation 20 CFR §404.968 specifies that you should submit any evidence you wish the Appeals Council to consider with your request for review.

## Appeals Council Action On Your Appeal

The Appeals Council may deny or grant your request for review. The Appeals Council will review an order of dismissal for the reasons listed in regulation 20 CFR §404.970.  The Appeals Council issues a notice when it decides whether to deny or grant review.

## If No Appeal And No Review On The Appeals Council's Own Motion

The Appeals Council may decide to review the dismissal order on its own motion within 60 days of the date of this notice.  If the Appeals Council does not review the order on its own motion and you do not appeal the order within the time permitted, the action or determination upon which you requested a hearing will be subject to change, at your request or our initiative, only in certain circumstances.

## Disclosure and Privacy Act Notice

Any identifying information (including the name, address, Health Insurance Claim Number (HICN) or any other personal identifiers) relating to the named beneficiary(ies) in this decision is protected from disclosure to anyone other than the appellant or the named beneficiary(ies) by the Social Security Act and the Privacy Act.  Disclosure of such identifying information without the express written consent of the named beneficiary(ies) is a violation of section 1106(a) of the Social Security Act, punishable by a $1,000 fine and/or one year imprisonment.

## Do You Have Any Questions?

If you have any questions, please contact your local Social Security office.  If you visit the office, please bring this notice and order with you.

Enclosure

cc:  Sandra A. Trionfini
     Attorney at Law
     14 Case Street
     North Canton, CT 06059

     Center for Medicare Advocacy
     P.O. Box 350
     Willimantic, CT 06226

     HCFA Regional Office
     HCFA ALJ-AC disposition copies

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

ORDER OF DISMISSAL AND REMAND

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Med-Center Home Health Care | Hospital |
| (Appellant) | Insurance Benefits |
| ▆▆▆▆▆▆▆▆▆▆ | ▆▆▆▆▆▆▆▆ |
| (Beneficiary) | (HICN) |
| Associated Hospital Service of Maine | |
| (Intermediary) | |

This case is before the Administrative Law Judge on a request for hearing filed by Med-Center Home Health Care, on May 19, 1997, regarding services the appellant provided the beneficiary during the period from November 1, 1993 to February 28, 1994. There has not been a reconsideration determination on this claim. Health Care Financing Administration regulation 42 CFR §405.720 provides that a person has a right to a hearing regarding any initial determination (as defined in Health Care Financing Administration regulation 42 CFR §405.704) only if such initial determination has been reconsidered by the Health Care Financing Administration. Therefore, the appellant does not have a right to a hearing.

Pursuant to Health Care Financing Administration regulation (42 CFR §405.701(c)), Subpart J of the Social Security Regulations (20 CFR §§404.900ff.) is applicable to matters arising in Medicare Part A (Hospital Insurance Benefits) claims. In turn, §404.957(c)(2) of the Social Security Regulations (20 CFR §404.957(c)(2)) provides that an Administrative Law Judge may dismiss a request for a hearing when the person requesting a hearing has no right to it. Therefore, the appellant's request for a hearing is dismissed.

Although the appellant's request for hearing is being dismissed, the unusual circumstances which prompted the appellant to file a request for a hearing require the Administrative Law Judge to take further action to prevent the appellant from being denied due process. That further action is to remand this case back to the intermediary with instructions to treat the appellant's

Med-Center Home Health Care

2

request for a hearing as a request for a reconsideration determination so that the appellant will not be denied the opportunity to exercise its right to use the administrative appeals procedure.  The intermediary has made an initial determination in this case that is adverse to the appellant and has refused to recognize that it has done so, thus depriving the appellant of due process through the administrative appeals procedure.

Specifically, the appellant, a home health agency, provided services to the beneficiary, which were billed to and paid by the Medicaid, Title XIX, program.  Several years later, the subrogee, the Connecticut Department of Social Services (which administers the state Medicaid program), made claims for payment to the Medicare program for these services.  The intermediary refused to process the claim and sent the appellant-provider a notice entitled "Time Limit Reject" dated October 9, 1996 which states:

> "We did not receive a claim for the above mentioned third party liability case within six (6) months of our request for Medicare bill(s) and supporting documentation.  We are therefore not able to make a coverage decision for services rendered by the home health agency for the requested service period.

> "This case is rejected because the time limit to submit a Medicare bill has expired.  This rejection is based on the Code of Federal Regulations 424.45(c).

> "The beneficiary may not be charged for any related services."

It was the last sentence of this notice that prompted the appellant to try to appeal the "Time Limit Reject."  Although Medicaid rather than the beneficiary was charged for the services in the period at issue, the Department of Social Services is now seeking, as the beneficiary's subrogee, to have the appellant refund the amounts it was paid for those services, because of the last sentence in the "time limit reject" notice.  Health Care Financing Administration regulation 42 CFR §405.704(c) states:

> "An initial determination with respect to a provider of services shall be a determination made on the basis of a request for payment filed by a provider under Part A of Medicare on behalf of an individual who was furnished items or services by the provider, but only if the determination involves the following:
>      (1)  A finding by the intermediary that such items or services are not covered by reason of §411.15(g) or §411.15(k); and

Med-Center Home Health Care

3

      (2)  A finding by the intermediary that either such individual or such provider of services, or both, knew or could reasonably have been expected to know that such items or services were excluded from coverage by the program."

The intermediary's "time limit reject" notice did not state its reason for finding that the beneficiary could not be charged for the services at issue.  However, a determination that the provider cannot charge the beneficiary for the services implies the findings described above.  Incidentally, if the Administrative Law Judge were to make a hearing decision that did not state its reasons for deciding an issue against any party, the Medicare Appeals Council would use that fact alone as a reason to remand the case for a new hearing.  When an adjudicative body does not state the reasons for determinations, another body charged with reviewing the correctness of the determination has no reasonable basis to decide whether the determination was correct.

Since the determination that the provider could not charge the beneficiary for the services at issue was an initial determination, as defined in Health Care Financing Administration regulation 42 CFR §405.704(c), the provider has a right to request a reconsideration under the provisions of Health Care Financing Administration regulations 42 CFR §§405.710 and 405.712.  Although a party to an initial determination is expected to file a request for reconsideration within 60 days after the date of the notice of the initial determination, the notice of initial determination was defective in this case because it did not identify the determination that the provider could not charge the beneficiary for the services at issue as an initial determination and did not inform the appellant of his right to request reconsideration.  Health Care Financing Administration regulation 42 CFR §405.702 states, in relevant part:

      "... These notices ... shall state in detail the basis for the determination.  Such written notices shall also inform the individual and the provider of services of their right to reconsideration of the determination if they are dissatisfied with the determination."

Although the request for hearing (which shall be treated as a request for reconsideration) was not filed within 60 days after the date of the notice of the initial determination, the defects in the notice of the initial determination provide the appellant with good cause for not filing a request for reconsideration within the 60 day time period.  As an example of a situation in which good cause for failure to file a timely request for

Med-Center Home Health Care

4

reconsideration exists, Social Security Regulation 20 CFR
§404.911(b) includes the following:

> "(6) We gave you incorrect or incomplete information
> about when and how to request administrative review or
> to file a civil suit."

In this case, the intermediary provided incomplete information
about when and how to request administrative review.

In summary, the appellant's request for hearing is dismissed,
pursuant to the preceding discussion.  The matter is remanded to
the intermediary, which shall treat the request for hearing as a
request for reconsideration, with good cause existing for its
untimely filing.  The intermediary will notify the parties about
their rights to a hearing in its notice of the reconsideration
determination.

Bruce H. Zwecker
Administrative Law Judge

SEP 0 4 1997
Date



**SOCIAL SECURITY ADMINISTRATION**

**Refer to:** <span style="background:black">▮▮▮▮▮▮▮▮</span>
<span style="background:black">▮▮▮▮▮▮</span>

**Office of Hearings and Appeals**
157 Church St., 22nd Floor
New Haven, CT  06510
Telephone: (203) 787-7771

Date: SEP 0 4 1997

## NOTICE OF DISMISSAL AND REMAND

Med-Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

Enclosed is an order of the Administrative Law Judge dismissing
your Request for Hearing.  Please read this notice and the Order
of Dismissal carefully.

**If You Disagree With The Order of Dismissal**

If you do not agree with the Administrative Law Judge's order,
you may file an appeal requesting the Appeals Council to review
and vacate the order.

**How To File An Appeal**

To file an appeal, you or your representative must request the
Appeals Council to review the order of dismissal in writing.  You
may use our Request for Review form (HA-520) or write a letter.
You may file a request at any local Social Security office,
Health Care Financing Administration office, or hearing office,
or mail it to the Appeals Council, Office of Hearings and
Appeals, 5107 Leesburg Pike, Falls Church, VA  22041-3255.
Please include the Health Insurance Claim Number (HICN) (or
Medicare Part B Docket Number, if applicable) shown above on any
appeal you file.

**Time to File An Appeal**

If you wish to appeal the dismissal, you must file your request
for review **within 60 days** from the date you receive this notice.
The Appeals Council will assume that you received the notice
within five days after the date shown above unless you show you
received it later.  If you file a request for review after the
60-day period, the Appeals Council will dismiss the request
unless you show you had a good reason for not filing it on time.

HHS 0079

**Time To Submit Any Additional Evidence**

You may submit evidence to show why you believe the
Administrative Law Judge should not have dismissed your request
for hearing.  Social Security Administration regulation 20 CFR
§404.968 specifies that you should submit any evidence you wish
the Appeals Council to consider with your request for review.

**Appeals Council Action On Your Appeal**

The Appeals Council may deny or grant your request for review.
The Appeals Council will review an order of dismissal for the
reasons listed in regulation 20 CFR §404.970.  The Appeals
Council issues a notice when it decides whether to deny or grant
review.

**If No Appeal And No Review On The Appeals Council's Own Motion**

The Appeals Council may decide to review the dismissal order on
its own motion within 60 days of the date of this notice.  If the
Appeals Council does not review the order on its own motion and
you do not appeal the order within the time permitted, the action
or determination upon which you requested a hearing will be
subject to change, at your request or our initiative, only in
certain circumstances.

**Disclosure and Privacy Act Notice**

Any identifying information (including the name, address, Health
Insurance Claim Number (HICN) or any other personal identifiers)
relating to the named beneficiary(ies) in this decision is
protected from disclosure to anyone other than the appellant or
the named beneficiary(ies) by the Social Security Act and the
Privacy Act.  Disclosure of such identifying information without
the express written consent of the named beneficiary(ies) is a
violation of section 1106(a) of the Social Security Act,
punishable by a $1,000 fine and/or one year imprisonment.

**Do You Have Any Questions?**

If you have any questions, please contact your local Social
Security office.  If you visit the office, please bring this
notice and order with you.

Enclosure

cc:  Sandra A. Trionfini
     Attorney at Law
     14 Case Street
     North Canton, CT 06059

     Center for Medicare Advocacy
     P.O. Box 350
     Willimantic, CT 06226

     HCFA Regional Office
     HCFA ALJ-AC disposition copies

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

ORDER OF DISMISSAL AND REMAND

| | |
|---|---|
| **IN THE CASE OF** | **CLAIM FOR** |
| Med-Center Home Health Care<br>(Appellant) | Hospital<br>Insurance Benefits |
| ████████ <br>(Beneficiary) | ████████ <br>(HICN) |
| Associated Hospital Service of<br>Maine<br>(Intermediary) | |

This case is before the Administrative Law Judge on a request for hearing filed by Med-Center Home Health Care, on May 19, 1997, regarding services the appellant provided the beneficiary during the period from October 1, 1991 to January 31, 1992. There has not been a reconsideration determination on this claim. Health Care Financing Administration regulation 42 CFR §405.720 provides that a person has a right to a hearing regarding any initial determination (as defined in Health Care Financing Administration regulation 42 CFR §405.704) only if such initial determination has been reconsidered by the Health Care Financing Administration. Therefore, the appellant does not have a right to a hearing.

Pursuant to Health Care Financing Administration regulation (42 CFR §405.701(c)), Subpart J of the Social Security Regulations (20 CFR §§404.900ff.) is applicable to matters arising in Medicare Part A (Hospital Insurance Benefits) claims. In turn, §404.957(c)(2) of the Social Security Regulations (20 CFR §404.957(c)(2)) provides that an Administrative Law Judge may dismiss a request for a hearing when the person requesting a hearing has no right to it. Therefore, the appellant's request for a hearing is dismissed.

Although the appellant's request for hearing is being dismissed, the unusual circumstances which prompted the appellant to file a request for a hearing require the Administrative Law Judge to take further action to prevent the appellant from being denied due process. That further action is to remand this case back to the intermediary with instructions to treat the appellant's

Med-Center Home Health Care


2

request for a hearing as a request for a reconsideration determination so that the appellant will not be denied the opportunity to exercise its right to use the administrative appeals procedure.  The intermediary has made an initial determination in this case that is adverse to the appellant and has refused to recognize that it has done so, thus depriving the appellant of due process through the administrative appeals procedure.

Specifically, the appellant, a home health agency, provided services to the beneficiary, which were billed to and paid by the Medicaid, Title XIX, program.  Several years later, the subrogee, the Connecticut Department of Social Services (which administers the state Medicaid program), made claims for payment to the Medicare program for these services.  The intermediary refused to process the claim and sent the appellant-provider a notice entitled "Time Limit Reject" dated March 11, 1996 which states:

> "We did not receive a claim for the above mentioned third party liability case within six (6) months of our request for Medicare bill(s) and supporting documentation.  We are therefore not able to make a coverage decision for services rendered by the home health agency for the requested service period.

> "This case is rejected because the time limit to submit a Medicare bill has expired.  This rejection is based on the Code of Federal Regulations 424.45(c).

> "The beneficiary may not be charged for any related services."

It was the last sentence of this notice that prompted the appellant to try to appeal the "Time Limit Reject."  Although Medicaid rather than the beneficiary was charged for the services in the period at issue, the Department of Social Services is now seeking, as the beneficiary's subrogee, to have the appellant refund the amounts it was paid for those services, because of the last sentence in the "time limit reject" notice.  Health Care Financing Administration regulation 42 CFR §405.704(c) states:

> "An initial determination with respect to a provider of services shall be a determination made on the basis of a request for payment filed by a provider under Part A of Medicare on behalf of an individual who was furnished items or services by the provider, but only if the determination involves the following:
>     (1)  A finding by the intermediary that such items or services are not covered by reason of §411.15(g) or §411.15(k); and

Med-Center Home Health Care

~~[redacted]~~

3

       (2)   A finding by the intermediary that either
such individual or such provider of services, or both,
knew or could reasonably have been expected to know
that such items or services were excluded from coverage
by the program."

The intermediary's "time limit reject" notice did not state its
reason for finding that the beneficiary could not be charged for
the services at issue.  However, a determination that the
provider cannot charge the beneficiary for the services implies
the findings described above.  Incidentally, if the
Administrative Law Judge were to make a hearing decision that did
not state its reasons for deciding an issue against any party,
the Medicare Appeals Council would use that fact alone as a
reason to remand the case for a new hearing.  When an
adjudicative body does not state the reasons for determinations,
another body charged with reviewing the correctness of the
determination has no reasonable basis to decide whether the
determination was correct.

Since the determination that the provider could not charge the
beneficiary for the services at issue was an initial
determination, as defined in Health Care Financing Administration
regulation 42 CFR §405.704(c), the provider has a right to
request a reconsideration under the provisions of Health Care
Financing Administration regulations 42 CFR §§405.710 and
405.712.  Although a party to an initial determination is
expected to file a request for reconsideration within 60 days
after the date of the notice of the initial determination, the
notice of initial determination was defective in this case
because it did not identify the determination that the provider
could not charge the beneficiary for the services at issue as an
initial determination and did not inform the appellant of his
right to request reconsideration.  Health Care Financing
Administration regulation 42 CFR §405.702 states, in relevant
part:

     "... These notices ... shall state in detail the basis
     for the determination.  Such written notices shall also
     inform the individual and the provider of services of
     their right to reconsideration of the determination if
     they are dissatisfied with the determination."

Although the request for hearing (which shall be treated as a
request for reconsideration) was not filed within 60 days after
the date of the notice of the initial determination, the defects
in the notice of the initial determination provide the appellant
with good cause for not filing a request for reconsideration
within the 60 day time period.  As an example of a situation in
which good cause for failure to file a timely request for

HHS 0083

Med-Center Home Health Care



4

reconsideration exists, Social Security Regulation 20 CFR
§404.911(b) includes the following:

> "(6) We gave you incorrect or incomplete information
> about when and how to request administrative review or
> to file a civil suit."

In this case, the intermediary provided incomplete information
about when and how to request administrative review.

In summary, the appellant's request for hearing is dismissed,
pursuant to the preceding discussion. The matter is remanded to
the intermediary, which shall treat the request for hearing as a
request for reconsideration, with good cause existing for its
untimely filing. The intermediary will notify the parties about
their rights to a hearing in its notice of the reconsideration
determination.


_____

Bruce H. Zwecker
Administrative Law Judge



_____
SEP 0 4 1997
Date



SOCIAL SECURITY ADMINISTRATION

Refer to: ▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓

**Office of Hearings and Appeals**
157 Church St., 22nd Floor
New Haven, CT 06510
Telephone: (203) 787-7771
Date:　　SEP 0 5 1997

## NOTICE OF DISMISSAL AND REMAND

Med-Center Home Health Care
72 Gray's Bridge Road
Brookfield, CT 06804

Enclosed is an order of the Administrative Law Judge dismissing
your Request for Hearing. Please read this notice and the Order
of Dismissal carefully.

### If You Disagree With The Order of Dismissal

If you do not agree with the Administrative Law Judge's order,
you may file an appeal requesting the Appeals Council to review
and vacate the order.

### How To File An Appeal

To file an appeal, you or your representative must request the
Appeals Council to review the order of dismissal in writing. You
may use our Request for Review form (HA-520) or write a letter.
You may file a request at any local Social Security office,
Health Care Financing Administration office, or hearing office,
or mail it to the Appeals Council, Office of Hearings and
Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255.
Please include the Health Insurance Claim Number (HICN) (or
Medicare Part B Docket Number, if applicable) shown above on any
appeal you file.

### Time to File An Appeal

If you wish to appeal the dismissal, you must file your request
for review **within 60 days** from the date you receive this notice.
The Appeals Council will assume that you received the notice
within five days after the date shown above unless you show you
received it later. If you file a request for review after the
60-day period, the Appeals Council will dismiss the request
unless you show you had a good reason for not filing it on time.

HHS 0085

## Time To Submit Any Additional Evidence

You may submit evidence to show why you believe the Administrative Law Judge should not have dismissed your request for hearing.  Social Security Administration regulation 20 CFR §404.968 specifies that you should submit any evidence you wish the Appeals Council to consider with your request for review.

## Appeals Council Action On Your Appeal

The Appeals Council may deny or grant your request for review. The Appeals Council will review an order of dismissal for the reasons listed in regulation 20 CFR §404.970.  The Appeals Council issues a notice when it decides whether to deny or grant review.

## If No Appeal And No Review On The Appeals Council's Own Motion

The Appeals Council may decide to review the dismissal order on its own motion within 60 days of the date of this notice.  If the Appeals Council does not review the order on its own motion and you do not appeal the order within the time permitted, the action or determination upon which you requested a hearing will be subject to change, at your request or our initiative, only in certain circumstances.

## Disclosure and Privacy Act Notice

Any identifying information (including the name, address, Health Insurance Claim Number (HICN) or any other personal identifiers) relating to the named beneficiary(ies) in this decision is protected from disclosure to anyone other than the appellant or the named beneficiary(ies) by the Social Security Act and the Privacy Act.  Disclosure of such identifying information without the express written consent of the named beneficiary(ies) is a violation of section 1106(a) of the Social Security Act, punishable by a $1,000 fine and/or one year imprisonment.

## Do You Have Any Questions?

If you have any questions, please contact your local Social Security office.  If you visit the office, please bring this notice and order with you.

Enclosure

cc:  Sandra A. Trionfini
     Attorney at Law
     14 Case Street
     North Canton, CT 06059

     Center for Medicare Advocacy
     P.O. Box 350
     Willimantic, CT 06226

     HCFA Regional Office
     HCFA ALJ-AC disposition copies

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

ORDER OF DISMISSAL AND REMAND

IN THE CASE OF                              CLAIM FOR

Med-Center Home Health Care         Hospital
(Appellant)                              Insurance Benefits

██████████████
(Beneficiary)                            ████████████
                                          (HICN)

Associated Hospital Service of
Maine
(Intermediary)

This case is before the Administrative Law Judge on a request for
hearing filed by Med-Center Home Health Care, on May 19, 1997,
regarding services the appellant provided the beneficiary during
the period from October 1, 1992 to April 30, 1993. There has not
been a reconsideration determination on this claim. Health Care
Financing Administration regulation 42 CFR §405.720 provides that
a person has a right to a hearing regarding any initial
determination (as defined in Health Care Financing Administration
regulation 42 CFR §405.704) only if such initial determination
has been reconsidered by the Health Care Financing
Administration. Therefore, the appellant does not have a right
to a hearing.

Pursuant to Health Care Financing Administration regulation (42
CFR §405.701(c)), Subpart J of the Social Security Regulations
(20 CFR §§404.900ff.) is applicable to matters arising in
Medicare Part A (Hospital Insurance Benefits) claims. In turn,
§404.957(c)(2) of the Social Security Regulations (20 CFR
§404.957(c)(2)) provides that an Administrative Law Judge may
dismiss a request for a hearing when the person requesting a
hearing has no right to it. Therefore, the appellant's request
for a hearing is dismissed.

Although the appellant's request for hearing is being dismissed,
the unusual circumstances which prompted the appellant to file a
request for a hearing require the Administrative Law Judge to
take further action to prevent the appellant from being denied
due process. That further action is to remand this case back to
the intermediary with instructions to treat the appellant's

Med-Center Home Health Care



2

request for a hearing as a request for a reconsideration
determination so that the appellant will not be denied the
opportunity to exercise its right to use the administrative
appeals procedure. The intermediary has made an initial
determination in this case that is adverse to the appellant and
has refused to recognize that it has done so, thus depriving the
appellant of due process through the administrative appeals
procedure.

Specifically, the appellant, a home health agency, provided
services to the beneficiary, which were billed to and paid by the
Medicaid, Title XIX, program. Several years later, the subrogee,
the Connecticut Department of Social Services (which administers
the state Medicaid program), made claims for payment to the
Medicare program for these services. The intermediary refused to
process the claim and sent the appellant-provider a notice
entitled "Time Limit Reject" dated March 5, 1996 which states:

> "We did not receive a claim for the above mentioned
> third party liability case within six (6) months of our
> request for Medicare bill(s) and supporting
> documentation. We are therefore not able to make a
> coverage decision for services rendered by the home
> health agency for the requested service period.

> "This case is rejected because the time limit to submit
> a Medicare bill has expired. This rejection is based
> on the Code of Federal Regulations 424.45(c).

> "The beneficiary may not be charged for any related
> services."

It was the last sentence of this notice that prompted the
appellant to try to appeal the "Time Limit Reject." Although
Medicaid rather than the beneficiary was charged for the services
in the period at issue, the Department of Social Services is now
seeking, as the beneficiary's subrogee, to have the appellant
refund the amounts it was paid for those services, because of the
last sentence in the "time limit reject" notice. Health Care
Financing Administration regulation 42 CFR §405.704(c) states:

> "An initial determination with respect to a provider of
> services shall be a determination made on the basis of
> a request for payment filed by a provider under Part A
> of Medicare on behalf of an individual who was
> furnished items or services by the provider, but only
> if the determination involves the following:
>     (1) A finding by the intermediary that such items
> or services are not covered by reason of §411.15(g) or
> §411.15(k); and

HHS 0088



Med-Center Home Health Care

3

(2) A finding by the intermediary that either such individual or such provider of services, or both, knew or could reasonably have been expected to know that such items or services were excluded from coverage by the program."

The intermediary's "time limit reject" notice did not state its reason for finding that the beneficiary could not be charged for the services at issue. However, a determination that the provider cannot charge the beneficiary for the services implies the findings described above. Incidentally, if the Administrative Law Judge were to make a hearing decision that did not state its reasons for deciding an issue against any party, the Medicare Appeals Council would use that fact alone as a reason to remand the case for a new hearing. When an adjudicative body does not state the reasons for determinations, another body charged with reviewing the correctness of the determination has no reasonable basis to decide whether the determination was correct.

Since the determination that the provider could not charge the beneficiary for the services at issue was an initial determination, as defined in Health Care Financing Administration regulation 42 CFR §405.704(c), the provider has a right to request a reconsideration under the provisions of Health Care Financing Administration regulations 42 CFR §§405.710 and 405.712. Although a party to an initial determination is expected to file a request for reconsideration within 60 days after the date of the notice of the initial determination, the notice of initial determination was defective in this case because it did not identify the determination that the provider could not charge the beneficiary for the services at issue as an initial determination and did not inform the appellant of his right to request reconsideration. Health Care Financing Administration regulation 42 CFR §405.702 states, in relevant part:

"... These notices ... shall state in detail the basis for the determination. Such written notices shall also inform the individual and the provider of services of their right to reconsideration of the determination if they are dissatisfied with the determination."

Although the request for hearing (which shall be treated as a request for reconsideration) was not filed within 60 days after the date of the notice of the initial determination, the defects in the notice of the initial determination provide the appellant with good cause for not filing a request for reconsideration within the 60 day time period. As an example of a situation in which good cause for failure to file a timely request for

Med-Center Home Health Care

4

reconsideration exists, Social Security Regulation 20 CFR §404.911(b) includes the following:

"(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit."

In this case, the intermediary provided incomplete information about when and how to request administrative review.

In summary, the appellant's request for hearing is dismissed, pursuant to the preceding discussion. The matter is remanded to the intermediary, which shall treat the request for hearing as a request for reconsideration, with good cause existing for its untimely filing. The intermediary will notify the parties about their rights to a hearing in its notice of the reconsideration determination.

Bruce H. Zwecker
Administrative Law Judge

SEP 0 5 1997

Date

HHS 0090

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2004, a copy of the foregoing Joint Administrative Record together with attached cover letter was served by Federal Express addressed to the following:

David Wynn
Arent Fox
1675 Broadway, 25th Floor
New York, New York  10019-5820

Samuel C. Kaplan